IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) VICKI JO LEWIS, as the CO-PERSONAL REPRESENTATIVE of the ESTATE OF ISAIAH MARK LEWIS, deceased; and (2) VICKI JO LEWIS, as the CO-PERSONAL REPRESENTATIVE of the ESTATE OF ISAIAH MARK LEWIS, deceased,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>(1) CITY OF EDMOND, an Oklahoma Municipal Corporation; (2) POLICE SGT. MILO BOX, individually; and (3) POLICE OFFICER DENTON SHERMAN, individually,<br><br>　　　　　　Defendants. | Case No.: CIV-19-489-R |

**DEFENDANT DENTON SCHERMAN'S ANSWER
TO PLAINTIFFS' AMENDED COMPLAINT**

For his Answer to Plaintiffs' Amended Complaint, Defendant Denton Scherman ("Scherman") states and alleges as follows:

**INTRODUCTION**

1. Plaintiffs' allegations in Paragraph 1 are legal conclusions to which no response is necessary. Scherman denies violation of Plaintiffs' constitutional rights.

2. Scherman admits that on April 29, 2019, Defendant Box and Sherman identified a naked African American male on the 500 block of Gray Fox Run. When Box began to approach this male, the male ran and broke through the window of door of a residence and entered the residence located on the 500 block of Gray Fox Run.

1

Sherman admits that Box followed the male into the home and gave verbal commands to the male in an attempt to secure the male; Scherman admits that Box discharged his Taser on the male when those verbal commands were ignored and during a physical struggle. Scherman admits that he shot the male. Upon information and belief, that individual was Isaiah Mark Lewis ("Mr. Lewis") and Mr. Lewis passed away on April 29, 2019. Scherman lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2 of Plaintiffs' Amended Complaint and therefore denies the same. To the extent the allegations in Paragraph 2 of Plaintiffs' Amended Complaint are inconsistent with the foregoing, they are denied.

3. Scherman admits that this Court has jurisdiction over this lawsuit. To the extent the allegations in Paragraph 3 of Plaintiffs' Amended Complaint are inconsistent with the foregoing, they are denied.

4. Scherman is without sufficient information to admit or deny the allegations in Paragraph 4 of Plaintiffs' Amended Complaint and therefore denies same.

5. Scherman admits that venue is proper in this Court and that the events at issue took place in the Western District of Oklahoma. Scherman is without sufficient information to admit or deny the remaining allegations in Paragraph 5 of Plaintiffs' Amended Complaint and therefore denies same.

## **PARTIES**

6. Scherman lacks sufficient knowledge and information to admit or deny the allegations contained within Paragraph 6 of Plaintiffs' Amended Complaint and therefore denies the same.

7. Scherman lacks sufficient knowledge and information to admit or deny the allegations contained within Paragraph 7 of Plaintiffs' Amended Complaint and therefore denies the same.

8. Scherman admits allegations in Paragraph 8 of Plaintiffs' Amended Complaint.

9. Scherman admits the allegations in Paragraph 9 of Plaintiffs' Amended Complaint.

10. Scherman admits the allegations in Paragraph 5 of Plaintiffs' Amended Complaint.

## **FACTS**

11. Scherman lacks sufficient knowledge and information to admit or deny the allegations contained within Paragraph 11 of Plaintiffs' Amended Complaint and therefore denies the same.

12. Scherman lacks sufficient knowledge and information to admit or deny the allegations contained within Paragraph 12 of Plaintiffs' Amended Complaint and therefore denies the same.

13. Scherman denies that he heard any 911 calls but admits that he responded to the developing situation.

14. Scherman admits that he and Defendant Box identified a naked male individual who was believed to be the person referred to in one or more 911 calls. To the extent the

allegations in Paragraph 14 of Plaintiffs' Amended Complaint are inconsistent with the foregoing, they are denied.

15. Defendant Box and Sherman identified a naked African American male on the 500 block of Gray Fox Run. When Box began to approach this male, the male ran and broke through the window of door of a residence and entered the residence located on the 500 block of Gray Fox Run. Scherman admits that Box followed the male into the home and gave verbal commands to the male in order to secure him. To the extent the allegations in Paragraph 15 of Plaintiffs' Amended Complaint are inconsistent with the foregoing, they are denied.

16. *See* Answer to Paragraph 15. In addition, Scherman admits that Box discharged his Taser. To the extent the allegations in Paragraph 16 of Plaintiffs' Amended Complaint are inconsistent with the foregoing, they are denied.

17. Scherman admits that after Box attempted to secure Mr. Lewis through verbal commands, Box discharged his Taser on Mr. Lewis, but that it had no effect on Mr. Lewis. At all relevant times, Box's and Scherman's actions were justified. Scherman admits that he shot Mr. Lewis. To the extent the allegations in Paragraph 17 of Plaintiffs' Amended Complaint are inconsistent with the foregoing, they are denied.

