IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VICKI JO LEWIS, individually and as co-Personal Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased; and TROY LEVET LEWIS, individually and as co-Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**CITY OF EDMOND, an Oklahoma Municipal Corporation; POLICE SGT. MILO BOX and POLICE OFFICER DENTON SCHERMAN, individually,**<br><br>　　　　　　　　　　**Defendants.** | Case No. CIV-19-489-R |

## ORDER

Before the Court is Defendant City of Edmond's Motion to Dismiss "Count 4" of Plaintiffs' Amended Complaint and Brief in Support, Doc. No. 28. Plaintiffs responded in opposition, Doc. No. 34, and Edmond then replied, Doc. No. 35.

Plaintiffs allege that, on April 29, 2019, officers of the Edmond Police Department chased Isaiah Lewis down through the "front door of a house in the 500 block of Gray Fox Run in Edmond, […] cornered him, tasered him, then shot him to death." Doc. No. 27, ¶ 2. Plaintiffs filed suit on May 28, 2019 in this Court against the City of Edmond ("Edmond"), Officer Milo Box, and Officer Denton Scherman alleging three counts under 42 U.S.C. § 1983: excessive use of force, a *Monell* violation, and an equal protection violation. Doc. No. 1, pp. 5, 6, 11.

Additionally, Plaintiffs "presented [a negligence] claim to Edmond on or about October 1, 2019." Doc. No. 28, pp. 2–3. Plaintiffs' claim "was deemed denied … December 30, 2019," *id.* p. 3, and on August 19, 2020, Plaintiffs amended their Complaint to include the additional negligence claim against Edmond. Doc. No. 27, ¶¶ 56–59.

Edmond then filed this motion to dismiss the negligence claim on August 26, 2020, arguing that the Court lacks subject-matter jurisdiction and that the Plaintiffs failed to state a claim upon which relief can be granted. Doc. No. 28, p. 1. Upon review, the Court finds as follows.

In considering Defendant's Motion to Dismiss under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint must contain enough "facts to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted).

The Court must accept all the well-pleaded allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cty. Bd. of Cty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory

allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To the extent that the Defendant's motion implicates Rule 12(b)(1), because the Defendant does not assert a factual attack against the complaint, the Court applies "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." *Muscogee v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

Edmond argues that the negligence claim in Plaintiff's Amended Complaint is subject to dismissal because Plaintiffs "did not timely file their state law tort claim" under the Oklahoma Governmental Tort Claims Act ("OGTCA"). Doc. No. 28, p. 7. The OGTCA provides that a plaintiff must assert a claim with the "state or a political subdivision" prior to filing suit. Okla. Stat. tit. 51 § 157(a). If the municipality fails to respond within ninety (90) days, the claim is deemed denied, and the plaintiff has one hundred eighty (180) days to file suit. *Id.* § 157(a)–(b). Plaintiffs' claim was filed more than 180 days after its claim was deemed denied, and thus, Edmond argues, the Court lacks jurisdiction over the claim.

Plaintiffs respond that an Emergency Order entered by the Oklahoma Supreme Court temporarily extended, or tolled, the OGTCA time restrictions, or that alternatively, Count Four "related back" to the original Complaint. Doc. No. 34, pp. 3–4, 6.

"States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today…" *Alden v. Maine*, 527 U.S. 706, 713 (1999). Traditionally, "a State could not be sued in the absence of" its consent. *Id.* at 724. The Oklahoma Supreme Court has "long recognized

that the Legislature has the final say in defining the scope of the State's sovereign immunity from suit." *Barrios v. Haskell Cty. Pub. Facilities Auth.*, 432 P.3d 233, 236–37 (Okla. 2018). The Legislature consented to suit when it "formally adopted the doctrine of sovereign immunity with the passage of the OGTCA." *Crouch v. Daley*, 581 F. App'x 701, 705 (10th Cir. 2014) (citing *Anderson v. Eichner,* 890 P.2d 1329, 1336 (Okla. 1994) (recounting that the Oklahoma Supreme Court abrogated the common-law doctrine of sovereign immunity and "[t]he [L]egislature responded to [the court's] invitation to codify Oklahoma's sovereign immunity policies by enacting the 1984 Governmental Tort Claims Act")).

The OGTCA provides the exclusive remedy to recover against a governmental entity in tort, *Farley v. City of Claremore*, 465 P.3d 1213, 1239 (Okla. 2020), and the State "waive[s] its immunity 'only to the extent and in the manner provided in [the] act.'" *Jackson v. Oklahoma City Public Schools*, 333 P.3d 975, 978 (Okla. Civ. App. 2014) (quoting Okla. Stat. tit. 51 § 152.1). Thus, the time periods set forth in §§ 156 and 157 define the specific time period within which the State waived its immunity.

