**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) VICKI JO LEWIS, Individually and as <br> Co-Personal Representative of the ESTATE OF <br> ISAIAH MARK LEWIS, deceased; and <br> (2) TROY LEVET LEWIS, Individually and as <br> Co-Personal Representative of the ESTATE OF <br> ISAIAH MARK LEWIS, deceased, <br><br>       Plaintiffs, <br><br> v. <br><br> (1) CITY OF EDMOND, an Oklahoma Municipal <br> Corporation; <br> (2) POLICE SGT. MILO BOX, Individually; and <br> (3) POLICE OFFICER DENTON SCHERMAN, <br> Individually, <br><br>       Defendants. | Case No. CIV-19-489-R |

## AMENDED ANSWER OF CITY OF EDMOND TO PLAINTIFFS' AMENDED COMPLAINT

For its Amended Answer to Plaintiffs' Amended Complaint [Doc. No. 27][1],

Defendant City of Edmond (hereinafter "Edmond") states as follows:

1.     Regarding Paragraph 1 of Plaintiffs' Amended Complaint, Edmond admits that

Plaintiffs are asserting a 42 U.S.C. § 1983 action against Defendants for alleged violations

of Isaiah Mark Lewis' constitutional rights. However, Edmond denies that it violated any

---

[1] On August 26, 2020, Edmond timely filed its Motion to Dismiss "Count 4" of Plaintiffs' Amended Complaint [Doc. No. 28] and also timely filed its Answer to Plaintiffs' Amended Complaint [Doc. No. 29]. Thereafter, on October 26, 2020, this Court entered an Order denying the aforementioned motion to dismiss. *See* Doc. No. 36. Accordingly, this Amended Answer to Plaintiffs' Amended Complaint is properly filed under Fed. R. Civ. P. 12(a)(4).

constitutional rights and denies it is liable to Plaintiffs (in any capacity) for the death of Isaiah Mark Lewis.

2.      Regarding Paragraph 2 of Plaintiffs' Amended Complaint, Edmond admits the following upon information, reason and belief: (a) The events leading to this lawsuit occurred on April 29, 2019; (b) Isaiah Mark Lewis was seventeen (17) years old; (c) Isaiah Mark Lewis is African-American; (d) Isaiah Mark Lewis stripped off his clothes in public and engaged in a foot pursuit with members of the Edmond Police Department; (e) The foot pursuit ended at a residence located at 520 Gray Fox Run; (f) Inside the residence at 520 Gray Fox Run, Isaiah Mark Lewis was tasered by one (1) Edmond police officer and shot by another Edmond police officer; and (g) Isaiah Mark Lewis died on April 29, 2019. The remainder of the express and/or implied allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint are denied.

3.      The allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint concern only conclusions of law as to which no answer/response is required of Edmond, though Edmond does not dispute that this Court has subject-matter jurisdiction over the federal law claims.

4.      Edmond is without sufficient knowledge or information to admit or deny the allegation contained in Paragraph 4 of Plaintiffs' Amended Complaint.

5.      The allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint concern only conclusions of law as to which no answer/response is required of Edmond,

though Edmond does not dispute that venue is proper in this United States District Court.

6.     Regarding Paragraph 6 of Plaintiffs' Amended Complaint, Edmond admits the following upon information, reason and belief: (a) Plaintiff Vicki Jo Lewis was a resident of Edmond, Oklahoma County, Oklahoma on or about April 29, 2019 and is the mother of Isaiah Mark Lewis, deceased; (b) Isaiah Mark Lewis, a minor, was seventeen (17) years of age on April 29, 2019; (c) Plaintiff Vicki Jo Lewis was appointed as a Co-Personal Representative of the Estate of Isaiah Mark Lewis by an order filed in the District Court of Oklahoma County, Case No. PB-2019-549.  The remainder of the express and/or implied allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint are denied.

7.     Regarding Paragraph 7 of Plaintiffs' Amended Complaint, Edmond admits the following upon information, reason and belief: (a) Plaintiff Troy Levet Lewis is a resident of Oklahoma County, Oklahoma and is the father of Isaiah Mark Lewis, deceased; (b) Isaiah Mark Lewis, a minor, was seventeen (17) years of age on April 29, 2019; (c) Plaintiff Troy Levet Lewis was appointed as a Co-Personal Representative of the Estate of Isaiah Mark Lewis by an order filed in the District Court of Oklahoma County, Case No. PB-2019-549. The remainder of the express and/or implied allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint are denied.

