**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) VICKI JO LEWIS, Individually and as the Co-Personal Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased; and (2) TROY LEVET LEWIS, Individually and as the Co-Personal Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased, | ) ) ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| (1) CITY OF EDMOND, an Oklahoma Municipal Corporation; (2) POLICE SGT. MILO BOX, individually; and (3) POLICE OFFICER DENTON SCHERMAN, individually, | ) ) ) ) ) ) |
| | |
| Defendants. | |

Case No.: CIV-19-489-R

**DEFENDANTS' MOTION TO DISMISS
<u>AS SANCTION AND BRIEF IN SUPPORT</u>**

Defendants City of Edmond, Milo Box, and Denton Scherman respectfully request the Court dismiss this action as a sanction for failure to obey the Court's Scheduling Order.

## I.    INTRODUCTION

This action was filed May 28, 2019 and has been pending now for nearly a year and eight (8) months. Since that time, Plaintiffs have failed to meaningfully pursue this case, most recently by not filing their final expert, witness, and exhibit lists pursuant to this Court's deadlines. Effectively, Plaintiffs can present neither witnesses nor exhibits in their

case in chief.  As such, dismissal is an appropriate because Plaintiffs cannot establish a prima facie case and, alternatively, as a sanction for failure to prosecute this matter.

## II.   STATEMENT OF FACTS

Plaintiffs filed their Complaint on May 28, 2019. This Court entered its Scheduling Order [Doc. No. 13] on October 2, 2019. The Scheduling Order provides in bold text: **"[e]xcept for good cause shown, no witness will be permitted to testify and no exhibit will be admitted in any party's case in chief unless such witness or exhibit was included in the party's filed witness or exhibit list."** *See* Doc. No. 13. Nearly ten (10) months later, Plaintiffs filed their Motion for Entry of a Revised Scheduling Order [Doc. No. 23] on July 27, 2020.  Defendants objected strongly, pointing out that in the ten months the case had then been pending, Plaintiffs had not cooperated in discovery and done nothing to meaningfully pursue this matter.  [Doc. No. 24].

This Court carefully considered the motion and objection and "reluctantly" granted a 90-day continuance to Plaintiffs in its Order [Doc. No. 26] entered on August 12, 2020. When granting the extension, this Court directed Plaintiffs to pursue this matter with better attention and purpose, stating: "Plaintiff have done very little to pursue the matter" and indicated that if the Plaintiff's dilatory tactics continued, the Court would "enter sanctions up to and including dismissal of the case." *Id.*

Pursuant to the Order, Plaintiffs' expert, witness, and exhibit lists were to be filed by January 4, 2021. *See* Doc. No. 26. Additionally, all discovery is to be completed by March 1, 2021. *Id.*  Although Plaintiffs have been afforded 18 months to conduct discovery and Defendants' Rule 26 disclosures and discovery responses reveal more than twenty

potential witnesses, to date, Plaintiffs have taken one deposition (an investigating Detective) and only recently scheduled a handful of other depositions, including the two individually named defendants, Sergeant Milo Box and Officer Denton Scherman.

## III.   ARGUMENT & AUTHORITY

Federal Rule of Civil Procedure 16(f) and this Court's local rule, LCvR. 16.1, both provide that if a party or its attorney fails to comply with a scheduling order, the Court may enter any just order, including dismissal of the action. Similarly, FED. R. CIV. P. 41(b) also authorizes involuntary dismissal if a plaintiff fails to prosecute or comply with a court order. *See, e.g., Banks v. Katzenmeyer,* 680 Fed. Appx. 721,723-24. Here, Plaintiffs have blatantly refused to abide by the Court's Order requiring all expert, witness, and exhibit lists to be filed by January 4, 2021.   The Scheduling Order specifically states that, absent good cause, parties may not call any witness nor introduce any exhibit in their case in chief. No good cause exists for ignoring such a critical deadline.  Plaintiffs cannot present a prima facie case and this matter should be dismissed.

Moreover, the Court has already once acknowledged Plaintiffs lack of interest in this case and warned Plaintiffs that sanctions, including dismissal, would be entered if Plaintiffs continued to delay the case. Since the entry of that Order, Plaintiffs have done very little to prosecute this case and have now missed a critical deadline without any known justification, let alone good cause. Defendants respectfully submit that dismissal is an appropriate sanction.

