IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **VICKI JO LEWIS, individually and as co-Personal Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased; and TROY LEVET LEWIS, individually and as co-Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased,** | ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) ) | Case No. CIV-19-489-R |
| **CITY OF EDMOND, an Oklahoma Municipal Corporation; POLICE SGT. MILO BOX and POLICE OFFICER DENTON SCHERMAN, individually,** | ) ) ) ) ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Defendant City of Edmond's ("Edmond") Motion to Dismiss as Sanction. Doc. No. 38. Plaintiffs filed a response in opposition to Edmond's motion, Doc. No. 42, and Edmond then filed a reply. Doc. No. 43. The Court finds as follows.

When counsel does not obey a scheduling order, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16(f). The Tenth Circuit has explained that "[t]he appropriate sanction should [generally] be the least severe sanction adequate to deter and punish the plaintiff." *White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990). The

court should consider the following circumstances when determining the monetary sanctions appropriate, all of which serve as limitations on the amount assessed:

> 1) reasonableness calculation,
> 2) minimum to deter,
> 3) ability to pay, and
> 4) other factors (i.e., offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved).

*Id.* at 684-85.

The Court will take the above factors into consideration when imposing sanctions pursuant to Rule 16(f). The failure to timely provide Plaintiffs' expert, witness, and exhibit lists is clearly the error of counsel, not the Plaintiffs; therefore, the sanctions imposed by the court will be imposed against Plaintiffs' counsel—not Plaintiffs. *See, e.g.*, *Kiser v. Boeing Co.*, 163 F.R.D. 13, 14-15 (D. Kan. 1995).

Plaintiffs filed this action on May 28, 2019, as representatives of the Estate of Isaiah Mark Lewis, alleging three counts under 42 U.S.C. § 1983: excessive use of force, a *Monell* violation, and an equal protection violation. Doc. No. 1, pp. 5, 6, 11. On August 12, 2020, this Court "reluctantly grant[ed] Plaintiffs' Motion for Revised Scheduling Order [Doc. No. 25]" after determining that the "case [had] been on file for well over a year" and Plaintiffs had "done very little to pursue the matter." Doc. No. 26, p. 1. The Revised Scheduling Order pushed Plaintiffs' deadline to file their final list of expert-witnesses-in-chief and to provide expert reports to January 4, 2021. *Id.* p 2. In its prior Order, the Court stated that it "will enter sanctions up to and including dismissal of the case" if Plaintiffs' conduct continued. *Id.* p. 1.

To date, after the availability of discovery for over 18 months, Plaintiffs "have taken one deposition … and only recently scheduled a handful of other depositions…". Doc. No. 38, p. 3. Again, this case was filed on May 28, 2019. Doc. No. 1. After missing the January 4th deadline to file expert, witness, and exhibit lists, Plaintiffs then filed, on January 8th, a "Motion for Leave to File Instanter"—Doc. No. 39—accompanied by "Plaintiff's Trial Witnesses," which includes *forty-three* potential witnesses. Doc. No. 39-1.

Plaintiffs' counsel's conduct is entirely unacceptable. The imposition of sanctions is not simply warranted, it is absolutely necessary to deter Plaintiff's counsel from repeating such conduct. Still, the Court declines to grant Defendant's Motion to Dismiss as Sanction because the Court finds that punishing Plaintiffs for the woefully inadequate pursuit of this case by Plaintiffs' counsel would be unjust. Sanctions under Fed. R. Civ. P. 16(f), however, are necessary to reflect the seriousness of Plaintiffs' counsel's continued lack of cooperation with the Court. Accordingly, **IT IS SO ORDERED** that:

1. Plaintiffs, as Representatives of the Estate of Isaiah Mark Lewis, are hereby GRANTED the opportunity to replace Plaintiffs' counsel based on counsel's unacceptable conduct before the Court. Should Plaintiffs decide not to replace counsel and such conduct recurs, Plaintiffs' case will be subject to dismissal.

2. Plaintiffs' counsel is hereby ORDERED to file a certification with the Court—stating that counsel reviewed this Order with Plaintiffs and explained Plaintiffs' opportunity to exercise option "1" outlined above—by February 9, 2021.

3. Plaintiffs' counsel is hereby ORDERED to pay the reasonable costs incurred by Defendants' counsel in the preparation of its Objection to Plaintiff's Motion for Extension of Time for Scheduling Order Deadlines, Doc. No. 24; its Motion to Dismiss as Sanction and Reply in Support, Doc. Nos. 38, 43; and its Response to Plaintiff's Motion for Leave to File Instanter, Doc. No. 41.

4. If the parties cannot agree as to reasonable fees, the Court shall be advised.

5. The deadlines in this case are CONTINUED as follows:

| | |
|---|---|
| Plaintiff to file final list of expert witnesses-in-chief and provide expert reports | April 1, 2021 |
| Defendants to file final lists of expert witnesses-in-chief and provide expert reports | April 15, 2021 |
| Plaintiff to file final list of witnesses-in-chief, with address and summary of expected testimony for each witness who has not been deposed | April 1, 2021 |
| Defendants to file final lists of witnesses-in-chief, with address and summary of expected testimony for each witness who has not been deposed | April 15, 2021 |
| Plaintiff to file final list of exhibits and provide all listed exhibits | April 1, 2021 |
| Defendants to file final lists of exhibits and provide all listed exhibits | April 15, 2021 |
| Parties to file all objections to a final witness list or to a final exhibit list 14 days after the list is filed | |
| Parties to file all dispositive and *Daubert* motions | May 3, 2021 |
| Trial docket | July, 2021 |
| Parties to complete discovery | June 1, 2021 |
| Designations of deposition testimony to be filed | June 17, 2021 |

| | |
|---|---|
| Objections and counter-designations to be filed | June 24, 2021 |
| Requested voir dire, requested jury instructions and motions in limine | July 1, 2021 |
| Objections to requested voir dire, requested jury instructions and motions in limine | July 6, 2021 |
| Final Pretrial Report | July 1, 2021 |

In conclusion, Defendants' Motion to Dismiss as Sanction [Doc. 38] is DENIED. However, monetary sanctions against Plaintiffs' counsel are necessary and hereby imposed, as set forth herein. Plaintiff's Motion to File Instanter [Doc. 39] is DENIED AS MOOT.

**IT IS SO ORDERED** on this 19th day of January 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE