## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

VICKI JO LEWIS, *et al.*,                )
                                         )
            Plaintiffs,                  )
                                         )
v.                                       )        Case No. CIV-19-489-R
                                         )
CITY OF EDMOND, *et al.*,                )
                                         )
            Defendants.                  )

## DEFENDANT CITY OF EDMOND'S REPLY IN SUPPORT OF ITS MOTION
## FOR SUMMARY JUDGMENT

      Defendant City of Edmond ("Edmond") hereby submits this Reply in Support of its Motion for Summary Judgment [Doc. No. 64]. Edmond's Motion for Summary Judgment should be sustained in its entirety. In Reply to Plaintiffs' Response [Doc. No. 83], Edmond submits the following brief:

## BRIEF IN SUPPORT

## I.    INTRODUCTION

      In an effort to survive summary judgment, Plaintiffs' response brief routinely ignores undisputed facts which are fatal to their arguments. Plaintiffs rely almost exclusively upon the assertions of counsel and/or upon testimony which does not ultimately support the "facts" asserted. Unfortunately for Plaintiffs, "[t]he law is clear that the argument of counsel is insufficient to withstand a properly supported summary judgment motion." *Solomon v. HSBC Mortg. Corp.*, 2012 U.S. Dist. LEXIS 43807, *11 (W.D. Okla. March 29, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also Pinkerton v. Colo. Dep't of*

*Transp.*, 563 F.3d 1052, 1061 (10th Cir. 2009) ("argument of counsel is not evidence, and cannot provide a proper basis to deny summary judgment."). Ultimately, Plaintiffs wish for this Court to deny summary judgment based upon the suppositions of counsel–something which cannot happen.

## II.     RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS.

1.     Plaintiffs' additional material fact one (1) adds no substantive evidence which would preclude the granting of summary judgment. Instead, Plaintiffs present this "fact" by distorting the testimony provided by one (1) of the responding officers and relying upon the suppositions of one (1) of Plaintiffs' expert witnesses. In no way does such "evidence" require that the stated actions be taken–they are merely the hope for any such interactions–a fact which is clear through an actual examination of Sergeant King's cited testimony. *See* Doc. No. 83-1, at 69:2-20.[1] Furthermore, such "additional material fact" ignores mountains of evidence, as cited throughout Edmond's Motion, which reveals that cautious, non-confrontational attempts at de-escalating the situation were employed by Edmond's officers on multiple occasions up until Isaiah Lewis' actions led to the use of deadly force.

---

[1] Plaintiffs attached excerpts from the transcript of Sergeant King's deposition as an exhibit to their Response Brief. Therein, Plaintiffs' counsel highlighted various portions of the transcript. However, some of the highlighted portions are not cited in Plaintiffs' Response Brief. For example, Plaintiffs' counsel highlighted the transcript at 77:21-24. *See* Doc. No. 83-1. To be clear, Sergeant King timely provided a completed Correction Sheet and a signed Jurat Page, wherein he clarified the aforementioned testimony. *See* letter from U.S. Legal Support to Plaintiffs' counsel dated May 13, 2021 (with the referenced enclosures), attached collectively hereto as Exhibit "1".

2.      Plaintiffs' additional material fact two (2) also adds nothing of substance which precludes the granting of summary judgment. Instead, such "fact" once again distorts the testimony of Edmond's officers and ignores the fact that the actions of the responding officers are judged through the totality of the circumstances–circumstances which did not suggest a mental health episode, but instead suggested an excited delirium brought on by substance use. However, regardless of these facts, Plaintiffs cannot avoid the undisputed facts that Isaiah Lewis ignored repeated commands and attempts to take him into protective custody for approximately one (1) hour. *See* Doc. No. 64-10, at p. 29.   Missing from Plaintiffs' unsupported fact is Plaintiff Vicki Lewis' admission that individuals responding to a potential mental health (or drug induced) crisis cannot determine the issue presented or treatment needed until they have had an opportunity to talk to that person and assess that person. *See* excerpts from the deposition of Vicki Lewis, attached hereto as Exhibit "2", at 44:6-45:18. Unfortunately, Isaiah Lewis' decisions to ignore commands, flee officers, forcibly enter a residence and violently engage responding officers never allowed Edmond's officers to perform any sort of mental health assessment.  In fact, the evidence shows that at the time of the incident, evidence pointed to Isaiah Lewis being under the influence of narcotics–not experiencing a mental health crisis. *See* Doc. No. 64-10; *see also* Doc. No. 64-11.

3.      Plaintiffs' additional fact three (3) ignores the evidence at hand in this case. Plaintiffs distort Sergeant Box's testimony and claim that he never attempted to speak with

3

Isaiah Lewis. Such allegation is unsupported, even by the very testimony which Plaintiffs cite in support of such position. Sergeant Box and other Edmond officers who responded are trained in crisis intervention and are able to apply such training when the situation allows. Tellingly, Plaintiffs' fact four (4) explicitly admits that Sergeant Box did issue verbal commands to Lewis. Furthermore, Sergeant Box provided clear testimony of possible de-escalation techniques, but also clearly testified he was unable to use such techniques due to Lewis' behavior during the encounter. *See* Doc. No. 83-4, at 109:7-20.

