IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKI JO LEWIS, individually and as co-Personal Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased; and TROY LEVET LEWIS, individually and as co-Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased,<br><br>            Plaintiff,<br>v.<br><br>CITY OF EDMOND, an Oklahoma Municipal Corporation; POLICE SGT. MILO BOX and POLICE OFFICER DENTON SCHERMAN, individually,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-19-489-R<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court are Motions to Exclude the opinions and testimonies of experts filed by Plaintiffs and Defendants. Doc. Nos. 62, 63, 67, and 68. In Doc. No. 62 and 63, Defendants move to exclude the opinions of Dr. James Filkins and Gregory Gilbertson. Plaintiffs responded in opposition to both motions in Doc. Nos. 77 and 78. In Doc. Nos. 67 and 68, Plaintiffs move to exclude the opinions of Steve Ijames and Thomas C. Kupiec. Defendants responded in opposition in Doc. Nos. 75 and 76.

Federal Rule of Evidence 702, which governs the admissibility of expert testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

>    (a)   The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>    (b)   The testimony is based on sufficient facts or data;
>    (c)   The testimony is the product of reliable principles and methods; and
>    (d)   The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–97 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141–42 (1999). Rule 702 instructs courts "to admit specialized knowledge if it will assist the trier of fact in understanding the evidence [and] ... dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject." *United States v. McDonald*, 933 F.2d 1519, 1522 (10th Cir. 1991). "The proponent of the evidence has the burden of showing that expert evidence is admissible, by a preponderance of proof." *United States v. McCluskey*, 954 F. Supp. 2d 1224, 1237 (D.N.M. 2013) (citing *Daubert*, 509 U.S. at 592 n.10; *United States v. Orr*, 692 F.3d 1079, 1091 (10th Cir. 2012)).

"The trial court has 'wide latitude' in exercising its discretion to admit or exclude expert testimony." *Id.* (quoting *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004)). "The Federal Rules encourage the admission of expert testimony[,]" and there is a presumption under the Rules " 'that expert testimony is admissible.' " *McCluskey*, 954 F. Supp. 2d at 1238 (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 702.02[1], at 702-5 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2012)). Rather than excluding expert testimony, the Supreme Court encourages "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden

of proof" to attack "shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (internal citation omitted).

Plaintiffs filed this action on May 28, 2019, as representatives of the Estate of Isaiah Mark Lewis, alleging three counts under 42 U.S.C. § 1983: excessive use of force, a *Monell* violation, and an equal protection violation. Doc. No. 1, pp. 5, 6, 11. Plaintiffs allege that the Edmond Police Department inadequately trained its officers and that the inadequate training led to Officer Denton Scherman and Milo Box using excessive force during the encounter that ended in Lewis's death. Doc. No. 1, pp. 4–10**.** The parties dispute the mental state of Lewis, the factual circumstances surrounding the encounter, and whether the officers' actions conformed with widely accepted police practices. Doc. Nos. 64–65, 82–83. Plaintiffs and Defendants retained experts to assist the jury in resolving these disputes, and both parties filed these *Daubert* motions seeking to exclude such testimony. For the reasons set forth below, the Court finds each expert should be permitted to testify.

First, Defendants challenge Plaintiffs' expert Dr. James Filkins, asserting that his testimony attempts to "invade the province of the jury by addressing witness credibility." Doc. No. 62, p. 3. Dr. Filkins seeks to testify that his assessment of Lewis's gunshot wounds is inconsistent with Officer Scherman's testimony that he shot Lewis when Lewis was within one or two feet of him. Doc. No. 62-1, p. 7. Dr. Filkins' opinion relies, among other things, on his review of autopsy reports and photographs, medical records, and toxicology reports. Doc. No. 62-1, pp. 1–2. His review led him to conclude that the encounter between Lewis and Officer Scherman occurred differently than Scherman recalls. Doc. No. 62-1, p. 7. The Court finds that Dr. Filkins's proposed testimony consists

of the type of "specialized knowledge […] that will assist the jury in understanding whether [the Defendants] version of events is accurate, a fact at issue in this trial." *See, e.g.*, *United States v. Harry*, 20 F. Supp. 3d 1196, 1239 (D.N.M. 2014). Accordingly, Defendants' motion, Doc. No. 62, is hereby DENIED.

Second, Defendants assert that Plaintiffs' expert Gregory Gilbertson seeks to offer opinions that not only draw impermissible legal conclusions, but that are within the competence of a lay juror, replete with credibility determinations, and nothing more than speculation and subjective beliefs. Doc. No. 63, pp. 11–17. Gilbertson's expertise includes over thirty years of work as a police officer, SWAT team officer, criminal justice college professor, and private investigator. Doc. No. 63-1, pp. 1–2. Relying on this expertise, Gilbertson plans to testify about whether the Defendants' actions aligned with nationally accepted police practices and standards. Doc. No. 78, p. 1.

Similarly, Plaintiffs argue that the opinions of Defendants' police expert Steve Ijames should be excluded because his opinions "lack reliable methodology" and improperly invade the province of the jury. Doc. No. 67, pp. 3–8. Like Gilbertson, Ijames's extensive career in law enforcement clearly qualifies him as an expert. Both Gilbertson and Ijames will address whether the officers in this case acted in accordance with widely accepted police officer standards. The Court finds such testimony is clearly helpful to the factfinder in evaluating the facts at issue in this trial. Therefore, Defendants' and Plaintiffs' motions, Doc. Nos. 63 and 67, are hereby DENIED.

Lastly, Plaintiffs challenge the testimony of Defendants' expert Thomas C. Kupiec, who seeks to testify that the levels of THC in Isaiah Lewis's body at the time of the accident

contributed to his behavior. Doc. No. 68. Plaintiffs argue that what contributed to Isaiah Lewis's state of mind is irrelevant because it provides evidence beyond the facts and circumstances known to the officers interacting with Lewis at the time of the incident. Doc. No. 68, p. 2. The Defendants respond that the Plaintiffs opened the door for this evidence by urging that "Lewis was experiencing mental health issues at the time of the incident, while also acknowledging that he may have been under the influence of narcotics." Doc. No. 76, p. 6. The Court finds that the admission of Kupiec's testimony regarding Lewis's mental state is relevant to explain the type of behavior Lewis was exhibiting during the incident and whether the officers' perception of Lewis's mental state is supported. For these reasons, the purported testimony of Kupiec is helpful to the factfinder. Accordingly, Plaintiffs' motion, Doc. No. 68, is hereby DENIED.

As noted above, each of the motions to exclude expert testimony, Doc. Nos. 62, 63, 67, and 68, is hereby DENIED.

**IT IS SO ORDERED** on this 17th day of June 11, 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE