## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| (1) VICKI JO LEWIS, Individually and as | ) | |
| Co-Personal Representative of the ESTATE OF | ) | |
| ISAIAH MARK LEWIS, deceased; and | ) | |
| (2) TROY LEVET LEWIS, Individually and as | ) | |
| Co-Personal Representative of the ESTATE OF | ) | |
| ISAIAH MARK LEWIS, deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-489-R |
| | ) | |
| (1) CITY OF EDMOND, an Oklahoma Municipal | ) | |
| Corporation; | ) | |
| (2) POLICE SGT. MILO BOX, Individually; and | ) | |
| (3) POLICE OFFICER DENTON SCHERMAN, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT REQUESTED JURY INSTRUCTIONS

COME NOW the Defendants, City of Edmond, Milo Box and Denton Scherman, and request the following jury instructions for submission to the jury at trial in the above-captioned matter.

## <u>REQUESTED JURY INSTRUCTION NO. 1</u>

### Nature of the action –Issues in the case

Plaintiffs, Vicki Jo Lewis and Troy Levet Lewis, claim damages alleged to have been sustained as the result of a deprivation, under color of state law, of rights secured to Isaiah Mark Lewis, their deceased son, by the Fourth and Fourteenth Amendments of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States, 42 U.S.C. § 1983.

Specifically, Plaintiffs allege that Defendants, The City of Edmond, Oklahoma, police officer Milo Box and police officer Denton Scherman, subjected Isaiah Mark Lewis to deprivation of the right not to be subjected to an unreasonable seizure, the right to be free from the excessive use of force and the right to equal protection of the law.

Plaintiffs have also asserted a claim governed by the laws of the State of Oklahoma, arising out of the same facts. Plaintiffs allege Defendant City of Edmond is liable for the alleged negligent acts of Defendants Milo Box and Denton Scherman in using unreasonable force against Isaiah Lewis, deceased.

Defendants deny that any of their actions during the time in question violated Isaiah Mark Lewis' constitutional rights. Defendants claim that they were acting in good faith, with probable cause, that their actions were reasonable and that police officers Box and Scherman acted in self-defense. Defendants further claim that they are not at fault nor have they committed any wrongdoing in regard to the incident sued upon.

2

3B Fed. Jury Prac. & Instr. § 165.01 (5th ed.) (modified to include state law claim)

## **REQUESTED JURY INSTRUCTION NO. 2**

### **Duties of a Police Officer**

Under Oklahoma law, a municipal police officer shall at all times have the power to make or order an arrest for any offense against the laws of this state or the ordinances of the municipality. Further, the officers in this case had a duty to investigate and enforce the municipal ordinances of the City of Edmond and the laws of the State of Oklahoma.

11 O.S. § 34-101

## **REQUESTED JURY INSTRUCTION NO. 3**

### **Officer's Duty to Investigate**

It is a police officer's right and duty to investigate unusual or suspicious circumstances. This includes the investigation of crimes committed in the officer's presence or which a reasonable person might believe are about to be committed.

*Mason v. State,* 1979 OK CR 132, 603 P.2d 1146

## REQUESTED JURY INSTRUCTION NO. 4

### City of Edmond Ordinances

Under the City of Edmond municipal ordinances, it is a crime to commit any of the following offenses:

1. **Indecent exposure.** Pursuant to Edmond Ordinance 8.08.170, it is unlawful for any person to appear in any public place in the city in a state of nudity or in any offensive, indecent or lewd dress; or to make an indecent public exposure of his or her person.

2. **Lewd conduct.** Pursuant to Edmond Ordinance 8.08.180, it is unlawful for any person to conduct himself or herself in a lewd or indecent manner or in a manner offensive to the good morals of the city, or to perform any act which is detrimental to the good morals of the city, in any public or private place within the city.

3. **Resisting an Officer.** Pursuant to Edmond Ordinance 8.20.020, it is unlawful for any person knowingly or willfully to resist, oppose or obstruct the Chief of Police, or any other policeman, the Municipal Judge, or any other officer or employee of the City in the discharge of his official duties; or, by threats or otherwise, to intimidate or attempt to intimidate any such officer or employee from the discharge of his official duties; or to assault or beat, or revile, abuse, be disrespectful to, use abusive or indecent language

6

toward or about any such officer or employee while such officer or employee is in the discharge of his official duties.

**4.  Domestic Assault.**  Pursuant to Edmond Ordinance 8.12.100, it is unlawful for any person to willfully and unlawfully attempt or offer with force or violence to do a corporal hurt to another.

Edmond Code of Ordinances, Sections 8.08.170; 8.08.180; 8.12.100 and 8.20.020

## REQUESTED JURY INSTRUCTION NO. 5

### Laws of the State of Oklahoma

The laws of the State of Oklahoma provide:

1. **Attempt to Prevent Performance of Executive Duty.** Pursuant to 21 O.S. § 267, every person who attempts, by means of threat or violence, to deter or prevent any executive officer from performing any duty imposed upon such officer by law, is guilty of a misdemeanor.

2. **Resistance to Executive Officer's Performance of Duty.** Pursuant to 21 O.S. § 268, every person who knowingly resists, by the use of force or violence, any executive officer in the performance of his duties, is guilty of a misdemeanor.

3. **Obstruction of Public Officer.** Pursuant to 21 O.S. § 540, every person who willfully delays or obstructs any public officer in the discharge or attempt to discharge any duty of his office, is guilty of a misdemeanor.

4. **Assault & Battery Upon Police Officer.** Pursuant to 21 O.S. § 649, every person who, without justifiable or excusable cause knowingly commits battery or assault and battery upon the person of a police officer while the officer is in the performance of his or her duties, is guilty of a felony.

