## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) VICKI JO LEWIS, individually and as co-Personal Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased; and (2) TROY LEVET LEWIS, individually and as co-Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-19-489-R |
| (1) CITY OF EDMOND, OKLAHOMA; (2) POLICE SGT. MILO BOX; AND (3) POLICE OFFICER DENTON SCHERMAN, | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' PROPOSED VOIR DIRE

Plaintiffs Vicki Jo Lewis and Troy Levet Lewis, individually and as Co-Personal Representatives of the Estate of Isaiah Mark Lewis ("Isaiah"), deceased, submit the following Proposed Voir Dire.

### Knowledge of the Case

1.     Have you ever heard of this lawsuit or the circumstances of the death of Isaiah Lewis before today?

2.     If so, when did you first hear of this lawsuit or the circumstances leading to it?

3.      If so, how did you become aware of this lawsuit or the circumstances leading to it?

4.      If so, as a result of your prior knowledge, have you formed any opinions about who should win or lose?

5.      If so, would either party have to present any evidence before you would change the present opinions that you have about this case?

6.      If so, despite your past knowledge of this lawsuit, can you set aside what you have heard before today and try this case solely upon the believable and credible evidence introduced during the trial and the applicable law as I instruct you?

### Lawyers

7.      Do you know any of the lawyers or law firms involved in this case?

8.      If so, what is your relationship with the lawyer(s) of law firm(s) that you know?

9.      If so, would you be inclined to favor or disfavor the client of the lawyer(s) or law firm(s) that you know?

10.      If so, would your knowledge of the lawyer(s) or the law firm(s) in any way affect your ability to be a fair and impartial juror?

### Witnesses

11.      Some of the following witnesses may be called to testify at trial:

A. Vicki Jo Lewis

B. Troy Levet Lewis

C. Dante Lewis

D. Jordan Lewis

E. Police Sgt. Milo Box

F. Police Officer Denton Scherman

G. Detective Jimmy Gwartney

H. Detective Sergeant Greg Hunt

I. Sergeant Timothy Radcliff

J. Sergeant Page Hussey

K. Tossaporn Sriyap

L. Kamri Pollock

M. Chief J.D. Younger

O. Lieutenant Jeff Richardson

P. Sergeant Michael King

Q. Detective Brenton Brown

R. Kelly Moore

S. Brian Hale

T. Jeremy Benavides

U. Rockie Yardley

12.     Do you know or think you know any of these witnesses?

13.     If so, what is your relationship with the witness(es) that you know?

14. If so, would you be inclined to give greater or lesser weight to testimony of a witness that you know?

15. If so, would your knowledge of a witness in any way affect your ability to be a fair and impartial juror?

## Parties

16. Do you know the Plaintiffs or their son, Isaiah Lewis, deceased?

17. If so, how did you become acquainted with them?

18. If so, when did you first have knowledge of them?

19. If so, is there anything about your knowledge of Vicki Jo Lewis, Troy Levet Lewis, or Isaiah Lewis that would cause you to be biased either for or against them?

20. Have you or has anyone in your immediate family or a close personal friend ever been employed by the City of Edmond or the Edmond Police Department?

21. If so, in what capacity were you or that person employed?

22. If so, is there anything about your or that person's employment with these entities that would cause you to be biased either for or against Plaintiffs?

## Damages

23. Could you return a verdict against the Defendants and in favor of Plaintiffs if the evidence and the applicable law supported a verdict in favor of Plaintiffs?

24. Would you have any hesitancy to award a money verdict against the Defendants and in favor of Plaintiffs if the evidence and the applicable law supported a verdict in favor of Plaintiffs?

25.     Would you have any reluctance to award a money verdict in an amount that will adequately compensate Plaintiffs for their damages if the evidence and the applicable law support a verdict in favor of Plaintiffs?

26.     Would you have any reluctance to award a money verdict in an amount that will adequately compensate Plaintiffs for their non-economic damages, such as mental pain and anguish, grief, and loss of companionship?

## Burden of Proof

27.     Do you understand that this is a civil case and that the burden of proof required to prove the case is different than in a criminal case?

28.     In a civil case such as this case, the party with the burden of proof must prove their claims only by a preponderance of the evidence, or evidence that is more probably true than not true. In a criminal case, the burden of proof is beyond a reasonable doubt. Are you troubled by the fact that a civil case requires a lesser burden of proof than a criminal case does?