18. Scherman denies the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19. Scherman admits that he shot Mr. Lewis. Scherman denies the allegations as stated in Paragraph 19 of Plaintiffs' Amended Complaint.

20. Scherman lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of Plaintiffs' Amended Complaint and therefore denies the same.

### Count 1
### 42 U.S.C. § 1983 Claim for Excessive Force
### (Estate of Isaiah Mark Lewis Claim)

21. Scherman incorporates by reference the answers and objections to the preceding Paragraphs as if fully set out herein.

22. Plaintiffs' allegations in Paragraph 22 are legal conclusions to which no response is necessary.

23. Scherman denies the allegations in Paragraph 23 of Plaintiffs' Amended Complaint.

24. Scherman admits the allegations in Paragraph 24 of Plaintiffs' Amended Complaint

25. Scherman denies the allegations in paragraph 25 of the Complaint, and to the extent the allegations in Paragraph 25 are legal conclusions, no response is necessary.

26. Scherman denies the allegations in Paragraph 26 of Plaintiffs' Amended Complaint.

27. Scherman denies the allegations in Paragraph 27 of Plaintiffs' Amended Complaint.

28. Scherman denies the allegations in Paragraph 28 of Plaintiffs' Amended Complaint.

29. Scherman denies the allegations in Paragraph 29 of Plaintiffs' Amended Complaint.

### Count 2
### 42 U.S.C. § 1983 Monell Claim
### (Estate of Isaiah Mark Lewis Claim)

30. Scherman incorporates by reference the answers and objections to the preceding Paragraphs as if fully set out herein.

31. Sherman admits that at all relevant times he and Box were acting in the course and scope of employment with the City of Edmond Police Department and had authority to do so.

32. Scherman admits he acted consistent with his training and City of Edmond policies. Scherman denies the remaining allegations in Paragraph 32 of Plaintiffs' Amended Complaint.

33. Scherman admits the allegations in Paragraph 33 of Plaintiffs' Amended Complaint.

**Edmond Police Department Crisis Intervention Policies**

34. Upon information and belief, Scherman admits allegations contained within Paragraph 34 of Plaintiffs' Amended Complaint.

35. Scherman denies the allegations contained within Paragraph 35 of Plaintiffs' Amended Complaint and is without sufficient information to admit or deny what Plaintiffs believe, and therefore denies the same.

36. Scherman admits the City of Edmond has a "Crisis Intervention Team. Scherman lacks sufficient knowledge and information to admit or deny the remaining allegations contained within Paragraph 36 of Plaintiffs' Amended Complaint and therefore denies the same.

37. Scherman admits that City has a department and/or division referred to as Communications or Central Communications. Scherman denies the remaining allegations in Paragraph 37 of Plaintiffs' Amended Complaint.

38. Scherman denies the allegations in Paragraph 38 of Plaintiffs' Amended Complaint.

39. Scherman denies the allegations in Paragraph 39 of Plaintiffs' Amended Complaint.

40. Scherman denies the allegations in Paragraph 40 of Plaintiffs' Amended Complaint.

**Edmond Police Department Use of Force Policy**

41. Scherman admits that the City of Edmond Policy Department has policies related to the use of force. To the extent the allegations in Paragraph 41 of Plaintiffs' Amended Complaint are inconsistent with the foregoing, they are denied.

42. Scherman is without sufficient knowledge and information to admit or deny whether there were "numerous" incidents of deadly force over the last "several years." Scherman denies the remaining allegations within Paragraph 42 of Plaintiffs' Amended Complaint.

43. Plaintiffs' allegations in Paragraph 43 of Plaintiffs' Amended Complaint are legal conclusions to which no response is necessary. Subject thereto, Scherman denies the City's use of force policy is unconstitutional, confusing or ambiguous.

44. The City of Edmond's use of force policies speak for themselves. Plaintiffs' allegations in Paragraph 44 are legal conclusions to which no response is necessary.

45. The City of Edmond's use of force policies speak for themselves. Scherman denies that the City of Edmond's policies are unconstitutional. Plaintiffs' allegations in Paragraph 45 are legal conclusions to which no response is necessary.

46. The City of Edmond's use of force policies speak for themselves. Scherman denies that the City of Edmond's policies are unconstitutional. Plaintiffs' allegations in Paragraph 46 are legal conclusions to which no response is necessary.

47. The City of Edmond's use of force policies speak for themselves. Scherman denies that the City of Edmond's policies are unconstitutional. Plaintiffs' allegations in Paragraph 47 are legal conclusions to which no response is necessary.