While §§ 156 and 157 outline the "extent and … manner" in which a governmental entity is amenable to suit instead of the civil statutes of limitations, *Jackson*, 333 P.3d at 978, Oklahoma courts interpret §§ 156 and 157 and the statutes of limitations similarly. As explained above, the time restriction in § 157 prohibits "any cause arising under this act … unless valid notice has been given and the action is commenced within one hundred eighty (180) days after the denial of the claim …." Okla. Stat. tit. 51 § 157(b). The Oklahoma Supreme Court explained that the time restrictions were intended to "mirror" statutes of

limitations in private torts because the "two-year time period prescribed in §§ 156 and 157 impos[es] the same time limitation upon the commencement of public torts as is imposed upon the commencement of private torts." *Cruse v. Bd. of Cty. Comm'rs of Atoka Cty.*, 910 P.2d 998, 1004 (Okla. 1995). This restriction, Edmond argues, is "not 'mere' statutes of limitation or issues of procedure as found in 12 O.S. § 95," but it "constitute[s] conditions precedent to bringing suit."[1] Doc. No. 35, p. 4. However, the Oklahoma Court of Civil Appeals repeatedly defines the time restriction in § 157 as a "statute of limitations" or "limitations period," and permits "tolling" of the period. *See, e.g.*, *Tice v. Pennington*, 30 P.3d 1164, 1168 (Okla. Civ. App. 2001) ("toll[ing]" the OGTCA time restrictions due to the discovery rule); *Bentley v. Kirk*, 348 P.3d 1112, 1117 (Okla. Civ. App. 2015) ("tolling" the "statute of limitations" pursuant to the discovery rule); *I. T. K. v. Mounds Pub. Sch.*, 451 P.3d 125, 145-46 (Okla. Civ. App. 2019) ("[P]laintiff was required to plead and prove a tolling or an estoppel …"). In addition, courts routinely apply statutes of limitations and tolling principles to actions brought under the OGTCA. *See, e.g.*, *Davis v. Indep. Sch. Dist. No. 89 of Okla. Cty.*, 136 P.3d 1059, 1062 (Okla. Civ. App. 2006) (holding that requests for additional information from a claimant may toll the OGTCA time period restrictions); *Vaughan v. City of Broken Arrow*, 981 P.2d 316, 321 (Okla. 1999) (tolled by written correspondence); *Cunningham v. City of Waukomis Police Dep't*, 747 F. App'x 704, 707

---

[1] "Because [Oklahoma] has not directly addressed this issue, this court must make an Erie-guess as to how the [Oklahoma] Supreme Court would rule. *See United Parcel Serv. v. Weben Indus.,* 794 F.2d 1005, 1008 (5th Cir.1986) ("when making an Erie-guess in the absence of explicit guidance from the state courts, we must attempt to predict state law, not to create or modify it."). We are "free to consider all resources available, including decisions of [Oklahoma] Courts ... [and] the general ... trend of authority." *Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1228 (10th Cir.2001)." *See Pehle v. Farm Bureau Life Ins. Co.*, 397 F.3d 897, 901–02 (10th Cir. 2005).

(10th Cir. 2018) (explaining that the Plaintiff did not show he suffered "exceptional circumstances" that justified tolling.). Thus, at a minimum, Oklahoma courts have, and presumably can, toll the OGTCA's time restrictions.

On April 29, 2020, the Oklahoma Supreme Court issued a *Third Emergency Joint Order Regarding the COVID-19 State of Disaster* ("Emergency Order"), explaining that "the period from March 16, 2020 to May 15, 2020, during which all rules and procedures, and deadlines, whether prescribed by statute, rule or order in any civil, juvenile, or criminal case were suspended, will be treated as a tolling period." *Third Emergency Joint Order Regarding Covid-19 State of Disaster*, 462 P.3d 703 ¶ 5 (Okla. 2020) (hereinafter "Emergency Order").

Plaintiffs argue that the Emergency Order tolled the 180-day time restriction for filing suit. Doc. No. 34, pp. 3–4. Edmond argues that the time restrictions are not subject to tolling because the State's waiver of sovereign immunity confers jurisdiction on the court, and without a filing within the 180-day period, the Court lacks the authority to toll § 157. Doc. No. 35, pp. 3–4. However, as set forth above, courts in Oklahoma have applied tolling principles to it on numerous occasions, indicating that the time restriction is subject to tolling and that the Oklahoma Supreme Court intended to toll § 157(b)'s 180-day period for filing suit when it issued the Emergency Order.

Plaintiffs presented a claim to the City of Edmond on October 1, 2019, and Edmond did not respond within 90 days; thus, the claim was deemed denied on December 30, 2019. Doc. No. 27, ¶ 59. Therefore, Plaintiffs' original § 157 deadline for filing suit was June 29,

2020.[2] The Supreme Court's order extended the filing deadline to August 28, 2020. Plaintiffs filed this claim on August 19, 2020, nine days before their claim became time-barred.[3] Therefore, Plaintiffs' negligence claim is timely.

Further, the Emergency Order did not solely toll "statutes of limitations," but rather it explained that "all … deadlines, whether prescribed by statute, rule or order …", were tolled. *Third Emergency Order*, 462 P.3d at ¶ 5. Thus, even if the time restriction is not considered a statute of limitations, the Oklahoma Supreme Court clearly intended to suspend deadlines beyond the statutes of limitations outlined in "12 O.S. § 95," Doc. No. 35, p. 4, and therefore, the time restrictions in the OGTCA were also tolled for sixty days between March 16, 2020 and May 15, 2020.

For the reasons set forth above, Defendant's motion to dismiss is denied.

**IT IS SO ORDERED** on this 26th day of October 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] 180 days after December 30th is June 27th, but because the deadline fell on a weekend, the date was extended two additional days to June 29, 2020. Doc. No. 28, p. 7.

[3] The Court need not consider Plaintiffs' relation back argument considering its disposition as to the Emergency Order tolling Plaintiff's OGTCA claim.