8.     Regarding Paragraph 8 of Plaintiffs' Amended Complaint, Edmond admits that it is a municipal corporation organized under the laws of the State of Oklahoma. The remainder of the allegations contained in Paragraph 8 concern only conclusions of law as to

which no answer/response is required of Edmond. However, to the extent any wrongdoing on the part of Edmond is implied in the remaining allegations in Paragraph 8, said wrongdoing is specifically denied by Edmond.

9.      Upon information, reason and belief, Edmond admits the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint.

10.      Upon information, reason and belief, Edmond admits the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint.

11.      Regarding Paragraph 11 of Plaintiffs' Amended Complaint, Edmond admits that around 1:00 p.m. on April 29, 2019, Isaiah Mark Lewis stripped off his clothes and began running around the neighborhood(s). However, Edmond denies all other allegations contained in Paragraph 11.

12.      Upon information, reason and belief, Edmond admits the allegation contained in Paragraph 12 of Plaintiffs' Amended Complaint.

13.      Edmond is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint, and therefore the same are denied.

14.      Regarding Paragraph 14 of Plaintiffs' Amended Complaint, Edmond admits Sergeant Milo Box and Officer Denton Scherman made visual contact with Isaiah Mark Lewis after responding to the area due to radio traffic. However, Edmond is without sufficient knowledge or information to admit or deny the  remaining allegations contained

in Paragraph 14 of Plaintiffs' Amended Complaint, and therefore the same are denied.

15.     Regarding Paragraph 15 of Plaintiffs' Amended Complaint, Edmond admits that Sergeant Milo Box chased Isaiah Mark Lewis and issued verbal commands to Isaiah Mark Lewis after making visual contact. However, Edmond is without sufficient knowledge or information to admit or deny the  remaining allegations contained in Paragraph 15 of Plaintiffs' Amended Complaint, and therefore the same are denied.

16.     Regarding Paragraph 16 of Plaintiffs' Amended Complaint, Edmond admits Sergeant Milo Box and Officer Denton Scherman entered a residence located at 520 Gray Fox Run after Isaiah Mark Lewis broke into said residence. Edmond also admits that Sergeant Milo Box and Officer Denton Scherman issued verbal commands to Isaiah Mark Lewis. In addition, Edmond admits that Sergeant Milo Box legally, properly and justifiably tasered Isaiah Mark Lewis while inside the aforementioned residence. That being said, Edmond is without sufficient knowledge or information to admit or deny the  remaining allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint, and therefore the same are denied.

17.     Regarding Paragraph 17 of Plaintiffs' Amended Complaint, Edmond admits that Isaiah Mark Lewis was justifiably shot by a service weapon after being ineffectively tasered. Edmond also admits that Isaiah Mark Lewis was naked and unarmed when he was shot and that verbal commands were given to Isaiah Mark Lewis prior to the shooting. That being said, Edmond is without sufficient knowledge or information to admit or deny the

remaining allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint, and therefore the same are denied.

18.    Edmond is without sufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint, and therefore the same are denied.

19.    Regarding Paragraph 19 of Plaintiffs' Amended Complaint, Edmond admits that Isaiah Mark Lewis, after being shot, was placed on the front porch area of subject residence for purposes of rendering medical aid. Edmond also admits that various Edmond police officers entered the residence and were present on the front porch in order to render medical aid to Isaiah Mark Lewis. That being said, the remainder of the implied and/or express allegations contained in Paragraph 19 are denied.

20.    Edmond denies the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint (including all sub-parts), as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation.

21.    Regarding Paragraph 21 of Plaintiffs' Amended Complaint, Edmond repeats and reasserts the denials and admissions contained in the preceding paragraphs as if they were fully set out in this paragraph.

22.    The allegations contained in Paragraph 22 of Plaintiffs' Amended Complaint concern only conclusions of law as to which no answer/response is required of Edmond, though Edmond does not dispute that 42 U.S.C. § 1983 can be used as a vehicle to redress

violations of rights protected by the U.S. Constitution.

23.     Edmond is without sufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint and therefore denies the same.

24.     Upon information, reason and belief, Edmond admits the allegation contained in Paragraph 24 of Plaintiffs' Amended Complaint.