This Court has inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 113

S.Ct. 2123, 115 LE.D. 2d 27 (1991) (quotation omitted).   "A district court undoubtably has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cr. 2002).  Said discretion includes the power to dismiss a case with prejudice. *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1189 (10th Cir. 2002) (citations omitted).

Because dismissal is a severe sanction, there are several factors to be considered in determining whether dismissal is an appropriate sanction:

> (1)    the degree of actual prejudice to the [other] party: (2) the amount of interference with the judicial process...; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance and (5) the efficacy of lesser sanctions.

*Gripe v. City of Enid,* 312 F.3d at 1188 (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).

In this matter, Plaintiff has not pursued this matter with any particular diligence and has now missed a critical deadline. The purpose of requiring identification of witnesses and exhibits well in advance of discovery deadlines is to facilitate the end of discovery and preparation for trial.  There are dozens of potential witness, thousands of pages of documents, audio records, videos and photographs to go through.  Plaintiffs' failure to identify their witnesses (including any potential expert at such a late date) and exhibits severely prejudices the Defendants ability to defend and present its case in chief.  Clearly, Plaintiffs' failure interferes with the judicial process of orderly prosecution of this matter. Plaintiffs have been warned about their delay and dilatory tactics and that dismissal would be a possible sanction.  Finally, given the significance of the witness and exhibit deadline,

and this Court's admonition in the scheduling order about the failure to properly identify witnesses and exhibits, nothing short of dismissal can effectively remedy Plaintiffs' conduct.   Finally, although Plaintiffs themselves may not be responsible for this latest failure, that does not change the result.  Litigants act through their attorneys and dismissal is not unjust under the circumstances.  *See, e.g., LaFleur v. Teen Help,* 342 F.3d 11245, 1152 (*citing Gripe, supra)*; *Gripe,* 312 F.2d at 1189 *(citing Link v. Wabash,* 370 U.S. 626, 82 S.Ct 1386, 8 Led. 2d. 734 (1962) (dismissing a case with prejudice when plaintiff's attorney had a history of dilatory conduct and did not appear at the pretrial conference without an adequate excuse."

## IV.    CONCLUSION

Defendants City of Edmond, Milo Box, and Denton Scherman respectfully request this Court dismiss this action with prejudice and that Defendants be awarded any and all further relief to which they are entitled.

Respectfully submitted,


   *s/Kathryn D. Terry*
Kathryn D. Terry, OBA # 17151
Cody J. Cooper, OBA # 31025
Phillips Murrah, PC
101 North Robinson
Corporate Tower, 13th Floor
Oklahoma City, OK 73102
(405)235-4100 Telephone
(405)235-4133 Facsimile
kdterry@phillipsmurrah.com
cjcooper@phillipsmurrah.com
***Attorneys for Defendants Milo Box and Denton Scherman***

and

 s/Richard Hornbeek
*signed and filed with permission*
Richard Hornbeek, OBA # 10855
B. Taylor Clark, OBA # 22524
Hornbeek Vitali & Braun, PLLC
3711 North Classen Boulevard
Oklahoma City, OK 73118
(405) 236-8600 Telephone
(405) 236-8602 Facsimile
hornbeek@hvblaw.com
clark@hvblaw.com
***Attorneys for City of Edmond***

## CERTIFICATE OF SERVICE

On the 7th day of January, 2021, a copy of the foregoing Answer was served via the Court Clerk's ECF filing system and mailed via regular U.S. Mail, postage prepaid, to the following:

David J. Batton, OBA No. 11750
Law Office of David J. Batton
P.O. Box 1285
(303 W. Gray, Suite 304)
Norman, OK 73070
Tel: (405) 310-3432
Fax: (405) 310-2646
battonlaw@coxinet.com

and

Andrew M. Stroth
Carlton Odom
Amanda Yarusso
Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL 60606
Tel: (312) 771-2444
Fax: (312) 641-6866
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com
amanda@actioninjurylawgroup.com

***Attorneys for Plaintiff***

        s/Kathryn D. Terry
Kathryn D. Terry