4.     Plaintiffs' additional fact four (4) also provides nothing of substance. Instead, it merely presents Plaintiffs' unsupported position that Sergeant Box and Officer Scherman should have waited for other officers to arrive, despite witnessing a suspect who had been engaged in an hour-long, nude, evasion of officers, forcibly enter an occupied residence. Plaintiffs' unsupported contentions do not outweigh the actual facts of this case which must be judged under the totality of the circumstances. In *Graham v. Connor*, the United States Supreme Court made clear that the analysis of a police officer's use of force must be "judged from the perspective of a reasonable officer on the scene . . .." 490 U.S. 386, 396 (1989). Such inquiry involves an investigation of the "totality of the circumstances." *Id.*

5.     Plaintiffs' additional fact five (5) is not supported by a single sentence of the testimony cited by Plaintiffs. In no way does such testimony reflect any uncoordinated efforts on the part of Edmond. Instead, such testimony reflects the fact that the responding officers: (1) were attempting to locate Lewis; and (2) could not determine  whether Isaiah Lewis was

experiencing the effects of illicit narcotics or was experiencing a mental health crisis until the officers were actually able to contact and safely contain Isaiah Lewis to allow proper assessments to be conducted.

6.      Plaintiffs' additional fact six (6) again chooses to interject the opinions of Plaintiffs as "facts" in this case. Plaintiffs offer no support for their objections to Edmond's policies, nor do they offer evidence which would show such policies to be deficient. Instead, Plaintiffs ignore the CIT training of the involved officers (Sergeant Box, Sergeant King and Sergeant Hussey) and the mental health crisis training provided to all other Edmond officers in making the claim that there are unknown "inconsistent understandings" of such policies and training. Instead, the testimony of these officers appears to be consistent in the sense that they all recognized that no mental health evaluation could be performed until Lewis had been contacted and placed into protective custody.  Regardless, Plaintiffs cannot avoid two (2) fatal defects to their position. First, the evidence does not support Plaintiffs' contention that this was a mental health crisis. Second, even if this were a mental health crisis, Plaintiffs cannot escape the fact that Lewis' actions prevented the responding officers from ever being able to assess him to determine if he was in need of mental health treatment. As such, this additional "fact" alleged by Plaintiffs in no way precludes summary judgment.

7.      Plaintiffs' additional fact seven (7) does not preclude summary judgment. Instead, such "fact" is nothing more than Plaintiffs' expert's unsupported belief that more than one form of non-lethal force weapons should be worn at all times. Gilbertson offers

such opinion despite practical concerns of the officers and despite the fact that non-lethal force was used on three (3) occasions by Box–having no effect on Lewis. *See* Doc. No. 64, at p. 3.

## III.   ARGUMENT AND AUTHORITIES

### A.   Plaintiffs' *Monell* claim does not survive summary judgment.

Plaintiffs attempt to defeat summary judgment on their "failure to train"/*Monell* claims by citing to use of force cases which involved no, or almost no, training by the municipality. *See Olsen, Brown and Myers*, Doc. No. 83, at p. 10. Such efforts are unavailing and serve to further expose the flaws which are fatal to Plaintiffs' claim.

Plaintiffs show no "deliberate indifference" on the part of Edmond which would suffice to survive summary judgment. Edmond's policies do not show a reckless or deliberate indifference towards situations such as the one involving Isaiah Lewis.[2] Instead, actual evidence in this case reveals that all Edmond officers undergo proper training as mandated by the State of Oklahoma. *See* Doc. No. 64, at pp. 18-19. In fact, Sergeant Box and Officer Scherman underwent much more training than required. *Id.* Further evidence which shows Edmond did not act with "deliberate indifference" rests in the undisputed fact that Edmond employs more than double the amount of CIT-trained officers than its policies require. *See* Doc. No. 64, at p. 22, n. 22. Furthermore, absent the repeated conclusory allegations of

---

[2] Essentially, Plaintiffs argue, without support, that Edmond should require CIT officers to be called to a scene prior to any actual determination by the responding officers as to whether the suspect is actually experiencing a mental health crisis.

6

counsel, Plaintiffs offer no evidence which overcomes the proposed testimony of Steve Ijames, which clearly establishes the sufficiency of Edmond's policies, training and ultimate response to the incident in question. *See* Doc. No. 64-10. Plaintiffs' efforts to combat Steve Ijames' full evaluation of Edmond's training program without deposing a single training officer to learn more beyond what is contained on the face of the policies is unavailing. Plaintiffs' use of the Gilbertson report also does not provide facts which preclude summary judgment, especially where Gilbertson relied upon nothing more than written policies to form his opinions as to Edmond's training, policies and procedures. Simply put, Plaintiffs offer no evidence which substantiates their claims of unconstitutional training, supervision or control.[3]

Finally, Plaintiffs offer not even a scintilla of evidence in support of the "causal link" between the alleged training issues and Lewis' death. Instead, counsel merely opines that had these officers been "properly trained," "Isaiah would not have been fatally shot that afternoon." *See* Doc. No. 83, at p. 15. Such argument ignores the actual facts of the encounter between Isaiah Lewis and Edmond's officers as discussed throughout Edmond's Motion.