5. **Justifiable Deadly Force by Officer.** Pursuant to 21 O.S. §732, a peace officer is justified in using deadly force when in effecting an arrest the officer reasonably believes both that: such force is necessary to prevent the arrest from being defeated by resistance or

escape, and there is probable cause to believe that the person to be arrested has committed a crime involving the infliction or threatened infliction of serious bodily harm or otherwise indicates that he will endanger human life or inflict great bodily harm unless arrested without delay.

A peace officer is also justified in using deadly force when the officer is in the performance of his legal duty and reasonably believes the use of force is necessary to protect himself or others from the infliction of serious bodily harm.

**6. Burglary in the First Degree.**  Pursuant to 21 O.S. §1431, every person who breaks into and enters the dwelling house of another, in which there is at the time some human being, with the intent to commit some crime therein, by forcibly bursting or breaking an outer door of such house is guilty of the felony of burglary in the first degree.

**7. Burglary in the Second Degree.**  Pursuant to 21 O.S. §1435, every person who breaks and enters the dwelling house of another, in which there is at the time no human being present, is guilty of the felony of burglary in the second degree.

8. **Breaking and Entering without Permission.**  Pursuant to 21 O.S. §1438(B), every person who, without the intention to commit any crime therein, shall willfully and intentionally break and enter into any building, trailer, vessel or other premises used as a dwelling without the permission of the owner or occupant thereof, shall be guilty of a misdemeanor.

9. **Physical or Deadly Force Against Intruder.**  Pursuant to 21 O.S. §1289.25, a person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to himself when using defensive force that is intended or likely to cause death or great bodily harm to another if: the person against whom the defensive force was used had unlawfully and forcibly entered the residence of the person who used the defensive force.

A person who unlawfully and by force enters a residence of another person is presumed to be doing so with the intent to commit an unlawful act involving force or violence.

A person who uses lethal defensive force against an intruder is justified in using such force and is immune from criminal prosecution and civil action for the use of such defensive force.

21 O.S. §§ 267, 268, 540, 649, 732, 1289.25, 1431, 1435 & 1438(B)

## REQUESTED JURY INSTRUCTION NO. 6

### Section 1983 Introductory Instruction

Plaintiffs are suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.


Instructions for Civil Rights Claims Under Section 1983, 3d Circuit, Instruction 4.1 (2018).

## REQUESTED JURY INSTRUCTION NO. 7

### Section 1983 – Burden of Proof & Elements of Claim

In order to prove plaintiffs' claims under 42 U.S.C. § 1983, the burden is upon plaintiffs to establish by a preponderance of the evidence each of the following three elements:

First: That defendants performed acts that operated to deprive Isaiah Mark Lewis, deceased, of one or more of his federal constitutional rights, as defined and explained in these instructions, by the unreasonable use of excessive force during the course of his seizure or by treating him differently than others similarly situation on the account of his race.

Second: That defendants acted under the color of state law; and

Third: That defendants' acts were the proximate cause of damages sustained by Plaintiffs as a result of the death of Isaiah Mark Lewis, deceased.

Because Defendant police officer Milo Box and Defendant police officer Denton Scherman were officials of the City of Edmond, Oklahoma at the time of the acts in question, Defendant police officer Milo Box and Defendant police officer Denton Scherman were acting under color of state law. In other words, the second requirement is satisfied. The following instructions will guide your decision on the first and third elements.

3B Fed. Jury Prac. & Instr. § 165.20 (5th ed.) (modified); Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 10.1 (1999).

## REQUESTED JURY INSTRUCTION NO. 8

### Excessive Force

Plaintiffs claim Defendant police officer Milo Box and Defendant police officer Denton Scherman used excessive force when they seized Isaiah Mark Lewis, deceased. Whether or not the force used was unreasonable is a question to be determined by you in light of all of the evidence received in the case.

You must determine the degree of force that a reasonable and prudent police officer would have applied under the circumstances shown from the evidence received in this case. In determining whether the Defendant police officer Milo Box or Defendant police officer Denton Scherman used excessive force, you may consider:

1. The extent of the injury suffered;

2. The need for the application of force;

3. The relationship between the need and the amount of force used;

4. The threat reasonably perceived by police officer Milo Box or police officer Denton Scherman; and

5. Any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance do not involve constitutionally protected interests.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with hindsight. The nature of

reasonableness must allow for the fact that police officers are often forced to make split-second judgments—under circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one. The question is whether Defendant police officer Milo Box's actions or Defendant Denton Scherman's actions were objectively reasonable in light of the facts and circumstances confronting each of them, without regard to either's underlying intent or motivation.

If you find that plaintiffs have proven their claim, you must then consider the defense of the defendant police officers that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that they are therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. Regarding the use of force, an officer's use of force must be "objectively reasonable", which requires consideration of the following factors: (1) The severity of the crime committed by Isaiah Mark Lewis; (2) Whether Isaiah Mark Lewis posed an immediate threat to the safety of the involved officers or others, including the resident of the home; and (3) Whether Isaiah Mark Lewis was actively resisting arrest or attempting to evade arrest by flight at the time of the use of force.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the

14

surrounding circumstances of the case as they would have reasonably appeared at the time of the seizure, you find from a preponderance of the evidence that plaintiffs have proved that defendant police officers knowingly violated the law regarding Isaiah Mark Lewis' constitutional rights, you must find for plaintiffs.

If, however, you find that defendant police officers had a reasonable belief that their actions did not violate the constitutional rights of Isaiah Mark Lewis, then you cannot find defendant police officers liable even if Isaiah Mark Lewis' rights were in fact violated as a result of the defendant police officers' objectively reasonable actions.

3B Fed. Jury Prac. & Instr. § 165.23 (5th ed.)