## Prior Jury Service

29.     Have you ever served on a jury before?

30.     If so, was it a civil or criminal case?

31.     If it was a civil case, what was the nature of it?

32.     If so, were you able to reach a verdict in each case in which you served as a juror?

33.     If so, have you ever been selected as the foreperson of a jury?

34.     Is there anything about your prior jury service that would cause you to be biased for or against either of the parties to this lawsuit?

35.     If selected as a juror in this case, will you set aside the facts and applicable law that pertained to the other cases on which you served as a juror and try this case solely on the believable and credible evidence and the applicable law as I instruct you?

### Other Lawsuits

36.     Have you or has anyone in your immediate family ever been sued in a civil action other than for divorce?

37.     If so, what kind of a lawsuit was it?

38.     If so, was there anything about what happened in your lawsuit that would affect your ability to be fair in this case?

39.     Do you believe that a person should be allowed to file a lawsuit and have a jury of his or her peers sit in judgment as the triers of fact?

### Civil Rights – Law Enforcement

40.     Has anyone filed a lawsuit alleging a violation of their civil rights involving law enforcement officers against you or against any of your employers?

41.     If so, what was the alleged basis of the civil rights violations?

42.     If so, is there anything about what happened in the lawsuit regarding a violation of civil rights that would affect your ability to be a fair juror in this lawsuit?

43.     Do you personally know anyone who has filed a lawsuit alleging a violation of civil rights involving law enforcement officers in any court of law?

44.     If so, what was the alleged basis of the civil rights violations?

45.     If so, is there anything about what happened regarding that case that would affect your ability to be fair in this lawsuit?

46.     Do you agree or disagree with federal and state laws that prohibit law enforcement officers from violating citizens' civil rights?

47.     What is the nature of your opinion?

48.     If so, would you be able to set aside your own personal beliefs about laws which prohibit law enforcement officers from violating citizens' civil rights and decide this case solely upon the law as I instruct you and upon believable and credible evidence?

### Employment and Personal History

49.     Are you employed?

50.     Who is your employer?

51.     What type of work do you perform?

52.     If you are married or have a significant other, is your spouse or significant other employed?

53.     If so, by whom?

54.     What type of work does your spouse or significant other perform?

55.     Do you believe that law enforcement departments and law enforcement officers should be held liable if they violate a person's civil rights?

56.     If not, what is the basis for your belief in that regard?

57.     Have you ever worked in law enforcement or for a law enforcement agency?

58.   If so, how long did you work in such a role?

59.   Have you had any training, experience or education related to law enforcement?

60.   If so, what is the nature of your training, experience, or education?

61.   Do you have any preconceived feelings or beliefs about people who claim to have had their civil rights violated by law enforcement?

62.   If so, what are your feelings or beliefs about that subject?

## Miscellaneous Questions

63.   Would you desire for a juror with your present frame of mind to serve as a juror if you were a party to this lawsuit?

64.   Is there anything about the nature of this lawsuit that causes you to believe that you could not be fair and impartial to both parties?

65.   Would you follow and apply the law as you are instructed you even if you personally disagree with the law?

66.   Do you know of any reason why you could not be a fair and impartial juror to both sides in this case?

67.   How many of you think the jury system is a good way to resolve disputes?

68.   Without telling me your specific thoughts or opinion, do any of you have strong feelings against lawsuits in general?

69.   How long have you held this opinion or belief?

70.    Do you think that you can put this belief or opinion aside, be fair and impartial to the parties, and follow and apply the law as I instruct you?

71.    Without telling me your specific thoughts or opinion, do any of you have strong feelings against large jury verdict awards?

72.    How long have you held this opinion or belief?

73.    Do you think that you can put this belief or opinion aside, be fair and impartial to the parties, and follow and apply the law as I instruct you?

Respectfully submitted,

/s/ Geoffrey A. Tabor

Andrew M. Stroth, IL Bar # 6276013
Carlton Odim, IL Bar # 6182368
Action Injury Law Group, LLC
191 North Wacker Drive Suite 2300
Chicago, IL 60606
Tel: (312) 771-2444
Fax: (312) 641-6866
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com

and

Woodrow K. Glass, OBA#15690
Geoffrey A. Tabor, OBA#32880
Ward & Glass, LLP
1601 36th Avenue
Norman, OK 73072
(405) 360-9700

and

David J. Batton, OBA #11750
Law Office of David J. Batton
P.O. Box 1285
(330 W. Gray, Suite 304)
Norman, OK 73070
Tel: (405) 310-3432
Fax: (405) 310-2646
dave@dbattonlaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on July 2, 2021, through the Court's CM/ECF system, thereby causing electronic service on all parties by their counsel of record.

/s/ Geoffrey A. Tabor