48. Plaintiffs' allegations in Paragraph 48 and subparts (a) through (e) of Plaintiffs' Amended Compleint are denied

49. Scherman denies the allegations in Paragraph 49 of Plaintiffs' Amended Complaint.

50. Scherman denies the allegations in Paragraph 50 of Plaintiffs' Amended Complaint.

51. Scherman denies the allegations in Paragraph 51 of Plaintiffs' Amended Complaint.

52. Plaintiffs' allegations in Paragraph 52 and subparts (a) through (f) [sic] are denied.

### Count 3
### Fourteenth Amendment Equal Protection Violation
### 42 U.S.C. § 1983
### (Estate of Isaiah Mark Lewis Claim)

53. Scherman incorporates by reference the answers and objections to the preceding Paragraphs as if fully set out herein.

54. Plaintiffs' allegations in Paragraph 54 are legal conclusions to which no response is necessary. Subject thereto, Scherman denies that Mr. Lewis's rights were violated.

55. Scherman admits that Mr. Lewis was naked, that Box discharged his Taser on Mr. Lewis, and that Mr. Lewis was shot. The remaining allegations in Paragraph 55 of Plaintiffs' Amended Complaint and denied.

### Count 4
### Negligence vs. City of Edmond

56. Scherman incorporates by reference the answers and objections to the preceding Paragraphs as if fully set out herein.

57. Scherman lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 57 of Plaintiffs' Amended Complaint and therefore denies the same.

58. Sherman admits that at all relevant times he and Box were acting in the course and scope of employment with the City of Edmond Police Department and had authority to do so. Sherman denies the remaining allegations in Paragraph 58 of Plaintiffs' Amended Complaint.

59. Sherman denies that force used was excessive. The remaining allegations in Paragraph 59 of Plaintiffs' Amended Complaint contain legal conclusions to which no response is necessary and Scherman therefore denies the same.

## PRAYER FOR RELIEF

Scherman denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses and without the benefit of any discovery, Scherman asserts the following affirmative defenses:

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

2. Scherman is not liable to Plaintiffs under any theory of recovery in law or in equity.

3. Scherman was at all times acting within the authority granted to him by the City of Edmond, the State of Oklahoma and within the scope of his employment with the City of Edmond.

4. Scherman is entitled to qualified immunity and Plaintiffs' claim is therefore barred.

5. Scherman is immune from liability pursuant to the Oklahoma Governmental Tort Claims Act.

6. Plaintiffs' claims, allegations, and potential recoveries are barred and/or will be barred by judicial estoppel, collateral estoppel and/or res judicata.

7. Plaintiffs' damages, if any, and the death of Mr. Lewis were the sole result of Isaiah Mark Lewis's own conduct, malfeasance and/or negligence. In addition, under no circumstances can the City of Edmond, Milo Box and/or Scherman be held liable for more than the percentage of fault that may be attributed by a jury to their respective conduct.

8. Mr. Lewis's death was the result of the acts and omissions of Mr. Lewis and not any acts, omissions or fault of Scherman.

9. Scherman acted in self-defense.

10. Mr. Lewis assumed the risks of his injuries sustained and resulting death and therefore the claims herein are barred.

11. Scherman acted pursuant to and consistent with the policies and procedures of the City of Edmond.

12. Plaintiffs' claims for punitive damages are in contravention of Scherman's due process rights and subject to any and all state and federal standards or limitations regarding the enforceability of punitive damage awards.

13. Plaintiffs' claims for punitive damages may be capped by applicable law.

14. Defendant reserves the right to amend or supplement his Answer and these affirmative defenses as discovery continues.

**Defendant Denton Scherman demands a trial by jury.**

WHEREFORE, having fully answered, Defendant Denton Scherman respectfully requests Plaintiffs take nothing by way of their Complaint and that the same be dismissed along with an award of costs and reasonable attorney's fees. Accordingly, Scherman also respectfully requests such other relief this Court deems equitable and proper under the circumstances.

Respectfully submitted,

*s/Kathryn D. Terry*
Kathryn D. Terry, OBA # 17151
Cody J. Cooper, OBA # 31025
Phillips Murrah, PC
101 North Robinson
Corporate Tower, 13th Floor
Oklahoma City, OK 73102
(405)235-4100 Telephone
(405)235-4133 Facsimile
kdterry@phillipsmurrah.com
cjcooper@phillipsmurrah.com
***Attorneys for Defendants Milo Box and Denton Scherman***

**CERTIFICATE OF SERVICE**

  On the 1st day of September, 2020, a copy of the foregoing Answer was served via the Court Clerk's ECF filing system and mailed via regular U.S. Mail, postage prepaid, to the following:

David J. Batton, OBA No. 11750
Law Office of David J. Batton
P.O. Box 1285
(303 W. Gray, Suite 304)
Norman, OK 73070
Tel: (405) 310-3432
Fax: (405) 310-2646
battonlaw@coxinet.com

and via regular mail to:

Andrew M. Stroth (Pro Hac Vice Pending)
Carlton Odom (Pro Hac Vice Pending)
Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL 60606
Tel: (312) 771-2444
Fax: (312) 641-6866
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com

*Attorneys for Plaintiff*

                *s/Kathryn D. Terry*_____