25.     Regarding Paragraph 25 of Plaintiffs' Amended Complaint, Edmond admits that the 4th Amendment protects citizens from the use of excessive force by law enforcement officials. Edmond also admits that Isaiah Mark Lewis was ineffectively tasered and subsequently shot, resulting in his death. Edmond denies the remaining allegations contained in Paragraph 25, as the allegations assume disputed facts and assume the ultimate allegation. In addition, Edmond is without sufficient information to admit or deny the remaining allegations contained in Paragraph 25, and therefore denies the same.

26.     Regarding Paragraph 26 of Plaintiffs' Amended Complaint, Edmond admits that Isaiah Mark Lewis was shot and succumbed to his injuries. Edmond denies the remaining allegations contained in Paragraph 26, as the allegations assume disputed facts and assume the ultimate allegation.

27.     Edmond denies the allegations contained in Paragraph 27 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation.

28.     Edmond denies the allegations contained in Paragraph 28 of Plaintiffs'

Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation.

29.     The allegation contained in Paragraph 29 of Plaintiffs' Amended Complaint concerns only a conclusion of law as to which no answer/response is required of Edmond, though Edmond asserts that Defendants Scherman and Box are entitled to qualified immunity.

30.     Regarding Paragraph 30 of Plaintiffs' Amended Complaint, Edmond repeats and reasserts the denials and admissions contained in the preceding paragraphs as if they were fully set out in this paragraph.

31.     Regarding Paragraph 31 of Plaintiffs' Amended Complaint, Edmond admits that Sergeant Milo Box and Officer Denton Scherman were subject to and acted in accordance with the policies, practices and/or customs of the Edmond Police Department on the date in question. However, any other express and/or implied allegations contained in Paragraph 31 of Plaintiffs' Amended Complaint are denied.

32.     Regarding Paragraph 32 of Plaintiffs' Amended Complaint, Edmond admits that Sergeant Milo Box and Officer Denton Scherman were subject to and acted in accordance with the policies, practices and/or customs of the Edmond Police Department on the date in question. That being said, to the extent any wrongdoing on behalf of Defendants is implied in the remaining allegations contained in Paragraph 32, those allegations are denied. In addition, the remaining allegations concern only conclusions of law as to which

no answer/response is required of Edmond.

33.     Upon information, reason and belief, the allegation contained in Paragraph 33 of Plaintiffs' Amended Complaint is admitted.

34.     Upon information, reason and belief, the allegation contained in Paragraph 34 of Plaintiffs' Amended Complaint is admitted.

35.     Edmond denies the allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation. In addition, the allegations in Paragraph 35 concern only conclusions of law as to which no answer/response is required of Edmond.

36.     Regarding Paragraph 36 of Plaintiffs' Amended Complaint, Edmond admits that the Edmond Police Department has established a "Crisis Intervention Team." That being said, the remaining allegations in Paragraph 36 are denied, as the allegations assume disputed facts and assume the ultimate allegation. In addition, some of the remaining allegations concern only conclusions of law as to which no answer/response is required of Edmond.

37.     Edmond denies the allegations contained in Paragraph 37 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation. That being said, Edmond admits that it has a Public Safety Communications Department, but Edmond denies any wrongdoing by said department.

38.     Edmond denies the allegations contained in Paragraph 38 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and

assume the ultimate allegation.

39.     Edmond denies the allegations contained in Paragraph 39 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation.

40.     Edmond denies the allegations contained in Paragraph 40 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation.

41.     Upon information, reason and belief, Edmond admits the allegation contained in Paragraph 41 of Plaintiffs' Amended Complaint in that the Edmond Police Department has implemented a "Response to Resistance" Policy.

42.     Edmond denies the allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation. In addition, the allegations in Paragraph 42 concern only conclusions of law as to which no answer/response is required of Edmond.

43.     Edmond denies the allegations contained in Paragraph 43 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation. In addition, the allegations in Paragraph 43 concern only conclusions of law as to which no answer/response is required of Edmond.

44.     Paragraph 44 of Plaintiffs' Amended Complaint merely contains an incorrect and incomplete recitation of the Edmond Police Department's "Response to Resistance"

Policy regarding deadly force, to which no response/answer is required of Edmond. However, Edmond denies that the Edmond Police Department's "Response to Resistance" Policy relative to deadly force is unconstitutional.