---

[3] Plaintiffs' argument concerning use of force training is also without merit for the same reasons. To even make such claims, Plaintiffs must first ignore the undisputed fact that three (3) attempts at using non-lethal force to detain Isaiah Lewis failed. Following these attempts, Isaiah Lewis rendered one officer (Sergeant Box) incapacitated and was in the process of attempting to do the same to Officer Scherman at the time deadly force was used. Plaintiffs' choice to cherry-pick photographs of Officer Scherman's injuries from days after the event do not provide any substance, especially where the very testimony cited from Officer Scherman's deposition indicated he underwent x-rays as a result of Lewis striking Officer Scherman's face immediately after Lewis incapacitated Sergeant Box.

**B.**     **Plaintiffs' Equal Protection claim does not survive summary judgment.**

Once again, Plaintiffs interject unsupported argument of counsel as evidence in an effort to survive summary judgment. While such efforts must be ignored, even if such "evidence" is considered, summary judgment is still proper.

First, Plaintiffs do not present actual evidence of others who were "similarly situated" to Isaiah Lewis and who were treated differently than him. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). Tellingly, Plaintiffs must prove similarity "in all material aspects." *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1212 (10th Cir. 2006). On its face, the incident involving an allegedly similarly situated individual is clearly not similar to Lewis' situation in all material aspects. Namely, said other individual responded to non-lethal force, while Isaiah Lewis did not–instead he attacked the responding officers. Because these two (2) situations were not similar in all material aspects and because Plaintiffs present no actual evidence that any such differential treatment was based upon race, Plaintiffs' equal protection claim is fatally flawed from the outset.

Furthermore, Plaintiffs offer no evidence which would tend to show that Edmond acted pursuant to a discriminatory custom, policy or practice. *See Randle v. City of Aurora*, 69 F.3d 441, 446 n. 6 (10th Cir. 1995). In fact, Plaintiffs' response provides no mention or identification of any such alleged custom, policy or practice. Nor does Plaintiffs' response include any evidence of purposeful or intentional discrimination by Edmond relative to Isaiah Lewis.

8

To summarize, in response to Edmond's Motion as to Plaintiffs' equal protection claim, Plaintiffs fail to provide evidence which: 1) identifies a discriminatory policy; 2) demonstrates a discriminatory custom; 3) identifies any similarly situated people treated differently; or 4) shows purposeful/intentional discrimination by Edmond. As a whole, Plaintiffs fail to present even a scintilla of evidence which would support an equal protection claim; thus, such claim cannot survive summary judgment.

### C.   Plaintiffs' State Law Negligence claim does not survive summary judgment.

Plaintiffs' response brief provides no actual evidence or argument, save for incorporating by reference Plaintiffs' response to Sergeant Box and Officer Scherman's Motion for Summary Judgment. Defendant Edmond's Motion provided actual evidence regarding the actions of Sergeant Box and Officer Scherman, to wit:

> Sergeant Milo Box and Officer Denton Scherman interacted with Mr. Isaiah Lewis in a manner that was consistent with that of prudent, experienced, and properly trained police officers facing the totality of the circumstances presented, and consistent with Edmond Police Department policy, training and practice.

See Doc. No. 64-10, at p. 29. Because the evidence presented by Edmond shows that Sergeant Box and Officer Scherman met the standard of care imposed by law, Plaintiffs' negligence claim based on *respondeat superior* fails as a matter of law and summary judgment should be entered in Edmond's favor at this time. *See Morales v. City of Okla. City ex. rel. Okla. City Police Dep't*, 2010 OK 9, ¶¶ 26, 29, 230 P.3d 869.

## IV.   CONCLUSION

For the reasons set forth herein, and the reasons articulated in the Motion for Summary Judgment, Defendant City of Edmond respectfully requests this Court enter summary judgment in its favor and against Plaintiffs as to all claims.

Respectfully submitted,

 s/ B. Taylor Clark
Richard E. Hornbeek, OBA # 10855
B. Taylor Clark, OBA # 22524
HORNBEEK VITALI & BRAUN, P.L.L.C.
3711 N. Classen Blvd.
Oklahoma City, OK 73118
hornbeek@hvblaw.com
clark@hvblaw.com
(405) 236-8600 Telephone
(405) 236-8602 Facsimile
*Attorneys for Defendant City of Edmond*

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of June, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

David J. Batton
dave@dbattonlaw.com
battonlaw@coxinet.net
*Attorney for Plaintiffs*

Andrew M. Stroth
Carlton Odim
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com
*Attorneys for Plaintiffs*

Woodrow K. Glass
Geoffrey A. Tabor
woody@wardglasslaw.com
geoffrey@wardglasslaw.com
*Attorneys for Plaintiffs*

Kathryn D. Terry
Cody J. Cooper
kdterry@phillipsmurrah.com
cjcooper@phillipsmurrah.com
*Attorneys for Defendants Box & Scherman*


s/ B. Taylor Clark
B. Taylor Clark