## **REQUESTED JURY INSTRUCTION NO. 9**

### **Reasonable Mistake**

The Fourth Amendment objective reasonableness standard allows room for reasonable errors in judgment. It is inevitable that police officers will in some cases mistakenly conclude that a particular course of conduct is proper. If the mistake is reasonable, defendants cannot be held liable.

The appropriate inquiry is whether Defendant police officer Milo Box's actions or Defendant Denton Scherman's actions were objectively reasonable in light of the facts and circumstances confronting each of them.

You should take into account that there may be more than one reasonable interpretation of the facts confronting each officer, and more than one reasonable response. Unless you find from all the facts and circumstances as they appeared to the police officers at the scene that no reasonable officer would have done what Officer Milo Box or Officer Denton Scherman did, then you should find for the Defendants.

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## REQUESTED JURY INSTRUCTION NO. 10

### Municipal Liability –Failure to Train

Plaintiffs claim that Isaiah Mark Lewis died as a result of Defendant City of Edmond's failure to properly train its officers and that this alleged failure can be considered to be the official policy of Defendant City of Edmond. Your verdict will be for Plaintiffs and against Defendant City of Edmond only if you first find that Isaiah Mark Lewis suffered a violation of his constitutional rights. If you so find, then you must also find:

First: That Defendant City of Edmond's training program was inadequate to train its officers and employees to carry out their duties;

Second: The need for more training or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant City of Edmond can reasonably be said to have been deliberately indifferent to the need for such training; and

Third: The failure of Defendant City of Edmond to provide proper training was a cause of Isaiah Mark Lewis' death.

If you find all of these elements are present, you should find in favor of Plaintiffs and against Defendant City of Edmond.  If you do not find any one of these elements, then you should find in favor of the Defendant City of Edmond and against the Plaintiffs.

3B Fed. Jury Prac. & Instr. § 165.26 (5th ed.) (modified)

## REQUESTED JURY INSTRUCTION NO. 11

### Deliberate Indifference

"Deliberate indifference" to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care.

3B Fed. Jury Prac. & Instr. § 165.41 (5th ed.)

## REQUESTED JURY INSTRUCTION NO. 12

### Municipalities - Policy Making at City of Edmond

Plaintiffs claim that Defendant City of Edmond, a municipality, is liable for the alleged constitutional deprivations. A city is liable for the deprivation of a constitutional right if the deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision. Therefore, if you find that Isaiah Mark Lewis died as the proximate or legal result of a City of Edmond policy, custom, ordinance, regulation or decision, whether made by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, the city itself will be responsible.

In matters of Edmond Police Department day to day operations, Chief of Police, J.D. Younger, is the official whose acts constitute final official policy of the City Edmond. In any other matters pertaining to Edmond, including employment decisions, Edmond City Manager, Larry Stevens, is the official whose acts constitute final official policy of the City of Edmond. Therefore, if you find that the acts of Chief Younger deprived Isaiah Mark Lewis of constitutional rights through Police operations, the City of Edmond is liable for such deprivations. If you find that the acts of City Manager Larry Stevens deprived Isaiah Mark Lewis of constitutional rights through employment decisions of Edmond, the City of Edmond is liable for such deprivations.

If you find that the City of Edmond did not deprive Isaiah Mark Lewis of his constitutional rights through any custom, policy, ordinance, regulation or decision, then you are instructed to find in favor of the Defendant City of Edmond and against Plaintiffs.

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989); *Monell v. Dept. of Social Servs. of New York*, 436 U.S. 658 (1978)

## REQUESTED JURY INSTRUCTION NO. 13

### Inadequate Training – Single Incident

Proof of a single incident of unconstitutional activity is insufficient to impose liability unless proof of the incident includes proof that it was caused by an existing municipal policy which policy can be attributed to a municipal policymaker. A simple finding of an "inadequate training" policy will not suffice to make the City of Edmond liable for failure to train.

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)

## <u>REQUESTED JURY INSTRUCTION NO. 14[1]</u>

**Other Instances of Alleged Excessive Force -- Limited Purpose**

You have heard evidence of other instances involving the use of force by Edmond police officers. You may consider that evidence only as it bears on whether the Defendant, City of Edmond, had knowledge or an absence of mistake with regard to the use of excessive force by its officers that contributed to Isaiah Lewis' death, and for no other purpose.

Of course, the fact that other police officers may have committed an act similar to the ones complained of by Plaintiffs in this case does not mean Defendants Milo Box or Denton Scherman necessarily committed the acts complained of in this case.

Finally, you may not consider the evidence of other instances involving the use of force by Edmond police officers as a basis for any damage award in this case, including either actual damages to Plaintiffs or punitive damages.

Fed. R. Evid. 404(b); 10th Cir. Criminal Pattern Jury Instructions 1.30; *Huddleston v. United States*, 485 U.S. 681, 691-692 (1988).

---

[1] Defendants object to the introduction of evidence related to other instances in which force was used to affect an arrest and in which Plaintiffs claim that force was excessive. However, in the event such evidence is admitted, Defendants request the above limiting instruction be given pursuant to Fed. R. Evid. 404(b).

## REQUESTED JURY INSTRUCTION NO. 15

### Unreasonable Seizure and Excessive Force
### Compensatory and Nominal Damages

If you find for Defendants on Plaintiffs' claims, you need not consider Plaintiffs' damages, if any. If you find for Plaintiffs on any or all of their claims for unreasonable seizure and/or excessive force, you must determine Plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for the deprivation of Isaiah Mark Lewis' civil rights proximately caused by Defendants. Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1. The reasonable cost of Isaiah Mark Lewis' medical and burial expenses;

2. Loss by Plaintiffs of Isaiah Mark Lewis' anticipated services and support;

3. Loss by Plaintiffs of companionship and love of Isaiah Mark Lewis;

4. Destruction of the parent-child relationship; and

5. Loss of monies expended by Plaintiffs in the support, maintenance and education of Isaiah Mark Lewis.

If you find for Plaintiffs, but you find that Plaintiffs have failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere

23

fact a constitutional deprivation has been shown to have occurred is an injury to the person

entitled to enjoy that right, even when no actual damages flow from the deprivation.