45.     Edmond denies the allegations contained in Paragraph 45 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation. In addition, the allegations in Paragraph 45 concern only conclusions of law as to which no answer/response is required of Edmond.

46.     Edmond denies the allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation. In addition, the allegations in Paragraph 46 concern only conclusions of law as to which no answer/response is required of Edmond.

47.     Edmond denies the allegation contained in Paragraph 47 of Plaintiffs' Amended Complaint, as this paragraph contains an allegation that assumes disputed facts and assumes the ultimate allegation. In addition, the allegation in Paragraph 47 concerns only a conclusion of law as to which no answer/response is required of Edmond. That being said, Edmond denies that the Edmond Police Department's "Response to Resistance" Policy is unconstitutional.

48.     Edmond denies the allegations contained in Paragraph 48 of Plaintiffs' Amended Complaint (including all sub-parts), as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation.

49.     Edmond denies the allegations contained in Paragraph 49 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation.

50.     Edmond denies the allegations contained in Paragraph 50 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation. In addition, the allegations in Paragraph 50 concern only conclusions of law as to which no answer/response is required of Edmond.

51.     Edmond denies the allegations contained in Paragraph 51 of Plaintiffs' Amended Complaint, as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation. In addition, the allegations in Paragraph 51 concern only conclusions of law as to which no answer/response is required of Edmond.

52.     Edmond denies the allegations contained in Paragraph 52 of Plaintiffs' Amended Complaint (including all sub-parts), as this paragraph contains allegations that assume disputed facts and assume the ultimate allegation.

53.     Regarding Paragraph 53 of Plaintiffs' Amended Complaint, Edmond repeats and reasserts the denials and admissions contained in the preceding paragraphs as if they were fully set out in this paragraph.

54.     Regarding Paragraph 54 of Plaintiffs' Amended Complaint, Edmond admits that Isaiah Mark Lewis is African-American, was seventeen (17) years old at the time of his death and had a right to equal protection under the law. That being said, Edmond denies the

remaining allegations contained in Paragraph 54 of Plaintiffs' Amended Complaint, as the allegations assume disputed facts and assume the ultimate allegation. In addition, the allegations in Paragraph 54 concern only conclusions of law as to which no answer/response is required of Edmond.

55.     Regarding Paragraph 55 of Plaintiffs' Amended Complaint, Edmond admits that Isaiah Mark Lewis was tasered, subsequently shot and pronounced dead on April 29, 2019. Edmond also admits Isaiah Mark Lewis was naked and found to be unarmed.  In addition, Edmond admits that Edmond police officers provided medical aid to Isaiah Mark Lewis both before and after Isaiah Mark Lewis was placed on the front porch of subject residence, such placement on the porch being necessitated by spatial constraints. That being said, Edmond denies the remaining allegations contained in Paragraph 55 of Plaintiffs' Amended Complaint, as the allegations assume disputed facts and assume the ultimate allegation. Moreover, Edmond denies that Defendants are not entitled to qualified immunity.

56.     Regarding Paragraph 56 of Plaintiffs' Amended Complaint, Edmond repeats and reasserts the denials and admissions contained in the preceding paragraphs as if they were fully set out in this paragraph.

57.     Regarding Paragraph 57 of Plaintiffs' Amended Complaint, Edmond admits that Edmond's City Clerk received a Notice of Tort Claim from Plaintiffs' counsel on October 25, 2019. Edmond also admits that Plaintiffs' claim was deemed denied by operation of law on January 23, 2020. That being said, the remaining allegation contained in Paragraph

57 concerns only a conclusion of law as to which no answer/response is required of Edmond.

58.     Regarding Paragraph 58 of Plaintiffs' Amended Complaint, Edmond admits that Defendant Milo Box and Defendant Denton Scherman acted within the course and scope of their employment with Edmond and under color of law at all relevant times. However, Edmond denies the remaining allegations contained in Paragraph 58 of Plaintiffs' Amended Complaint, as the allegations assume disputed facts and assume the ultimate allegation.