3B Fed. Jury Prac. & Instr. § 165.70 (5th ed.) (modified); OUJI 3d, Instruction 8.2
(modified)

## REQUESTED JURY INSTRUCTION NO. 16

### Assault – Definition

An assault is any willful and unlawful attempt or offer to do a bodily hurt to another with force or violence. A person intends to put another in apprehension of a harmful contact if he purposely does any act to place the other in such apprehension, or acts with knowledge that such apprehension will probably result.

OUJI-CR 4-2; OUJI 2d., Instruction 19.3

## REQUESTED JURY INSTRUCTION NO. 17

### Battery – Definition

A battery is any willful and unlawful use of force or violence upon the person of another. A person intends to commit a battery if he acts for the purpose of making a harmful contact with another.

OUJI-CR 4-3; OUJI 2d., Instruction 19.8

## REQUESTED JURY INSTRUCTION NO. 18

### Self Defense

Defendant City of Edmond is not liable to Plaintiffs on their state law claim of negligent use of force by either Defendant police officer Milo Box or Defendant police officer Denton Scherman if the affirmative defense of self-defense is established. This defense is established if you find both of the following:

1.      Defendant police officer Milo Box and Defendant police officer Denton Scherman honestly and reasonably believed (although perhaps mistakenly) that under the circumstances it was necessary for each of them to use force to protect themselves against an actual or apparent threatened, harmful contact; and

2.      Defendant police officer Milo Box and Defendant police officer Denton Scherman used no more force than an ordinary police officer would have used under the same or similar circumstances to protect himself or others against the actual or apparent threatened contact.

OUJI 2d., Instruction No. 19.14 (modified)

## **REQUESTED JURY INSTRUCTION NO. 19**

### **Necessary Force**

Any necessary force may be used to protect from wrongful injury to the person or property of one's self, or of a wife, husband, child, parent or other relative, or member of one's family, or of a ward, servant, master, or guest.


OUJI 2d., Instruction No. 19.16

## REQUESTED JURY INSTRUCTION NO. 20

### Scope of Employment

An employee is acting within the scope of his employment if he is engaged in the work which has been assigned to him by his employer, or is doing that which is proper, usual and necessary to accomplish the work assigned to him by his employer, or is doing that which is customary within the particular trade or business in which the employee is engaged.

OUJI 2d Instruction No. 6.7

## REQUESTED JURY INSTRUCTION NO. 21

### Proximate Cause

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff and that plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

3B Fed. Jury Prac. & Instr. § 165.42 (5th ed.) (modified)

## REQUESTED JURY INSTRUCTION NO. 22

### Burden of Proof -Preponderance of the Evidence

When I say that a party must prove an element of his/its claim by a preponderance of the evidence, I mean the evidence must establish that element is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

Plaintiffs have the burden of proving each and every element of Plaintiffs' claims by a preponderance of the evidence. If you find that plaintiffs have not proved any one of the elements for a particular claim by a preponderance of the evidence, you must return a verdict for Defendants on that claim. The Defendants are required to prove their affirmative defenses by a preponderance of the evidence.

OUJI 3d, Instruction No. 3.1 (modified)

## REQUESTED JURY INSTRUCTION NO. 23

### Wanton Conduct

An act is "wantonly" done, if done in a reckless or callous disregard or indifference to the rights of one or more persons, including the injured person.


3B Fed. Jury Prac. & Instr. § 165.44 (5th ed.) (modified)

## **REQUESTED JURY INSTRUCTION NO. 24[2]**

### **Punitive Damages**

You may not award punitive damages against the City of Edmond. Neither are you permitted to award punitive damages against Milo Box for conduct to which he was not a party or for conduct in which he was not involved. Neither are you permitted to award punitive damages against Denton Scherman for conduct to which he was not a party or for conduct in which he was not involved.

Ninth Circuit Civil Jury Instruction No. 5.5 (2007) (modified)

---

[2] Defendants object to the giving of any punitive damage instruction. However, in the event the Court so instructs, Defendants submit this instruction and do not object to its contents.

## **REQUESTED JURY INSTRUCTION NO. 25[3]**

### **Unreasonable Seizure and Excessive Force**

### **Punitive Damages**

The law permits the jury under certain circumstances to award a plaintiff punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiffs and against Defendant police officer Milo Box or Defendant police officer Denton Scherman and if you find the conduct of Milo Box or Denton Scherman as submitted in Instruction Number 8 was recklessly and callously indifferent to Isaiah Mark Lewis' constitutional rights, then, in addition to any other damages to which you find Plaintiffs entitled, you may, but are not required to, award Plaintiffs an additional amount as punitive damages if you find it is appropriate to punish Defendant police officer Milo Box or Defendant police officer Denton Scherman, or deter Defendant police officer Box or Defendant police officer Scherman and others from like conduct in the future. Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

3B Fed. Jury Prac. & Instr. § 165.71 (5th ed.)

---

[3] Defendants object to the giving of any punitive damage instruction. However, in the event the Court so instructs, Defendants submit this instruction and do not object to its contents.