59.     Regarding Paragraph 59 of Plaintiffs' Amended Complaint, Edmond admits that Defendant Milo Box and Defendant Denton Scherman were employees of Edmond at the time of events giving rise to this lawsuit. Edmond also admits that Defendant Milo Box's actions and Defendant Denton Scherman's actions taken on April 29, 2019 were pursuant to the authority granted to them by Edmond (i.e. Defendant Box and Defendant Scherman acted within the scope of their employment). In addition, Edmond admits that the doctrine of *respondeat superior* applies under the OGTCA and that Edmond is responsible for the actions of Defendant Box and Defendant Scherman committed in the scope of their employment with Edmond. However, Edmond denies that the use of force was excessive and also denies that it, Defendant Box and/or Defendant Scherman are liable to Plaintiffs. As such, any and all other express and/or implied allegations contained in Paragraph 59 of Plaintiffs' Amended Complaint are denied by Edmond, as the allegations assume disputed facts and assume the ultimate allegation.

60.     Edmond denies all requests for relief set forth in the "Prayer for Relief"

14

paragraph at the end of Plaintiffs' Amended Complaint and denies any liability to Plaintiffs. In this light, Edmond also demands a jury trial in this matter.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted against Defendant City of Edmond.

2.    None of the Defendants are liable to Plaintiffs under any theory of recovery in law or in equity.

3.    If Edmond is found liable as to Plaintiffs' state law claim, Plaintiffs' damages are capped as prescribed in the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. § 151 *et seq.*

4.    Edmond cannot be held liable for punitive damages under the OGTCA. Therefore, any punitive damage claims against Defendant City of Edmond must be dismissed as a matter of law.

5.    Edmond is not liable to Plaintiffs under common-law principles of negligence, the Oklahoma Constitution or the OGTCA.

6.    Edmond, Defendant Box nor Defendant Scherman were negligent, and thus, Edmond is not liable for any alleged damages arising from any theory of recovery based on negligence.

7.    Edmond, Defendant Box nor Defendant Scherman violated Isaiah Lewis' rights protected by the Oklahoma Constitution, and thus, Edmond is not liable

for any damages alleged arising from any theory of recovery based on the Oklahoma Constitution.

8.    Edmond, Defendant Box and Defendant Scherman did not violate any duty claimed to be owed by them.

9.    Plaintiffs' damages, if any, and the death of Isaiah Lewis were the sole result of Isaiah Lewis' own conduct, malfeasance and/or negligence. But, if it be determined that Edmond, Defendant Box and/or Defendant Scherman were also negligent (such negligence being specifically denied), Isaiah Lewis' negligence was to such a degree as to bar any recovery to Plaintiffs under state law. In addition, under no circumstances can Edmond, Defendant Box and Defendant Scherman be held liable for more than the percentage of negligence that may be attributed by a jury to Edmond's, Defendant Box's and/or Defendant Scherman's conduct.

10.   Isaiah Lewis' death was the result of the acts and omissions of Isaiah Lewis and not any acts, omissions or fault of Edmond, Defendant Box or Defendant Scherman.

11.   Assumption of the risk by Isaiah Lewis. Therefore, Plaintiffs' claims herein should be barred.

12.   Defendant Box and Defendant Scherman acted in self-defense.

13.   Plaintiffs' claims, allegations and potential recoveries are barred and/or will

be barred by judicial estoppel, collateral estoppel and/or res judicata.

14.     To the extent Plaintiffs' federal question claims against Defendant City of Edmond are based on the doctrine of *respondeat superior*, such claims are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. §1983.

15.     Defendant City of Edmond cannot be held liable for punitive damages under 42 U.S.C. §1983. Thus, any punitive damage claims against Defendant City of Edmond must be dismissed as a matter of law.

16.     Defendant City of Edmond is not liable to Plaintiffs under any theory of recovery, including but not limited to, any cause of action brought pursuant to 42 U.S.C. §1983 and/or state law.

17.     Defendant City of Edmond cannot be held liable to Plaintiffs under 42 U.S.C. §1983, as the alleged deprivation of a federally protected constitutional right was not the result of action taken pursuant to an official municipal policy or custom.

18.     Defendant City of Edmond cannot be held liable to Plaintiffs under 42 U.S.C. §1983, as the municipal policies and/or customs in question are not unconstitutional.