## REQUESTED JURY INSTRUCTION NO. 26

### Avoidance of Double Recovery

If you find Defendants violated more than one of Isaiah Mark Lewis' constitutional rights, Plaintiffs are entitled to be compensated for the injuries Plaintiffs' and/or Isaiah Mark Lewis actually suffered. Thus, if the Defendants violated more than one of Isaiah Mark Lewis' rights, but the resulting injury was no greater than it would have been had Defendant police officers violated only one of those rights, you should award an amount of compensatory damages no greater than you would award if Defendant police officers had violated only one of Isaiah Mark Lewis' rights.

However, if Defendants violated more than one of Isaiah Mark Lewis' rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate Plaintiffs for the separate injuries Plaintiffs and/or Isaiah Mark Lewis have suffered.

3B Fed. Jury Prac. & Instr. § 165.73 (5th ed.)

## REQUESTED JURY INSTRUCTION NO. 27

### Municipal Liability – Failure to Supervise & Control

Plaintiffs claim that Isaiah Mark Lewis died as a result of Defendant City of Edmond's failure to properly supervise and control its officers and that this alleged failure can be considered to be the official policy of Defendant City of Edmond. Your verdict will be for Plaintiffs and against Defendant City of Edmond only if you first find that Isaiah Mark Lewis suffered a violation of his constitutional right to be free from excessive force or his constitutional right to the equal protection of the laws. If you so find, before you can find for Plaintiffs and against Defendant City of Edmond, you must also find:

First: That the use of force arose under circumstances that constituted a usual and recurring situation with which police officers must deal;

Second: That Edmond's inadequate supervision or control demonstrated a deliberate indifference on the part of the Chief of Police and/or City Manager toward persons with whom Edmond officers come into contact; and

Third: That a direct causal link exists between the constitutional deprivation(s) and the inadequate supervision or control.

*Allen v. Muskogee*, 119 F. 3d 837, 841-42 (10 Cir. 1997); Lewis *v. Board of Sedgwick Co. Comm.*, 140 F. Supp.2d 1125, 1132 (D. Kan. 2001).

36

## REQUESTED JURY INSTRUCTION NO. 28

### Equal Protection Claim – Race Discrimination

In this case, Plaintiffs claim that Defendant City of Edmond intentionally discriminated against Isaiah Mark Lewis because of his race in violation of Isaiah Mark Lewis' constitutional rights protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Defendant City of Edmond denies Plaintiffs' claim and asserts that it acted in an objectively reasonable manner under the circumstances without regard to Isaiah Mark Lewis' race.

The Fourteenth Amendment's Equal Protection Clause prohibits discrimination against citizens on the basis of race.

To succeed on their claim against Defendant City of Edmond, Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First: Defendant Milo Box or Defendant Denton Scherman intentionally discriminated against Isaiah Mark Lewis because of his race;

Second: Such intentional discrimination was the result of a "policy or custom" of Defendant City of Edmond; and

Third: Isaiah Mark Lewis died because of Defendant City of Edmond's "policy or custom."

A "policy or custom" includes a:

(a) rule or regulation enacted, adopted, or ratified by City of Edmond;

(b) policy statement or decision that City of Edmond's policymakers made; or

(c) practice or course of conduct that is so widespread that it has acquired the force of law – even if the practice has not been formally approved. You may find that a "policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that City of Edmond's policymaker[s] either knew about it, or should have known about it.

Police Chief JD Younger and City Manager Larry Stevens are City of Edmond's "policymakers."

If Plaintiffs fail to prove any of these elements, your verdict should be for the Defendant City of Edmond on this claim.

If you find that Plaintiffs have proved each element of their claim against the City of Edmond, you must decide the issue of Plaintiffs' damages. If Plaintiffs failed to prove any of the necessary elements against Defendant City of Edmond, then you must decide the issue in favor of Defendant City of Edmond and you do not need to consider damages.

Civil Pattern Jury Instructions for the 11th Circuit, Instruction No. 4.4 (modified)

## **REQUESTED JURY INSTRUCTION NO. 29**

### **Negligence – Elements of Liability**

Parties claiming damages have the burden of proving each of the following propositions:

First, that they have sustained injury;

Second, that the party from whom it seeks to recover was negligent;

And, third, that such negligence was a direct cause of the injury sustained by the claiming parties.

OUJI 3d, Instruction No. 9.1 (modified)

## **REQUESTED JURY INSTRUCTION NO. 30**

### **Negligence - Defined**

Since Plaintiffs' state law tort claim against the City of Edmond is based on the theory of negligence, you must understand what the terms "negligence" and "ordinary care" mean in the law with reference to this case.

"Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property. "Ordinary care" is the care which a reasonably careful person would use under the same or similar circumstances. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide. Thus, under the facts in evidence in this case, if a party or Isaiah Mark Lewis failed to do something which a reasonably careful person would do, or did something which a reasonably careful person would not do, such party would be negligent or Isaiah Mark Lewis would be contributorily negligent.

OUJI 3d, Instruction No. 9.2 (modified)
.

## **REQUESTED JURY INSTRUCTION NO. 31**

### **Assumption of Risk**

If Isaiah Mark Lewis assumed the risk of injury, Defendant City of Edmond was relieved of its legal duty and cannot be charged with negligence.

Isaiah Mark Lewis assumed the risk of injury resulting from Milo Box's and/or Denton Scherman's negligence if he voluntarily exposed himself to injury with knowledge and appreciation of the danger and risk involved. To establish this defense, Defendant City of Edmond must show by the weight of the evidence that:

      1. Isaiah Mark Lewis knew of the risk and appreciated the degree of danger;

      2. Isaiah Mark Lewis had the opportunity to avoid the risk;

      3. Isaiah Mark Lewis acted voluntarily; and

      4. Isaiah Mark Lewis' actions were the direct cause of his injury.

OUJI 3d, Instruction No. 9.14 (modified); *Thomas v. Holliday*, 1988 OK 116, 764 P.2d 165.