19.     Defendant City of Edmond cannot be held liable to Plaintiffs under the theory of negligent retention, as there was no prior knowledge of Defendant Box's

17

nor Defendant Scherman's propensity to commit the harm complained of and, as such, Defendant City of Edmond did not act with "deliberate indifference" to the rights of Isaiah Mark Lewis and/or Plaintiffs.

20. Defendant City of Edmond cannot be held liable to Plaintiffs under theories of failure to supervise and/or failure to control, as there was no prior knowledge of similar acts committed by Defendant Box or Defendant Scherman; therefore, it cannot be said Defendant City of Edmond acted with "deliberate indifference."

21. Defendants' actions were "objectively reasonable," proper and lawful under the circumstances. In other words, Defendants did not violate any constitutionally-protected rights.

22. Edmond cannot be held liable for excessive use of force because there was not a complete failure to train and the training provided was neither reckless nor grossly negligent.

23. Edmond cannot be held liable for inadequate training and/or failure to train because Edmond trained its police officers and the training provided does not evidence a "deliberate indifference" to the rights of Edmond's inhabitants.

24. Edmond cannot be held liable to Plaintiffs for their Equal Protection claim because Edmond's adopted "Response to Resistance" Policy and Edmond's customs were not based upon and do not differentiate among the races of

various citizens. Likewise, Defendants' actions were not motivated by a discriminatory purpose and Plaintiffs cannot show that similarly situated individuals of a different race were treated differently by Edmond's law enforcement officials.

25. Defendant City of Edmond was not negligent, and thus, is not liable for any damages alleged arising from any theory of recovery based on negligence. In fact, negligence alone is not sufficient to demonstrate liability under 42 U.S.C. § 1983.

26. Any allegation or averment in Plaintiffs' Amended Complaint that is not specifically admitted is hereby denied by Defendant City of Edmond.

27. Defendants Box and Scherman are entitled to qualified immunity.

28. Sovereign immunity.

29. Plaintiffs' medical expense damages, if any, are limited/capped pursuant to 12 O.S. § 3009.1.

30. Plaintiffs' state law claims are time-barred under the OGTCA.

31. Defendant City of Edmond reserves and, if necessary, hereby raises any defenses available to it under Fed. R. Civ. P. 8, Fed. R. Civ. P. 12 and/or 51 O.S. 151 *et seq.*

32. Defendant City of Edmond reserves the right to amend and/or supplement this answer and its affirmative defenses upon discovery of additional information.

**WHEREFORE**, having fully answered, Defendant City of Edmond respectfully requests Plaintiffs take nothing by way of their Amended Complaint and let it be dismissed along with costs and reasonable attorney's fees in favor of Defendant City of Edmond. In turn, Defendant City of Edmond also respectfully requests such other relief this Court may deem equitable and proper.

Respectfully submitted,

s/ B. Taylor Clark
Richard E. Hornbeek, OBA # 10855
B. Taylor Clark, OBA # 22524
HORNBEEK VITALI & BRAUN, P.L.L.C.
3711 N. Classen Blvd.
Oklahoma City, OK 73118
hornbeek@hvblaw.com
clark@hvblaw.com
(405) 236-8600 Telephone
(405) 236-8602 Facsimile
*Attorneys for Defendant City of Edmond*

## CERTIFICATE OF SERVICE

This is to certify that on the 2nd day of November, 2020, I electronically transmitted

the attached document to the Clerk of Court using the ECF System for filing and transmittal

of a Notice of Electronic Filing to the following ECF registrants:

David J. Batton
Law Office of David J. Batton
P.O. Box 1285
303 W. Gray, Suite 304
Norman, OK 73070
dave@dbattonlaw.com
battonlaw@coxinet.net
*Attorney for Plaintiffs*

Andrew M. Stroth
Carlton Odim
Amanda Yarusso
Action Injury Law Group, LLC
191 North Wacker Drive, Suite 2300
Chicago, IL 60606
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com
amanda@actioninjurylawgroup.com
*Attorneys for Plaintiffs*

Kathryn D. Terry
Cody J. Cooper
Phillips Murrah, PC
101 N. Robinson Ave., 13th Floor
Oklahoma City, OK 73102
kdterry@phillipsmurrah.com
cjcooper@phillipsmurrah.com
*Attorneys for Defendants Box & Scherman*

  s/ B. Taylor Clark _____
B. Taylor Clark