41

## REQUESTED JURY INSTRUCTION NO. 32

### Comparative Negligence: One Defendant – Definition

As a part of its defense, Defendant City of Edmond first denies that any negligence on its part was the direct cause of the occurrence involved in this lawsuit and any resulting injuries to Plaintiffs. Defendant City of Edmond further contends that if, however, the jury should find that it was negligent to some degree, then it is its contention that Isaiah Mark Lewis' own negligence exceeded Milo Box's and/or Denton Scherman's negligence, so as to prevent any recovery by Plaintiffs in this lawsuit.  To establish this defense, Defendant City of Edmond must show by the greater weight of the evidence that Isaiah Mark Lewis was negligent and his negligence was a direct cause of his injury.

Under the law you are to compare the percentage (0%-100%) of negligence of Isaiah Mark Lewis, if any, with the percentage (0%-100%) of negligence of Defendant City of Edmond, if any.

The law provides that contributory negligence, which means the negligence of Isaiah Mark Lewis, shall not bar recovery of damages unless such negligence of Isaiah Mark Lewis is of a greater degree, established by percentage, than the negligence of Defendant City of Edmond. The percentage (0%-100%) of negligence you find for Isaiah Mark Lewis and Defendant City of Edmond should be stated in the appropriate verdict form, unless you find that Isaiah Mark Lewis or Defendant City of Edmond was free from negligence.

OUJI 3d, Instruction No. 9.18 (modified)

## REQUESTED JURY INSTRUCTION NO. 33

### HOMICIDE – DEFINED

Because there has been evidence presented that the Medical Examiner determined the Manner of Death to be "Homicide", it is important for you to know what "homicide" means in this context.

Homicide is the killing of one human being by the act of another.  It is the act of a human being in taking away the life of another human being.  The term "homicide" is neutral; while it describes the act, it pronounces no judgment on its moral or legal quality. "Homicide" is not synonymous with "murder". They are not the same.

*Black's Law Dictionary*, 5th Edition

## REQUESTED JURY INSTRUCTION NO. 34

### EMPLOYER AND EMPLOYEE- ONLY EMPLOYER SUED- NO ISSUE AS TO RELATIONSHIP- ACTS OF EMPLOYEE AS ACTS OF EMPLOYER

Milo Box and Denton Scherman were the employees of the City of Edmond at and before the time of this occurrence. Therefore, an act or omission of Milo Box or Denton Scherman within the scope of employment at the time was in law the act or omission of the City of Edmond.

OUJI 3d, Instruction No. 7.2

45

## REQUESTED JURY INSTRUCTION NO. 35

### Verdict Forms (Negligence), Comparative, One Defendant – Directions

If you find the occurrence with which this lawsuit is concerned was directly caused by the contributory negligence of Isaiah Mark Lewis, and not by the negligence on the part of Defendant City of Edmond, or, if you find that Plaintiffs have failed to prove Defendant City of Edmond was negligent, then you shall use the appropriate verdict form and find in favor of Defendant City of Edmond.

If you find that the occurrence with which this lawsuit is concerned was directly caused by the negligence of Defendant City of Edmond and the contributory negligence of Isaiah Mark Lewis, then you shall use the appropriate verdict form and determine the percentages of their negligence. You will note that this verdict form first requires that you fill in some percentage of negligence for both Isaiah Mark Lewis and the Defendant City of Edmond. These percentages must total one hundred percent (100%). If the figure you fill in as the percentage of negligence of Isaiah Mark Lewis is greater than the figure that you insert as the percentage of negligence of Defendant City of Edmond, the Plaintiffs are not entitled to recover any damages. In this event, you need not fill in the space provided for the amount of Plaintiffs' damages, and you should sign and return the verdict.

If, on the other hand, the figure you fill in as the percentage of negligence of Isaiah Mark Lewis is equal to or smaller than the one you insert as the percentage of negligence of Defendant City of Edmond, then you shall proceed, as the verdict form directs, to fill in

46

the total amount of damages which you find were sustained by Plaintiffs. As the verdict form advises, in determining this damages figure, you should completely disregard the respective percentages of negligence which you have fixed for Isaiah Mark Lewis and Defendant City of Edmond. When you have filled in this damages figure, you should then properly sign and return the verdict.

You are instructed, in this latter event, that whatever dollar amount you insert as the damages sustained by Plaintiffs will be reduced by the Court by that percentage of negligence which you have attributed to Isaiah Mark Lewis.

OUJI 3d, Instruction No. 9.27 (modified); OUJI 3d, Instruction 9.33 (modified)

<u>**REQUESTED JURY INSTRUCTION NO. 36**</u>[4]

**VERDICT**

**Federal Civil Rights/§1983 Claims Against Defendants**

1. On Plaintiffs' claim against Defendant police officer Milo Box for an unreasonable seizure by way of the use of a taser, we find in favor of (check one):

[ ] Plaintiffs or [ ] Defendant Milo Box

2. If you found in favor of Plaintiffs on question 1, answer this question. If you found in favor of Defendant Milo Box, skip this question and proceed to question 3.

On Plaintiffs' claim that a policy or practice of the City of Edmond caused an unreasonable seizure by way of the use of a taser, we find in favor of (check one):

[ ] Plaintiffs or [ ] City of Edmond

3. On Plaintiffs' claim against Defendant police officer Denton Scherman for an unreasonable seizure by way of the use of a firearm, we find in favor of (check one):

[ ] Plaintiffs or [ ] Defendant Denton Scherman

4. If you found in favor of Plaintiffs on question 3, answer this question. If you found in favor of Defendant Denton Scherman, skip this question and proceed to question 5.

---

[4] Defendants object to the inclusion of punitive damage instructions/interrogatories on the verdict form. However, in the event the Court so instructs, Defendants submit this verdict form and do not object to its contents.

On Plaintiffs' claim that a policy or practice of the City of Edmond caused an unreasonable seizure by way of the use of a firearm, we find in favor of (check one):

[ ] Plaintiffs or [ ] City of Edmond

5. On Plaintiffs' claim against Defendant police officer Milo Box for excessive force, we find in favor of (check one):

[ ] Plaintiffs or [ ] Defendant Milo Box

6. If you found in favor of Plaintiffs on question 5, answer this question. If you found in favor of Defendant Milo Box, skip this question and proceed to question 7.

On Plaintiffs' claim that a policy or practice of the City of Edmond caused the use of excessive force, we find in favor of (check one):

[ ] Plaintiffs or [ ] City of Edmond

7. On Plaintiffs' claim against Defendant police officer Denton Scherman for excessive force, we find in favor of (check one):

[ ] Plaintiffs or [ ] Defendant Denton Scherman

8. If you found in favor of Plaintiffs on question 7, answer this question. If you found in favor of Defendant Denton Scherman, skip this question and move to question 9.

On Plaintiffs' claim that a policy or practice of the City of Edmond caused the use of excessive force, we find in favor of (check one):

[ ] Plaintiffs or [ ] City of Edmond

9.  On Plaintiffs' claim that a policy or practice of the City of Edmond caused the violation of Isaiah Mark Lewis' 14th Amendment Equal Protection rights, we find in favor of (check one):

[ ] Plaintiffs or [ ] City of Edmond

**STOP. If none of the above findings are in favor of Plaintiffs, your deliberations are complete. The foreperson you have elected should sign the bottom of this verdict form and notify the bailiff you have reached a verdict. If, however, any of the above findings are in favor of Plaintiffs, complete the following paragraphs.**

9. We find Plaintiffs' actual damages to be:

$_____ [stating the amount, or if you find that Plaintiffs' damages have no monetary value, set forth a nominal amount such as $1.00].

**You may not award punitive damages against Defendant police officer Milo Box unless you have first found against him on the particular claims above and awarded Plaintiffs nominal or actual damages.**

10. If you found in favor of Plaintiffs on question 1 or question 5, answer this question. If you found in favor of Defendant Milo Box on questions 1 or 5, skip this question.

On Plaintiffs' claim that Defendant police officer Milo Box acted with reckless indifference to Isaiah Lewis' constitutional rights, in violation of 42 U.S.C. § 1983, we find in favor of (check one):

[ ] Plaintiffs or [ ] Defendant Milo Box

**You may not award punitive damages against Defendant police officer Denton Scherman unless you have first found against him on the particular claims above and awarded Plaintiffs nominal or actual damages.**

11. If you found in favor of Plaintiffs on question 3 or question 7, answer this question. If you found in favor of Defendant Denton Scherman on questions 3 or 7, skip this question.

On Plaintiffs' claim that Defendant police officer Denton Scherman acted with reckless indifference to Isaiah Lewis' constitutional rights, in violation of 42 U.S.C. § 1983, we find in favor of (check one):

[ ] Plaintiffs or [ ] Defendant Denton Scherman


Dated: _____, 2021.
Signed: _____
    Jury Foreperson

## REQUESTED JURY INSTRUCTION NO. 37[5]

### Punitive Damages –Second Stage—Milo Box

Ladies and Gentlemen of the jury, you have found in favor of Plaintiffs and granted them actual damages, and you have also found by a separate verdict that Defendant police officer Milo Box acted with reckless disregard of the rights of others.

You may now, in addition to actual damages, grant the Plaintiffs punitive damages in such sum as you reasonably believe will punish Defendant Milo Box and be an example to others.

Punitive damages are not to be considered as compensation to Plaintiffs, but as punishment to Defendant Milo Box, and as an example to others to deter them from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

You may not use punitive damages to punish Defendant Milo Box directly on account of harms that Defendant Milo Box may have caused to others. Similarly, you may not punish Milo Box for conduct to which he was not a party, nor for conduct with which he was not involved.

---

[5] Defendants object to the giving of any punitive damage instruction. However, in the event the Court so instructs, Defendants submit this instruction and do not object to its contents.

In determining the amount of punitive damages, you may consider the following factors:

1. The seriousness of the hazard to the public arising from defendant's misconduct;

2. The profitability of the misconduct to defendant;

3. How long the conduct lasted and whether it is likely to continue;

4. Whether there were attempts to conceal the misconduct;

5. How aware defendant was of the conduct and its consequences and how aware defendant was of the hazard and of its excessiveness;

6. The attitude and conduct of defendant upon finding out about the misconduct;

7. The financial condition of defendant];

In no event should the punitive damages exceed the greater of $100,000.00 or the amount of actual damages you have previously awarded.


OUJI 2d, Instruction No. 5.9

## REQUESTED JURY INSTRUCTION NO. 38[6]

### Punitive Damages –Second Stage—Denton Scherman

Ladies and Gentlemen of the jury, you have found in favor of Plaintiffs and granted them actual damages, and you have also found by a separate verdict that Defendant police officer Denton Scherman acted with reckless disregard of the rights of others.

You may now, in addition to actual damages, grant the Plaintiffs punitive damages in such sum as you reasonably believe will punish Defendant Denton Scherman and be an example to others.

Punitive damages are not to be considered as compensation to Plaintiffs, but as punishment to Defendant Denton Scherman, and as an example to others to deter them from like conduct. The law does not require you to award punitive damages, and if you do so, you must use sound reason in setting the amount. You should be aware that the purpose of punitive damages is to punish and not destroy a defendant.

You may not use punitive damages to punish Defendant Denton Scherman directly on account of harms that Defendant Denton Scherman may have caused to others. Similarly, you may not punish Denton Scherman for conduct to which he was not a party, nor for conduct with which he was not involved.

---

[6] Defendants object to the giving of any punitive damage instruction. However, in the event the Court so instructs, Defendants submit this instruction and do not object to its contents.

54

In determining the amount of punitive damages, you may consider the following factors:

1. The seriousness of the hazard to the public arising from defendant's misconduct;

2. The profitability of the misconduct to defendant;

3. How long the conduct lasted and whether it is likely to continue;

4. Whether there were attempts to conceal the misconduct;

5. How aware defendant was of the conduct and its consequences and how aware defendant was of the hazard and of its excessiveness;

6. The attitude and conduct of defendant upon finding out about the misconduct;

7. The financial condition of defendant;

In no event should the punitive damages exceed the greater of $100,000.00 or the amount of actual damages you have previously awarded.


OUJI 2d, Instruction No. 5.9

## **REQUESTED JURY INSTRUCTION NO. 39[7]**

## **VERDICT**

### **Punitive Damages –Second Stage—Milo Box**

We find punitive damages against Defendant Milo Box in the amount of:

$\$$_____

---

[7] Defendants object to any punitive damage verdict form being given to the jury. However, in the event the Court provides the jury a punitive damage verdict form, Defendants submit this form and do not object to its contents.

# REQUESTED JURY INSTRUCTION NO. 40[8]

## VERDICT

## Punitive Damages –Second Stage—Denton Scherman

We find punitive damages against Defendant Denton Scherman in the amount of:

$\ \ \$\underline{\hspace{3cm}}$

---

[8] Defendants object to any punitive damage verdict form being given to the jury. However, in the event the Court provides the jury a punitive damage verdict form, Defendants submit this form and do not object to its contents.

## REQUESTED JURY INSTRUCTION NO. 41

In addition to the federal civil rights claims brought by Plaintiffs, Plaintiffs have also sued Defendant City of Edmond under state law.  Plaintiffs claim that Defendant City of Edmond is liable for the negligent conduct of its officers, Defendant Milo Box and Defendant Denton Scherman.

Such claim is governed by the Oklahoma Governmental Tort Claims Act.  The elements of the state law negligence claim are different than the elements that must be proved on the civil rights claims, as was explained in the preceding instructions.  And, such claim can only be brought against Defendant City of Edmond and it cannot be brought against Defendant Milo Box and Defendant Denton Scherman as a matter of law.

51 O.S. § 151 *et seq.*

## REQUESTED JURY INSTRUCTION NO. 42

### VERDICT – NEGLIGENCE

1. On Plaintiffs' state law negligence claim against Defendant City of Edmond, we find in favor of (check one):

[ ] Plaintiffs or [ ] Defendant City of Edmond

If you found in favor of Defendant City of Edmond, your deliberations on the state law negligence claims are concluded.

If you found in favor of Plaintiffs on the state law negligence claim, you must determine the reasonable amount to compensate Plaintiffs for their damages and fill the number in the space below.  You are instructed that the amount awarded cannot exceed the sum of One Hundred Twenty-Five Thousand dollars ($125,000.00).

With respect to the state law negligence claim, we find Plaintiffs' actual damages to be:

$_____ [stating the amount, not to exceed $125,000.00]


Dated: _____, 2021.
Signed: _____
        Jury Foreperson

## REQUESTED JURY INSTRUCTION NO. 43

## VERDICT – COMPARATIVE NEGLIGENCE

1.      Isaiah Mark Lewis' contributory negligence        _____%

2.      Defendant City of Edmond's negligence        _____%

The following shall be answered only if the percentage of Isaiah Mark Lewis' contributory negligence is equal to or of lesser percentage than the negligence of Defendant City of Edmond.

3.      We find the dollar amount of actual damages sustained by Plaintiffs, without regard to the percentages of contributory negligence of Isaiah Mark Lewis and the negligence of Defendant City of Edmond is the sum of $_____. You are instructed that the amount awarded cannot exceed the sum of One Hundred Twenty-Five Thousand dollars ($125,000.00). This dollar amount will be reduced by the judge by the percentage established in Item 1 above.

Dated: _____, 2021.
Signed: _____
       Jury Foreperson

Respectfully submitted,

s/        B.      Taylor      Clark
Richard Hornbeek, OBA # 10855
B. Taylor Clark, OBA # 22524
Hornbeek Vitali & Braun, PLLC
3711 North Classen Boulevard
Oklahoma City, OK 73118
(405) 236-8600 Telephone
(405) 236-8602 Facsimile
hornbeek@hvblaw.com
clark@hvblaw.com
*Attorneys for City of Edmond*

s/ Cody J. Cooper

*electronically signed and filed
with permission*

Cody J. Cooper, OBA # 31025

Phillips Murrah, P.C.

Corporate Tower, Thirteenth
Floor

101 North Robinson

Oklahoma City, OK 73102

cjcooper@phillipsmurrah.com

(405) 235-4100 Telephone

(405) 235-4133 Facsimile

*Counsel for Defendants Police Sgt.
Milo Box and Police Officer
Denton Scherman*

61

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 2nd day of July, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

David J. Batton
dave@dbatttonlaw.com
battonlaw@coxinet.net
*Attorney for Plaintiffs*

Andrew M. Stroth
Carlton Odim
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com
*Attorneys for Plaintiffs*

Woodrow K. Glass
Geoffrey A. Tabor
woody@wardglasslaw.com
geoffrey@wardglasslaw.com
*Attorneys for Plaintiffs*

s/ B. Taylor Clark
B. Taylor Clark