## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) VICKI JO LEWIS, individually and as co-Personal Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased; and (2) TROY LEVET LEWIS, individually and as co-Representative of the ESTATE OF ISAIAH MARK LEWIS, deceased, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-19-489-R |
| (1) CITY OF EDMOND, OKLAHOMA; (2) POLICE SGT. MILO BOX; AND (3) POLICE OFFICER DENTON SCHERMAN, | ) ) ) ) | |
| Defendants. | ) | |

---

### FINAL PRETRIAL REPORT

---

Submitted: July 2, 2021

All counsel who will appear at trial:

**Appearing for Plaintiff:**

Andrew M. Stroth
(IL Bar #6276013)
Carlton Odim
(IL Bar #6182368)
Action Injury Law Group, LLC
191 North Wacker Drive #2300
Chicago, IL 60606
Tel: (312) 771-2444
Fax: (312) 641-6866
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com

Woodrow K. Glass
(OBA #15690)
Geoffrey A. Tabor
(OBA #32880)
Ward & Glass, LLP
1601 36th Avenue
Norman, OK 73072
(405) 360-9700

woody@wardglasslaw.com
geoffrey@wardglasslaw.com

David Batton
(OBA #11750)
Law Office of David J.
Batton
P.O. Box 1285
330 W. Gray, Suite 304
Norman, OK 73070
Tel: (405) 310-3432
Fax: (405) 310-2646
dave@dbattonlaw.com

**Appearing for Defendants:**

Kathryn D. Terry, OBA# 17151
Cody J. Cooper, OBA# 31025
Phillips Murrah P.C.
101 North Robinson Corporate Tower, 13th Floor
Oklahoma City, OK 73102
Tel: (405) 235-4100
Fax: (405) 235-4133 Facsimile
kdterry@phillipsmurrah.com
cjcooper@phillipsmurrah.com
*Attorneys for Defendants Box & Scherman*

Richard Hornbeek, OBA No. 10855
B. Taylor Clark, OBA No. 22524
Hornbeek Vitali & Braun, PLLC
3711 North Classen Boulevard
Oklahoma City, OK 73118
Tel: (405) 236-8600
Fax: (405) 236-8602
hornbeek@hvblaw.com
clark@hvblaw.com
*Attorneys for City of Edmond*

**Jury Trial Demanded**

1.      **BRIEF PRELIMINARY STATEMENT**.

A.      Plaintiffs:

This is a Section 1983 Civil Rights action against Defendants for violations of the constitutional rights of Isaiah Mark Lewis, a 17-year old African-American. On April 29, 2019, at approximately 1:00 p.m., Isaiah was in a mental health crisis when he was aggressively and unjustifiably confronted by Defendant Milo Box. This confrontation caused Isaiah to flee into a nearby residence. Prior to Defendant Box's confrontation with Isaiah, at least three other non-defendant City of Edmond police officers had been attempting to track Isaiah down and make contact with him as he roamed and hid, naked and unarmed, in the neighborhood surrounding his girlfriend's home for approximately an hour without incident. These officers were trying to investigate and assess the situation surrounding a 911 call made by Isaiah's girlfriend. It was established early on in the events that Isaiah's girlfriend was not injured and did not want Isaiah arrested. It was apparent to the responding officers that Isaiah was in an altered mental state, possibly under the influence or experiencing a mental health issue or both. None of the officers pursuing Isaiah were harmed or threatened by Isaiah during the hour search and the intermittent contacts made with Isaiah. However, despite being assigned to traffic detail and supervising a new officer-in training, Denton Scherman, Defendant Milo Box intervened in the earlier investigation, escalated the situation, and, with his laser drawn and pointed at Isaiah, pursued Isaiah through a residence located in the 500 block of Gray Fox Run in Edmond. Defendant Denton Scherman joined in and 32 seconds later fatally shot Isaiah. Faced with an unarmed, naked and mental distraught teenager, who was flailing his arms in distress,

Defendant Scherman unnecessarily and unjustifiably shot Isaiah death. At the time he shot Isaiah, Scherman was too far away from Isaiah to touch or be touched by Isaiah. Scherman could have simply backed out through the opening of the door and been assisted by the two officers who arrived within seconds after the shots were fired.

Though the earlier responding officers recognized that Isaiah was in an altered mental state, possibly under the influence or experiencing a mental health issue or both, it never occurred to Defendant Box and Defendant Scherman—who had been monitoring the radio traffic after first hearing about the initial call—that Isaiah was experiencing a mental health issue or was in an altered mental state.

As the employer of Defendant Milo Box and Defendant Scherman, the City of Edmond is also responsible to the death of Isaiah because Box's and Scherman's actions were part and parcel of a widespread municipal policy, practice and custom of the City of Edmond failing to properly train and supervise police officers, maintaining or tolerating a policy, practice, custom, or culture that causes intentional biased enforcement and outcomes against with African-Americans in their encounters with Edmond police officers.

B.      Defendant City of Edmond:

On April 29, 2019, after a domestic incident with his girlfriend and while in the midst of a drug-induced psychosis, Isaiah Mark Lewis stripped off his clothes in public and engaged in a foot pursuit with members of the Edmond Police Department. The foot pursuit ended at a residence, after Isaiah Mark Lewis broke through a door/window. Inside the residence at 520 Gray Fox Run, Isaiah Mark Lewis ignored verbal commands given by Defendants Milo Box and Denton Scherman and physically struck both police officers. As a

consequence, Isaiah Mark Lewis was ineffectively tasered by Defendant Milo Box and was shot by Defendant Denton Scherman. Isaiah Mark Lewis died from his injuries on the date of the incident.

Sergeant Box's use of force and Officer Scherman's use of lethal force were reasonable and lawful. Also, at all relevant times, Sergeant Box and Officer Scherman were acting within the scope of their employment and under authority of their governmental positions. In addition, the Edmond Police Department adequately and properly trained, supervised and controlled its officers. Moreover, the Edmond Police Department did not act with deliberate indifference to the constitutional rights of Isaiah Mark Lewis and did not treat Isaiah Mark Lewis differently than others similarly situated on account of Isaiah Mark Lewis' race. Finally, all Edmond Police Department officers and all City of Edmond dispatchers acted appropriately and lawfully in responding to the 911 calls on the date in question. As such, the City of Edmond denies Plaintiffs' *Monell* claims, equal protection claim and state law negligence claim.

C.   Defendant Sergeant Milo Box:

On April 29, 2019, after a domestic incident with his girlfriend and while in the midst of a drug-induced psychosis, Isaiah Mark Lewis stripped off his clothes in public and engaged in a foot pursuit with members of the Edmond Police Department through a residential neighborhood in Edmond, Oklahoma. Sergeant Milo Box and Officer Denton Sherman, who was in training, responded to assist in the effort to detain and secure Mr. Lewis.  Upon seeing Mr. Lewis in the front yard of a home, Sergeant Box stepped from passenger side of the patrol vehicle, attempting to approach Mr. Lewis, who ran and broke through the front

door of another neighborhood home.   Sergeant Box, reasonably certain the home was occupied and fearing for the occupants likely inside, followed Mr. Lewis into the home with his taser drawn.   Mr. Lewis turned and charged Sergeant Box, who after giving verbal commands to Mr. Lewis, deployed his taser three times to no affect.  By this time, Mr. Lewis was physically assaulting Sergeant Box and knocked him Box unconscious.   Sergeant Box was at all times acting within the scope of his employment with the Edmond Policed Department and under the authority of their governmental positions.   Sergeant Box's conduct was neither excessive force nor violated Mr. Lewis's constitutional rights, and does not subject Sergeant Box to individual liability or punitive damage liability.

D.     Defendant Officer Denton Scherman

On April 29, 2019, after a domestic incident with his girlfriend and while in the midst of a drug-induced psychosis, Isaiah Mark Lewis stripped off his clothes in public and engaged in a foot pursuit with members of the Edmond Police Department through a residential neighborhood in Edmond, Oklahoma. Sergeant Milo Box and Officer Denton Sherman, who was in training, responded to assist in the effort to detain and secure Mr. Lewis.  Upon seeing Mr. Lewis in the front yard of a home, Sergeant Box stepped from passenger side of the patrol vehicle, attempting to approach Mr. Lewis, who ran and broke through the front door of another neighborhood home.   Officer Sherman was parking the patrol vehicle and seconds thereafter followed Mr. Lewis and Sergeant Box into the home.  While entering the home, Office Sherman heard Sergeant Box's first taser deployment and both saw and heard the next two deployments, as well as the assault by Mr. Lewis upon Sergeant Box.  When Sergeant Box fell unconscious to the floor, Mr. Lewis turned and charged towards Officer

6

Scherman, who commanded Mr. Lewis to stop and when he did not, Officer Scherman fired his gun towards Mr. Lewis. Ultimately, Officer Scherman, in rapid succession, fired five shots. Despite being shot, Mr. Lewis continued to charge and did assault Officer Scherman before Mr. Lewis fell to the ground from his injuries. When Mr. Lewis fell to the ground and stopped assaulting Officer Scherman, he and other arriving Edmond Police Department officers rendered medical care to Mr. Lewis who ultimately died from his injuries. Officer Scherman was at all times acting within the scope of his employment with the Edmond Policed Department and under the authority of their governmental positions. Officer Sherman's conduct was neither excessive force nor violated Mr. Lewis's constitutional rights, and does not subject Officer Scherman to individual liability or punitive damage liability.

2.      **JURISDICTION**. The basis on which the jurisdiction of the Court is invoked.

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1367.

3.      **STIPULATED FACTS**. List stipulations as to all facts that are not disputed or reasonably disputable, including jurisdictional facts.

a.      Jurisdiction is proper in this Court.

b.      Venue is proper in this Court.

c.      On April 29, 2019, Defendant Box deployed a Taser on Isaiah Mark Lewis.

d.      On April 29, 2019, Defendant Scherman used lethal force on Isaiah Mark Lewis.

e.      On April 29, 2019, Isaiah Mark Lewis died as a result of the use of lethal force by Defendant Scherman.

f.      Plaintiff Vicki Jo Lewis was a resident of Edmond, Oklahoma County, Oklahoma, on April 29, 2019, is the mother of Isaiah Mark Lewis and was appointed the Co-Administrator and/or Co-Personal Representative of the Estate of Isaiah Mark Lewis, deceased, by the District of Court of Oklahoma County, Oklahoma, in Case No. PB-2019-549.

g.      Plaintiff Troy Levet Lewis is a resident of Oklahoma County, Oklahoma, is the father of Isaiah Mark Lewis and was appointed the Co-Administrator and/or Co-Personal Representative of the Estate of Isaiah Mark Lewis, deceased, by the District of Court of Oklahoma County, Oklahoma, in Case No. PB-2019-549.

h.      Defendant City of Edmond, is a municipal corporation organized under the laws of the State of Oklahoma. The City of Edmond Police Department has implemented policies, practices and/or customs that Defendant Box and Defendant Scherman were subject to on April 29, 2019.

i.      Defendant Milo Box is a police officer employed by the City of Edmond Police Department and engaged in the conduct complained of in the course and scope of his employment with the City of Edmond. At the times material to this complaint, Officer Box was a duly appointed agent authorized to enforce the laws of the City of Edmond, and the State of Oklahoma and acted under the color of law at all times relevant to this action. He is sued in his individual capacity.

j.      Defendant Denton Scherman is a police officer employed by the City of Edmond Police Department and engaged in the conduct complained of in the course and scope of his employment with the City of Edmond. At the times material to this complaint,

Officer Scherman was a duly appointed agent authorized to enforce the laws of the City of Edmond, and the State of Oklahoma and acted under the color of law at all times relevant to this action. He is sued in his individual capacity

4.   **LEGAL ISSUES**.

a.   **PLAINTIFF:**

1.   Whether under 42 U.S.C. § 1983 the actions Defendant Officers Milo Box and Denton Scherman violated the constitutional rights of Isaiah Mark Lewis, resulting in the unconstitutional seizure of his person and the loss of his life?

2.   Whether under 42 U.S.C. § 1983 the actions of the Defendant Officers Milo Box and Denton Scherman were part and parcel of a widespread municipal policy, practice and custom which makes Defendant City of Edmond liable under *Monell* principles?

3.   Whether under 42 U.S.C. § 1983 Isaiah Mark Lewis, an African-American and member of a protected class, had a right to Equal Protection under the law, which the City of Edmond violated by failing its duty to properly train and supervise City's officers, and by maintaining or tolerating a policy, practice, custom, or culture that causes intentional disparate enforcement and outcomes in police encounters with African-Americans, who are similarly situated as non-African-Americans?

4.   Whether under the Oklahoma's Governmental Tort Claims Act, 51 O.S. § 151 et seq. the city of Edmond is vicariously liable for the injuries inflicted on Plaintiffs by Defendants Edmond Police Officers Milo Box and Denton Scherman?

b.   **DEFENDANT CITY OF EDMOND:**

1.  Edmond has a pending Motion for Summary Judgment which may resolve many outstanding legal issues.

2.  Edmond has simultaneously submitted numerous matters for pre-trial resolution via motions in limine.

3.  There is an insufficient basis to instruct the jury on punitive damages as to Defendants Sergeant Box and Officer Scherman. In addition, Edmond cannot be held liable for punitive damages under Oklahoma law or Federal law.

4.  Plaintiffs have failed to state a claim against Edmond upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

5.  Defendant City of Edmond cannot be held liable to Plaintiffs for their 14th Amendment Equal Protection Claim because: (1) Neither Sergeant Milo Box nor Officer Denton Scherman intentionally discriminated against Isaiah Mark Lewis because of his race; (2) Plaintiffs cannot show that the alleged discrimination by Box or Scherman was the result of a "policy or custom" of Defendant City of Edmond; and (3) Plaintiffs cannot show that Isaiah Mark Lewis died as a result of a policy or custom of the City of Edmond. *See* Civil Pattern Jury Instructions for the 11th Circuit, Instruction No. 4.4.

6.  Defendant City of Edmond cannot be held liable to Plaintiffs for their 4th Amendment *Monell* claim based on failure to train because: (1) No underlying constitutional violation exists; (2) Plaintiffs cannot show that Defendant City of Edmond's training program was inadequate to train its officers and employees to carry out their duties; (3) Plaintiffs cannot show that the need for more training or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant City of Edmond can reasonably be said to have been deliberately indifferent to the need for such training; and (4) Plaintiffs cannot show that the failure of Defendant City of Edmond to provide proper training was a cause of Isaiah Mark Lewis' death. *See* 3B Fed. Jury Prac. & Instr. § 165.26 (5th ed.).

7.  Defendant City of Edmond cannot be held liable to Plaintiffs for their 4th Amendment *Monell* claim based on failure to supervise and control because: (1) No underlying constitutional violation exists; (2) Plaintiffs cannot show that Edmond's alleged inadequate supervision or control demonstrated a deliberate indifference on the part of the Chief of

Police and/or City Manager toward persons with whom Edmond officers come into contact; and (3) Plaintiffs cannot show that a direct causal link exists between the constitutional deprivation(s) and the inadequate supervision or control. *See Allen v. Muskogee*, 119 F. 3d 837, 841-42 (10 Cir. 1997).

8. Defendant City of Edmond cannot be held liable to Plaintiffs for their state law negligence claim because: Sergeant Box and Officer Scherman only used such force as a reasonably prudent officer would use in light of the objective circumstances confronting Box and Scherman at the time each used force. *See Morales v. City of Oklahoma City*, 2010 OK 9, 230 P.3d 869.

c.   <u>DEFENDANT POLICE SERGEANT MILO BOX:</u>

1. Sergeant Box has a pending motion for Summary Judgment based on his right to qualified immunity and which may resolve all outstanding legal issues related to Sergeant Box's alleged liability.

2. Sergeant Box has simultaneously submitted numerous matters for pre-trial resolution via motions in limine.

3. There is an insufficient basis to instruct the jury on punitive damages as to Sergeant Box under Oklahoma law or Federal law.

d.   <u>DEFENDANT POLICE OFFICER DENTON SCHERMAN:</u>

1. Officer Scherman has a pending motion for Summary Judgment based on his right to qualified immunity and which may resolve all outstanding legal issues related to Officer Scherman's alleged liability.

2. Officer Scherman has simultaneously submitted numerous matters for pre-trial resolution via motions in limine.

3. There is an insufficient basis to instruct the jury on punitive damages as to Officer Scherman under Oklahoma law or Federal law.

5.    **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF**
      **SOUGHT.**

      A.    Plaintiff

      **First Claim**: 42 U.S.C. § 1983 Claim for Excessive Force against Defendant
Officers Milo Box and Denton Scherman. The actions of Defendant Officers Milo Box
and Denton Scherman violated the constitutional rights of Isaiah Mark Lewis, resulting in
the unconstitutional seizure of his person and the loss of his life. Plaintiffs are entitled to
damages for these losses in an amount to be determined at trial, costs and attorney fees,
including punitive damages against the individual officers, attorney fees and costs pursuant
to 42 U.S.C. §1988.

      **Second Claim**: 42 U.S.C. § 1983 *Monell* Claim against Defendant City of
Edmond. The actions of the Defendant Officers Milo Box and Denton Scherman as
alleged in this Complaint were part and parcel of a widespread municipal policy, practice
and custom which makes Defendant City of Edmond liable under *Monell* principles to the
plaintiffs for damages for in an amount to be determined at trial, costs and attorney fees,
including punitive damages against the individual officers, attorney fees and costs pursuant
to 42 U.S.C. §1988.

      **Third Claim**: 42 U.S.C. § 1983 Fourteenth Amendment Equal Protection
Claim against Defendant City of Edmond. Isaiah Mark Lewis, an African-American and
member of a protect class, had a right to Equal Protection under the law, which the City of
Edmond violated by failing its duty to properly train and supervise City's officers, and by
maintaining or tolerating a policy, practice, custom, or culture that causes intentional

disparate enforcement and outcomes in police encounters with African-Americans, who are similarly situated as non-African-Americans. These failures caused the plaintiff damages in an amount to be determined at trial, costs and attorney fees, including punitive damages against the individual officers, attorney fees and costs pursuant to 42 U.S.C. §1988.

**Fourth Claim:** Plaintiffs timely presented a claim to the City of Edmond by on or about October 1, 2019, pursuant to Oklahoma's Governmental Tort Claims Act, 51 O.S. § 151 et seq. Their claim was deemed denied on approximately December 30, 2019. The injuries inflicted on Plaintiffs were negligently and/or maliciously and willfully inflicted by Defendants Edmond Police Officers Milo Box and Denton Scherman while acting within the course and scope of their employment with the City of Edmond and Edmond Police Department, and under color of law. The City of Edmond is vicariously liable for the injuries inflicted on Plaintiffs by Defendants Edmond Police Officers Milo Box and Denton Scherman, in an amount to be determined at trial, costs and attorney fees, including punitive damages against the individual officers, attorney fees and costs pursuant to 42 U.S.C. §1988.

B.     Defendant City of Edmond

     1.     Isaiah Mark Lewis assaulted and battered Sergeant Box and Officer Scherman prior to the first shot being fired.

     2.     Sergeant Box's actions, including the use of the taser, were reasonable and lawful.

     3.     Officer Scherman's actions, including the use of lethal force, were reasonable and lawful.

4.  Sergeant Box and Officer Scherman are both entitled to qualified immunity.

5.  Sergeant Box and Officer Scherman were both acting within the scope of their employment at all relevant times.

6.  Sergeant Box's actions do not warrant either an instruction on or the imposition of punitive damages.

7.  Officer Scherman's actions do not warrant either an instruction on or the imposition of punitive damages.

8.  To the extent Plaintiffs' federal question claims against Defendant City of Edmond are based on the doctrine of *respondeat superior*, such claims are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. §1983.

9.  Defendant City of Edmond cannot be held liable for punitive damages under 42 U.S.C. §1983 or under state law.

10. Defendant City of Edmond cannot be held liable to Plaintiffs under 42 U.S.C. §1983, as the alleged deprivation of a federally protected constitutional right was not the result of action taken pursuant to an official municipal policy or custom.

11. Defendant City of Edmond cannot be held liable to Plaintiffs under 42 U.S.C. §1983, as the municipal policies and/or customs in question are not unconstitutional and were not unconstitutionally applied.

12. Defendant City of Edmond cannot be held liable to Plaintiffs under the theory of improper retention, as there was no prior knowledge of Defendant Box's nor Defendant Scherman's propensity to commit the harm complained of and, as such, Defendant City of Edmond did not act with "deliberate indifference" to the rights of Isaiah Mark Lewis and/or Plaintiffs.

13. Defendant City of Edmond cannot be held liable to Plaintiffs under theories of failure to supervise and/or failure to control, as there was no prior knowledge of similar acts committed by Defendant Box or Defendant Scherman; therefore, it cannot be said Defendant City of Edmond acted with "deliberate indifference."

14.     Defendants' actions were "objectively reasonable," proper and lawful under the circumstances. In other words, Defendants did not violate any constitutionally-protected rights.

15.     Edmond cannot be held liable for excessive use of force because there was not a complete failure to train and the training provided was neither reckless nor grossly negligent.

16.     Edmond cannot be held liable for inadequate training and/or failure to train because Edmond trained its police officers well beyond the state-mandated requirements and the training provided does not evidence a "deliberate indifference" to the rights of Edmond's inhabitants.

17.     Edmond cannot be held liable to Plaintiffs for their Equal Protection claim because Edmond's adopted "Response to Resistance" Policy and Edmond's customs were not based upon and do not differentiate among the races of various citizens. Likewise, Defendants' actions were not motivated by a discriminatory purpose and Plaintiffs cannot show that similarly situated individuals of a different race were treated differently by Edmond's law enforcement officials.

18.     Defendant City of Edmond was not negligent, and thus, is not liable for any damages alleged arising from any theory of recovery based on negligence. In fact, negligence alone is not sufficient to demonstrate liability under 42 U.S.C. § 1983.

19.     Sovereign immunity.

20.     Plaintiffs' medical expense damages, if any, are limited/capped pursuant to 12 O.S. § 3009.1.

21.     Isaiah Mark Lewis' own conduct caused his injuries, pain and suffering and death, and the damages, if any, to his estate and/or his surviving family members.

22.     Defendant City of Edmond cannot be held liable for more than the percentage of fault/negligence that may be attributed by a jury to the conduct of Defendants Box and Scherman.

23.     Defendants Box and Scherman acted in self-defense, were not negligent and were assaulted and battered by Isaiah Mark Lewis.

24.     Isaiah Mark Lewis assumed the risk of the injuries sustained and his

resulting death.

25.    If Edmond is found liable as to Plaintiffs' state law negligence claim, Plaintiffs' damages are capped as prescribed in the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 *et seq.*

26.    If Edmond prevails as to Plaintiffs' federal law claims, it is entitled to the recovery of attorney fees and costs.

C.    <u>Defendant Police Sergeant Milo Box</u>

1.    Sergeant Milo Box had probable cause to detain and/or arrest Mr. Lewis before Mr. Lewis broke into an occupied residence.

2.    Sergeant Milo Box had probable cause to detain and/or arrest Mr. Lewis when Mr. Lewis broke into an occupied residence.

3.    Sergeant Milo Box was acting reasonably and lawfully when he followed Mr. Lewis into the occupied residence.

4.    Mr. Lewis assaulted and battered Sergeant Box and Officer Scherman prior to the first shot being fired.

5.    Sergeant Box's actions, including the use of the taser, were reasonable and lawful.

6.    Officer Scherman's actions, including the use of lethal force, were reasonable and lawful.

7.    Sergeant Box and Officer Scherman are both entitled to qualified immunity.

8.    Sergeant Box and Officer Scherman were both acting within the scope of their employment at all relevant times.

9.    Sergeant Box's actions do not warrant either an instruction on or the imposition of punitive damages.

10.    Officer Scherman's actions do not warrant either an instruction on or the imposition of punitive damages.

11.    Plaintiffs' medical expense damages, if any, are limited/capped pursuant to 12 O.S. § 3009.1.

12.    Isaiah Mark Lewis' own conduct caused his injuries, pain and suffering and death, and the damages, if any, to his estate and/or his surviving family members.

D.    <u>Defendant Officer Denton Scherman:</u>

1.    Officer Denton Scherman had probable cause to detain and/or arrest Mr. Lewis before Mr. Lewis broke into an occupied residence.

2.    Officer Denton Scherman had probable cause to detain and/or arrest Mr. Lewis when Mr. Lewis broke into an occupied residence.

3.    Officer Denton Scherman was acting reasonably and lawfully when he followed Sergeant Box and Mr. Lewis into the occupied residence.

4.    Mr. Lewis assaulted and battered Sergeant Box and Officer Scherman prior to the first shot being fired.

5.    Sergeant Box's actions, including the use of the taser, were reasonable and lawful.

6.    Officer Scherman's actions, including the use of lethal force, were reasonable and lawful.

7.    Sergeant Box and Officer Scherman are both entitled to qualified immunity.

8.    Sergeant Box and Officer Scherman were both acting within the scope of their employment at all relevant times.

9.    Sergeant Box's actions do not warrant either an instruction on or the imposition of punitive damages.

10.    Officer Scherman's actions do not warrant either an instruction on or the imposition of punitive damages.

11.    Plaintiffs' medical expense damages, if any, are limited/capped pursuant to 12 O.S. § 3009.1.

12.    Isaiah Mark Lewis' own conduct caused his injuries, pain and suffering and death, and the damages, if any, to his estate and/or his surviving family members.

6.    **EXHIBITS**.

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial

order is amended to include them.

A.    Plaintiff[1][2]:

(Premarked for trial and exchanged as required under LCvR 39.4(a))

| No. | Title/Description | Objections & FRE relied upon |
|-----|-------------------|------------------------------|
| 1. | 911 Calls | |
| 2. | NMS Labs Report | |
| 3. | Edmond Fire Department Run Report | |
| 4. | Report of Investigation by Medical Examiner and Diagrams | |
| 5. | Photos of Scene taken by EPD TI | Not properly identified; Fed. R. Evid. 403; Cumulativeness & confusion. Defendants will be filing a motion in limine regarding portions of this exhibit. |
| 6. | Crime Scene Sketch by EPD TI | |

---

[1] Defendants object to the introduction of all of Plaintiffs' exhibits in Plaintiffs' case-in-chief because Plaintiffs failed to timely provide marked exhibits as required by LCvR39.4(a).

Plaintiffs' response: Plaintiffs' exhibited all their exhibits to Defendants on June 28, 2021. Each exhibit was numbered in order, without the case number on the exhibit. On July 2, 2021, Plaintiffs re-exhibited their exhibits to Defendants, with the case number on each exhibit.

[2] The parties are in the process of attempting to enter into a stipulation regarding the identification and authentication of exhibits. However, if an agreement cannot be reached, Defendants reserve the right to object to any and all of Plaintiffs' exhibits on identification and authentication grounds pursuant to Fed. R. Evid. 901.

| No. | Title/Description | Objections & FRE relied upon |
|---|---|---|
| 7. | Various Police Reports re: OIS Investigation | Completeness doctrine (Fed. R. Evid. 106) |
| 8. | Handwritten Investigation Notes | Completeness doctrine (Fed. R. Evid. 106); Fed. R. Evid. 901 (authentication). |
| 9. | EMSA Run Report | |
| 10. | Mental Illness/Protective Custody Presentation Slides (Bates 1229- 1344) | Completeness doctrine (Fed. R. Evid. 106) |
| 11. | 2018 Edmond PD Mental Health Training (Bates 1162-1180) | Completeness doctrine (Fed. R. Evid. 106) |
| 12. | Photos of Evidence taken by EPD TI | |
| 13. | Police Policy and Procedure Approval Draft (Bates 1359) | |
| 14. | Police Policy and Procedure # 12- 08: Critical Incidents (Bates 18207-18213) | |
| 15. | Police Policy & Procedure #02-04: Disciplinary Process (Bates 1345- 1350) | |
| 16. | Police Policy and Procedure #14- 02: Complaints and Administrative Reviews (Bates 1351-1358) | |
| 17. | 2019 Edmond PD Quarter 1 Training (Bates 1181-1189) | Completeness doctrine (Fed. R. Evid. 106) |
| 18. | Police Policy & Procedure #07-02: Weapons (Bates 1208-1215) | |
| 19. | Police Policy & Procedure #03-07: Field Training and Evaluation Program (Bates 1200-1203) | |
| 20. | Police Policy and Procedure #06- 02: Mental Health Procedures and Crisis Intervention Team (Bates 1204-1207) | Fed. R. Evid. 401-403 and 407, as this version of the policy was not in effect on April 29, 2019. *See* Defendants' Exhibit 39. |
| 21. | Police Policy and Procedure #09- 04: Juveniles (Bates 1216-1219) | |
| 22. | Police Policy and Procedure #11- 08: Response to Resistance (Bates 1220-1225) | |

| No. | Title/Description | Objections & FRE relied upon |
|---|---|---|
| 23. | Police Policy and Procedure #11- 09: Conducted Energy Weapons (CEW's) (Bates 1226-1228) | |
| 24. | Recorded Interview of Defendant Milo Box - Audio and Transcript | |
| 25. | Recorded Interview of Defendant Denton Scherman - Audio and Transcript | |
| 26. | Administrative Review Report for Scherman's Use of Deadly Force and Box's Response to Resistance on April 29, 2019 (Bates 2431- 2472) | |
| 27. | Autopsy Photos | Defendants object to many, but not all of the autopsy photographs due to lack of relevance, undue prejudice, cumulativeness and confusion of the issues. See Fed. R. Evid. 401-403. Defendants will be filing a motion in limine in this regard. |
| 28. | Edmond PD Response to Resistance Incident Summary Report; Response to Resistance Incident Summary (Bates 2343- 2354) | |
| 29. | 1913 Lariat Circle Radio Traffic Condensed | Completeness doctrine (Fed. R. Evid. 106) |
| 30. | Shots Fired Radio Traffic 4-29-19 | Completeness doctrine (Fed. R. Evid. 106) |
| 31. | Photos of Scherman (Postshooting) | Completeness doctrine (Fed. R. Evid. 106) |
| 32. | Photos of Box (Post-shooting) | Completeness doctrine (Fed. R. Evid. 106) |
| 33. | 1913 Lariat Circle CAD Report (Bates 2249-2265) | |
| 34. | Policy and Procedure #15-04: In- Car Cameras, Body Worn Cameras and | |

| No. | Title/Description | Objections & FRE relied upon |
|---|---|---|
| | Other Recording Devices (Bates 18548-18552) | |
| 35. | Policy & Procedure #09-06: Department Divisions and Intra- Departmental Relations (Bates 18553-18556) | |
| 36. | City of Edmond Insurance Policy (Bates 18596-18763) | Fed. R. Evid. 401-403 and 411. Defendants will be filing a motion in limine regarding this exhibit. |
| 37. | Box's Law Enforcement Training Records | Completeness doctrine (Fed. R. Evid. 106) |
| 38. | Scherman's Law Enforcement Training Records | Completeness doctrine (Fed. R. Evid. 106) |
| 39. | Taser Download Report and Graphs of Box's Taser (Bates 18126-18142) | |
| 40. | Dash Cam video post-shooting (OIS 4-29-19) | Cumulativeness (Fed. R. Evid. 403). Defendants will be filing a motion in limine regarding this exhibit. |
| 41. | Officer Hussey Dash Cam | |
| 42. | Officer O'Neill Dash Cam | |
| 43. | Excerpts/Stills from Video re: Isaiah Lewis from his memorial service | Not properly identified or exchanged; Fed. R. Evid. 401-403, 801-802 and 901; Hearsay, relevance, undue prejudice, confusion of issues, lack of foundation and/or authentication. All additional objections reserved until produced. Defendants will be filing a motion in limine regarding this exhibit. |

| No. | Title/Description | Objections &  FRE relied upon |
|---|---|---|
| 44. | Excerpts/Stills from Tribute Video from Boulevard Academy | Not properly identified or exchanged; Fed. R. Evid. 401-403, 801-802 and 901; Hearsay, relevance, undue prejudice, confusion of issues, lack of foundation and/or authentication. All additional objections reserved until produced. Defendants will be filing a motion in limine regarding this exhibit. |
| 45. | Video of scene and officers involved, post-shooting, taken by neighbor | Fed. R. Evid. 401-403, 801-802 and 901; Hearsay, relevance, undue prejudice, confusion of issues, lack of foundation and/or authentication. Defendants will be filing a motion in limine regarding this exhibit. |
| 46. | Documents re: funeral and burial expenses | |
| 47. | Defendants' Answers to Interrogatories | Best evidence rule. |
| 48. | Interview of Tossaporn Sriyap - Video and Transcript | |
| 49. | Interview of Kamri Pollock - Video and Transcript | Completeness doctrine (Fed. R. Evid. 106) |
| 50. | All exhibits for impeachment, rebuttal and/or to refresh recollection | Fed. R. Evid. 401-403, 801-802 and 901; All additional objections reserved until produced. |

**B.**    Defendants' Joint Exhibits (Edmond, Sergeant Box & Officer Scherman):

(Premarked for trial and exchanged as required under LCvR 39.4(a))

## Expected to Be Used at Trial

| No. | Title/Description<br>(Expected to Be Used at Trial) | Objections &  FRE relied upon |
|---|---|---|
| 1. | Radio Traffic on April 29, 2019 - Both Condensed and Real Time | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication). |
| 2. | 911 Calls on April 29, 2019 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication). Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 3. | Edmond Police Department Incident Reports (Case No. 2019- 00030824) - Print Dates: May 21, 2019, May 30, 2019 and August 20, 2020 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication). |
| 4. | Dash Cam Video - Sergeant Page Hussey | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication). |
| 5. | Dash Cam Video - Sergeant Jim O'Neill | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication). |
| 6. | Interview of Tossaporn Sriyap (April 29, 2019) - Both Video and Transcript | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication). |

| No. | Title/Description<br>(Expected to Be Used at Trial) | Objections &  FRE relied upon |
|---|---|---|
| 7. | Interview of Kamri Pollock (May 1, 2019) - Both Video and Transcript | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication). Fed. R. Evid. 602 (lack of foundation, personal knowledge).. |
| 8. | Recording of Follow-up Questions by Edmond Police Department of Kamri Pollock | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 9. | Photographs of Kamri Pollock's Residence | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication). |
| 10. | Kamri Pollock's and Isaiah Lewis' Cellular Phone Records | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication). |
| 11. | Edmond Police Department Voluntary Statement - Kamri Pollock | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |

| No. | Title/Description (Expected to Be Used at Trial) | Objections & FRE relied upon |
|-----|------------------------------------------------|------------------------------|
| 12. | Edmond Police Department Voluntary Statement - LuAnn Arnold | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 13. | Edmond Police Department Voluntary Statement - Matthew Conner | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 14. | Interview of Isaiah Alexander | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 15. | Interview of Nia Davis | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 16. | Interviews of Kha'Mari Bowen, Khalil Frazier, Itale Fields and Rashon Lucas | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |

| No. | Title/Description<br>(Expected to Be Used at Trial) | Objections &  FRE relied upon |
|---|---|---|
| 17. | Videos of Notification to Vicki Lewis and Troy Lewis by Edmond Police Department - April 29, 2019 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 18. | Recording of Telephone Call to Vicki Lewis by Edmond Police Department | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay) |
| 19. | Recordings of Telephone Calls and/or Interviews - Troy Lewis and Paul (Curt) Tramble | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 20. | Interview of Denton Scherman (May 6, 2019) - Both Audio and Transcript | |
| 21. | Interview of Milo Box (May 6, 2019) - Both Audio and Transcript | |
| 22. | Edmond Police Department Photographs of Scene & Residence - 520 Gray Fox Run | |
| 23. | Edmond Police Department Photographs of Evidence | |
| 24. | Edmond Police Department Photographs of Milo Box (April 29- 30, 2019) and Denton Scherman (April 29, 2019) | |

| No. | Title/Description<br>(Expected to Be Used at Trial) | Objections &  FRE relied upon |
|---|---|---|
| 25. | Plaintiffs' Responses to City of Edmond's Requests for Admission | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time) |
| 26. | Edmond Police Department Scene Diagram | |
| 27. | District Attorney Statement Regarding the Officer-Involved Shooting Death of Isaiah Lewis | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 28. | Taser Download Report - Milo Box (May 7, 2019) | |
| 29. | Snapchat downloads from the account of Isaiah Lewis | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication); Fed. R. Evid. 602 (lack of foundation, personal knowledge). |
| 30. | NMS Labs Report - Certified with Chain of Custody | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed. R. Evid. 901 (authentication) |
| 31. | Edmond Police Department Training Materials - Milo Box and Denton Scherman | |
| 32. | Combined AV Timeline Prepared by Legal-Graphics | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed. R. Evid. 901 (authentication) |

| No. | Title/Description (Expected to Be Used at Trial) | Objections & FRE relied upon |
|---|---|---|
| 33. | Demonstrative Exhibit Depicting Width of Hallway | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed. R. Evid. 901 (authentication) |
| 34. | Cell Phone Video taken by Neighbor - Enlarged and Background Audio Volume Increased | Fed. R. Evid. 901 (authentication) as to modification/enhancement; Fed R. Evid. 801-802 (hearsay) as to neighbor's commentary. |
| 35. | Report of Investigation by Medical Examiner (Inclusive of Report of Autopsy, Report of Laboratory Analysis and Diagrams) | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed. R. Evid. 901 (authentication) as to laboratory analysis. |
| 36. | Photographs taken by the Medical Examiner | |

### Exhibits Which May Be Used at Trial

| No. | Title/Description (May Be Used at Trial) | Objections & FRE relied upon |
|---|---|---|
| 37. | Medical Records of Milo Box Relative to Incident on April 29, 2019 - Oklahoma Oasis Hyberbarics (June 3, 2019 - June 14, 2019) | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed. R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 38. | Videos of Other Incidents Involving Edmond Police Department prior to and since Subject Incident | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the |

| No. | Title/Description<br>(May Be Used at Trial) | Objections &  FRE relied upon |
|---|---|---|
| | - January 26, 2018, May 24, 2019, June 22,2019, July 24, 2019, September 21, 2019, December 1, 2019 and December 15, 2020. | jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 39. | Edmond Police Department Policy and Procedure # 15-04 (In- Car Cameras, Body Worn Cameras, and Other Recording Devices); # 06-02 (Mental Health Procedures and the Crisis Intervention Team (CIT) Program - Revised Date January 15, 2016); # 12-08 (Critical Incidents); and# 11-08 (Response to Resistance) | |
| 40. | Edmond Police Department Crime Scene Entry Log - April 29, 2019 | |
| 41. | Dispatch Run Report for Edmond Police Department and Edmond Fire Department - April 29, 2019 | |
| 42. | Videos of News/Press Conferences relative to incident on April 29, 2019 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 43. | OSBI Criminalistics Examination Report - May 3, 2019 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |

| No. | Title/Description (May Be Used at Trial) | Objections & FRE relied upon |
|---|---|---|
| 44. | Office of the Chief Medical Examiner's Receipt for Medicolegal Material | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 45. | Edmond Police Department Incident Reports Relative to Isaiah Lewis (Case No. 2016-00015642 and Case No. 2018-00014889) | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 46. | Edmond Fire Department Run Report-April 29, 2019 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 47. | Letter from Vicki & Troy Lewis to City of Edmond dated May 15, 2019 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 602 (lack of personal knowledge) |
| 48. | Letter from City of Edmond to Vicki & Troy Lewis dated May 17,2019 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 49. | Photographs taken by Edmond Police Department Technical Investigator Melissa Taft at the Medical Examiner's Office | |

| No. | Title/Description (May Be Used at Trial) | Objections & FRE relied upon |
|---|---|---|
| 50. | Pleadings filed in Oklahoma County Case No. PB-2019-549 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 51. | Edmond Police Department Administrative Review Report - Major Bob Pratt | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 52. | Edmond Police Department Documents Regarding Body Cameras | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 53. | TAC Radio Traffic (Audio Recordings) - April 29, 2019 | Fed R. Evid. 401-403 (relevance, probative value substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time); Fed R. Evid. 801-802 (hearsay); Fed. R. Evid. 901 (authentication) |
| 54. | All exhibits necessary for impeachment and/or to refresh recollection | |

7. **WITNESSES**:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.      Plaintiff:

## Witnesses Expected to Be Called

|   | **Witness Name**<br>(Witnesses Expected to Be Called) | **Address** | **Proposed Testimony** |
|---|---|---|---|
| 1. | Plaintiff Vicki Lewis | c/o Plaintiffs' Counsel | Vicki Lewis was deposed by Defendants. She is expected to testify re: decedent Isaiah Lewis, his character, activities, habits and demeanor and the loss of his love, society and companionship and all aspects of damages. She is expected to testify re: her last communications with her son. She is also expected to testify re: learning of the death of her son and her grief and suffering. She is also expected to testify re: the communications she had with EPD personnel re: the fatal shooting of her son. |

| | Witness Name<br>(Witnesses Expected to Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 2. | Plaintiff Troy Lewis | c/o Plaintiffs' Counsel | He is expected to testify re: decedent Isaiah Lewis, his character, activities, loss of his love, society and companionship and all aspects of damages. He is also expected to testify re: learning of the death of his son habits and demeanor and the and his grief and suffering. He is expected to testify re: his last communications with his son. He is also expected to testify re: the communications he had with EPD personnel re: the fatal shooting of his son. |
| 3. | Sergeant Milo Box | Edmond Police Department<br>c/o Ms. Kathryn D. Terry, Esq.<br>Phillips Murrah, PC<br>101 N. Robinson Ave., 13th Floor<br>Oklahoma City, OK 73102<br>(405) 235-4100 | He is expected to testify as to the series of events leading up to, during and following the fatal shooting of Plaintiffs' decedent Isaiah Lewis. Def Sgt. Box may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures |

| | Witness Name<br>(Witnesses Expected to Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 4. | Officer Denton Scherman | Edmond Police Department c/o Ms. Kathryn D. Terry, Esq. Phillips Murrah, PC 101 N. Robinson Ave., 13th Floor Oklahoma City, OK 73102 (405) 235-4100 | He is expected to testify as to the series of events leading up to, during and following the fatal shooting of Plaintiffs' decedent Isaiah Lewis. |
| 5. | Detective Sergeant Jimmy Gwartney | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | He was the principal investigator of the fatal shooting of Plaintiffs' decedent Isaiah Lewis and is expected to testify re: his investigation and the investigation of other officers' investigations as reported to him as principal investigator. |
| 6. | Detective Brenton Brown | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | He was a secondary investigator of the fatal shooting of Plaintiffs' decedent Isaiah Lewis and is expected to testify re: the investigation, evidence gathered and witnesses interviewed or contacted. |
| 7. | Detective Sergeant Jason Stearns | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | He is expected to testify about re: the investigation, evident gathered and witnesses interviewed or contacted. |

| | Witness Name (Witnesses Expected to Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 8. | Technical Investigator Rockie Yardley | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Inv. Yardley is expected to testify re: the collection of evidence, submission of items to OSBI, documentation and photographs of the scene and evidence re: the fatal shooting of Plaintiffs' decedent Isaiah Lewis. |
| 9. | Sergeant Timothy Radcliff | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Sgt. Radcliff may testify to responding to 1913 Lariat Circle; conversation with Kamri Pollock on April 29, 2019; observations/interactions with Isaiah Lewis during foot pursuit; hearing shots; observations of Def Scherman and Isaiah Lewis upon his arrival at the scene of the shooting; any medical aid rendered to Isaiah Lewis; and conversation with Elizabeth Kelley on April 30, 2019. Sgt. Radcliff may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, policies or procedures. |

| | Witness Name (Witnesses Expected to Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 10. | Sergeant Michael King | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Sgt. King may testify to being dispatched to 1913 Lariat Circle; an initial foot pursuit of Isaiah Lewis; observation of clothes in the street on Lariat Circle; being advised drug paraphernalia was thrown over fence at 1909 Lariat Circle; observing drug paraphernalia; communications and interactions with Isaiah Lewis during subsequent foot pursuit; hearing shots fired; arriving at 520 Gray Fox Run; and any medical aid rendered to Isaiah Lewis. Sgt. King may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures. |

| | **Witness Name**<br>**(Witnesses Expected to Be Called)** | **Address** | **Proposed Testimony** |
|---|---|---|---|
| 11. | Lieutenant Jeff Richardson | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Lt. Richardson is expected to testify re: the inspection, examination and conclusions re: Def Scherman's service weapon, magazines, ammunition and fired casings after the fatal shooting of Isaiah Lewis. He is also expected to testify re: Edmond Police Department Training, policies and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures. |
| 12. | Battalion Chief Troy S. Horn (expert)* | Edmond Fire Department c/o Hornbeek Vitali & Braun, PLLC 3711 N Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Chief Horn is expected to testify re: observations of the scene and observations and interactions with Def Box and other officers at the scene after the shooting and his supervision of Edmond Fire Department operations at the scene. |
| 13. | Captain Jason Hazzard (expert)* | Edmond Fire Department c/o Hornbeek Vitali & Braun, PLLC 3711 N Classen Blvd. | Capt Hazzard is expected to testify re: the supervision, observation and direct involvement with medical treatment rendered to Isaiah Lewis |

| | Witness Name (Witnesses Expected to Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| | | Oklahoma City, OK 73118 (405) 236-8600 | after the shooting; he is also expected to testify re: his observations of the scene, other officers and any aid rendered by officers to Isaiah Lewis. |
| 14. | Firefighter Paramedic Brian Hale (expert)* | Edmond Fire Department c/o Hornbeek Vitali & Braun, PLLC 3711 N Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | FF/Medic Hale is expected to testify re: the supervision, observation and direct involvement with medical treatment rendered to Isaiah Lewis after the shooting; he is also expected to testify re: his observations of the scene, other officers and any aid rendered by officers to Isaiah Lewis. |
| 15. | Firefighter Cody Sanders (expert)* | Edmond Fire Department c/o Hornbeek Vitali & Braun, PLLC 3711 N Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | FF Sanders is expected to testify re: his observations upon arrival and medical treatment rendered to Isaiah Lewis after the shooting; he is also expected to testify re: his observations of the scene, other officers and any aid rendered by officers to Isaiah Lewis. |
| 16. | Lisa Barton, M.D. (expert)* Pathologist | Oklahoma Office of the Chief Medical Examiner 921 N.E. 23rd Street Oklahoma City, OK 73105 (405) 239-7141 | Dr. Barton is expected to testify re: and consistently with her Report of Investigation by Medical Examiner (Inclusive of Report of Autopsy, Report of Laboratory Analysis and Diagrams); |

| | Witness Name (Witnesses Expected to Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| | | | and photographs taken by the Medical Examiner. |
| 17. | Byron Curtis, Ph.D. (expert)* Chief Forensic Toxicologist | Oklahoma Office of the Chief Medical Examiner 921 N.E. 23rd Street Oklahoma City, OK 73105 (405) 239-7141 | Dr. Curtis is expected to testify re: and consistently with the Reports of Laboratory Analysis and toxicology tests performed as part of the autopsy. |
| 18. | Charles Pollard Pollard | Funeral Home 2626 N. Post Rd. Oklahoma City, OK 73141 | Mr. Pollard is expected to testify as to the condition of Isaiah Lewis's body and the funeral and burial expenses. |
| 19. | Retained Expert Gregory Professor Gilberston | c/o Plaintiffs' Counsel | Gregory Gilbertson reviewed extensive materials in this case and will give his opinions that the individual Defendants' actions and the City of Edmond's training, policies and practices were not appropriate according to nationally-accepted police practices and standards. |
| 20. | Retained Expert Dr. James Filkins | c/o Plaintiffs' Counsel | Dr. Filkins analysed the bullet wound paths in the body of the decedent and will give his opinions that the bullet wound paths to do not forensically and physically match Defendant Scherman's testimony |

| | Witness Name (Witnesses Expected to Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 21. | Any witnesses identified by Defendants as relevant or if necessary as a replacement or as needed for rebuttal. | | |

### Witnesses Who May Be Called

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 1. | Detective Sergeant Greg Hunt | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Det. Hunt is expected to testify re: his conversation with Shana Pollock; examination of 1913 Lariat Circle; interview of Kamri Pollock on April 29, 2019; foot pursuit of Plaintiffs' decedent Isaiah Lewis; arrival at the scene after EPD's fatal shots fired; investigating purchase of marijuana by Isaiah Lewis; search of PMP records relative to Isaiah Lewis; and inventory of Isaiah Lewis' personal property. |
| 2. | Technical Investigator Melissa Taft | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Inv. Taft is expected to testify to the collection of evidence, submission of items to OSBI, documentation of the scene, photographs and examination of the decedent at at the Medical Examiner's office. |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 3. | Detective Captain Damon Minter | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Det. Miner is expected to testify re: his observations of Defs Box and Scherman after the fatal shooting of Isaiah Lewis; meeting with Vicki & Troy Lewis after the incident; establishing himself as point of contact for parents of Isaiah Lewis; and meetings with other police personnel post-shooting. |
| 4. | Major C.J. Wise | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Major Wise is expected to testify re: his observations of Defs Box and Scherman after the fatal shooting of Isaiah Lewis; assignments given for purposes of investigation; and his witnessing of the interviews of Defs on May 6, 2019. Major Wise may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures. |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 5. | Detective Aaron London | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Det. London is expected to testify re: his observations of EMSA employees and members of Edmond Fire Department attending to Isaiah Lewis at the scene; his conversation with Tossapom Sriyap (resident of home where shooting occurred) following incident; statement made by LuAnn Arnold; any surveillance footage of incident; and receipt of Crime Scene Log. |
| 6. | Detective Sergeant Misty Spence | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Det. Spence is expected to testify re: responding to the scene of the fatal shooting of Isaiah Lewis at 520 Gray Fox Run with Det. Gwartney; interviews of Kamri Pollock and Shana Pollock; conversations with Jesil Wilson, Noah Nelson and Amy Campuzano; and telephone conversation with Elizabeth Kelley. |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 7. | Major Tim Bamthouse | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Major Barnthous is expected to testify re: conversations with Kamri Pollock and Shana Pollock on April 29, 2019; observations of Isaiah Lewis while medical aid was being rendered; and observations of Sergeant Milo Box after the fatal shooting of Isaiah Lewis. Major Barnthouse may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures. |
| 8. | Captain Chuck Linhardt | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Capt. Linhardt is expected to testify re: his observations of Isaiah Lewis shortly after being fatally shot and any medical aid or treatment rendered/not rendered; his observations of Def Box after the incident; and directing Officer Williams to take Sergeant Box to hospital. Capt. Linhardt may also testify as to the EPD's policies, practices and procedures, including |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| | | | but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures. |
| 9. | Sergeant Page Hussey | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Sgt. Hussey is expected to testify re: notification of the shooting on the radio; responding to scene and his observations of officers on the scene; his observations of Def Box inside the residence at 520 Gary Fox Run (the scene); his observations of Isaiah Lewis inside residence after shooting incident; moving Isaiah Lewis from inside the residence to the front porch; contact with Tossaporn Sriyap (resident); any first aid rendered to Isaiah Lewis. Sgt. Hussey may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures. |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 10. | Sergeant Tom Williams | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Sgt. Williams may testify re: responding to 520 Gray Fox Run after hearing shots fired call; placing crime scene tape after arrival; observations of Def Box after fatal shooting incident; taking Def Box to hospital; and presence during interview of Def Box on May 6, 2019. Sgt. Williams may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures. |
| 11. | Sergeant Jim O'Neill | Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-860 | Sgt. O'Neill is expected to testify about his observations of the scene after the fatal shooting and observations of the officers involved, including Def. Box and observations of any aid rendered to Isaiah Lewis. Sgt. O'Neill may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| | | | crisis intervention teams, measures, policies or procedures. |
| 12. | Paramedic Kirsten Forrest (expert)* | EMSA 1111 Classen Drive Oklahoma City, OK 73103 (405) 297-7100 | Paramedic Forrest is expected to testify re: Isaiah Lewis's injuries and medical treatment and aid rendered as well as any observations of the scene and officers. |
| 13. | EMT Sarah Cain (expert)* | EMSA 1111 Classen Drive Oklahoma City, OK 73103 (405) 297-7100 | EMT Cain is expected to testify re: Isaiah Lewis's injuries and medical treatment and aid rendered as well as any observations of the scene and officers. |
| 14. | Lieutenant Lindy Simpson | Edmond Fire Department c/o Hornbeek Vitali & Braun, PLLC 3711 N Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Lt Simpson is expected to testify re: observations of the scene and officers, including Defendants, after the shooting as any observations of any medical aid rendered to Isaiah Lewis. |
| 15. | Firefighter Paramedic Casey Stewart | Edmond Fire Department c/o Hornbeek Vitali & Braun, PLLC 3711 N Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | Paramedic Stewart is expected to testify re: observations of the scene and officers, including Defendants, after the shooting as any observations of any medical aid rendered to Isaiah Lewis. |

| | **Witness Name and Address**<br>(Witnesses Who May Be Called) | **Address** | **Proposed Testimony** |
|---|---|---|---|
| 16. | Firefighter Justin Ross | Edmond Fire Department<br>c/o Hornbeek Vitali &<br>Braun, PLLC<br>3711 N Classen Blvd.<br>Oklahoma City, OK<br>73118<br>(405) 236-8600 | Firefighter Ross is expected to testify re: observations of the scene and officers, including Defendants, after the shooting as any observations of any medical aid rendered to Isaiah Lewis. |
| 17. | Firefighter Joshua Pool (expert)* | Edmond Fire Department<br>c/o Hornbeek Vitali &<br>Braun, PLLC<br>3711 N Classen Blvd.<br>Oklahoma City, OK<br>73118<br>(405) 236-8600 | FF Pool is expected to testify re: observations of the scene and observations and interactions with other officers at the scene after the shooting; observations, interactions with and medical treatment/assessment of Def Box at the scene after the shooting. |
| 18. | Firefighter Jack Whitt (expert)* | Edmond Fire Department<br>c/o Hornbeek Vitali &<br>Braun, PLLC<br>3711 N Classen Blvd.<br>Oklahoma City, OK<br>73118<br>(405) 236-8600 | FF Whitt is expected to testify re: his observations upon arrival and medical treatment rendered to Isaiah Lewis after the shooting; he is also expected to testify re: his observations of the scene, other officers and any aid rendered by officers to Isaiah Lewis. |

|  | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 19. | Tossaporn Sriyap 520 Gray Fox Run Edmond, OK 73003 (405) 474-545 | | Resident of home where shooting occurred, Tossaporn Sriyap may testify re: his observations leading up to and during the shooting of Isaiah Lewis. |
| 20. | Kamri Pollock 1913 Lariat Circle Edmond, OK 73003 (405) 201-3575 | | Kamri Pollock is expected to testify re: the events leading up to the shooting of Isaiah Lewis and the 911 call. |
| 21. | Investigator Janice Wilkinson Oklahoma Office of the Chief Medical Examiner 921 N.E. 23rd Street Oklahoma City, OK 73105 (405) 239-7141 | | Inv. Wilkinson is expected to testify re: items collected by the medical examiner. |
| 22. | Jeremy Benavides Investigative Supervisor - Oklahoma Office of the Chief Medical Examiner 921 N.E. 23rd Street Oklahoma City, OK 73105 (405) 239-7141 | | Inv. Benavides is expected to testify re: items collected by the medical examiner. |
| 23. | Jeremy Weyrick Pathology Tech - Oklahoma Office of the Chief Medical Examiner 921 N.E. 23rd Street Oklahoma City, OK 73105 (405) 239-7141 | | Tech Weyrick is expected to testify re: the collection of specimens as part of the autopsy. |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 24. | Dispatcher Braden Haller City of Edmond | | Edmond dispatchers may testify, if necessary, to lay foundation for 911 calls, dispatch messages and radio traffic re: the events leading up to, during and after the shooting on April 29, 2019. |
| 25. | Dispatcher Nicole Satterwhite City of Edmond<br>c/o Hornbeek Vitali & Braun, PLLC<br>3711 N Classen Blvd.<br>Oklahoma City, OK 73118<br>(405) 236-8600 | | Edmond dispatchers may testify, if necessary, to lay foundation for 911 calls, dispatch messages and radio traffic re: the events leading up to, during and after the shooting on April 29, 2019. |
| 26. | Dispatcher Elizabeth Sullivan City of Edmond<br>c/o Hornbeek Vitali & Braun, PLLC<br>3711 N Classen Blvd.<br>Oklahoma City, OK 73118<br>(405) 236-8600 | | Edmond dispatchers may testify, if necessary, to lay foundation for 911 calls, dispatch messages and radio traffic re: the events leading up to, during and after the shooting on April 29, 2019. |
| 27. | Dispatcher Stetson Basham City of Edmond<br>c/o Hornbeek Vitali & Braun, PLLC<br>3711 N Classen Blvd.<br>Oklahoma City, OK 73118<br>(405) 236-8600 | | Edmond dispatchers may testify, if necessary, to lay foundation for 911 calls, dispatch messages and radio traffic re: the events leading up to, during and after the shooting on April 29, 2019. |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 28. | Dispatcher Suzanne Wyckoff City of Edmond c/o Hornbeek Vitali & Braun, PLLC 3711 N Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | | Edmond dispatchers may testify, if necessary, to lay foundation for 911 calls, dispatch messages and radio traffic re: the events leading up to, during and after the shooting on April 29, 2019. |
| 29. | Dispatcher Melissa Parker City of Edmond c/o Hornbeek Vitali & Braun, PLLC 3711 N Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | | Edmond dispatchers may testify, if necessary, to lay foundation for 911 calls, dispatch messages and radio traffic re: the events leading up to, during and after the shooting on April 29, 2019. |
| 30. | LuAnn Arnold 5017 Arbuckle Drive Edmond, OK 73025 (405) 820-244 | | Ms. Arnold may testify about her observations of Isaiah Lewis during the events preceding the shooting of Isaiah Lewis. |
| 31. | Tony Geier 320 Lariat Circle Edmond, OK 73003 (616) 250-7218 | | Mr. Geier may testify about observations of Isaiah Lewis during the events preceding the shooting of Isaiah Lewis. |
| 32. | Isaiah Alexander 3224 Hardwick Road Edmond, OK 73034 (216) 772-9392 | | Mr. Alexander, friend of Isaiah Lewis, may testify re: Isaiah Lewis's habits, activities, character and demeanor. |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 33. | Nia Davis<br>1220 Kingston Court<br>Edmond, OK 73034<br>(405) 431-6156 | | Ms. Davis, friend of Isaiah Lewis, may testify re: Isaiah Lewis's habits, activities, character and demeanor. |
| 34. | Ayako Chan-Hosokawa, M.S. (expert)*<br>Forensic Toxicologist - NMS Labs<br>200 Welsh Road<br>Horsham, PA 19044-2208<br>(215) 657-4900 | | Toxicologist Chan-Hosokawa may testify as to the toxicology analysis performed as part of the autopsy and re: the NMS Labs Report. |
| 35. | Criminalist Stacy Hirschman<br>Oklahoma State Bureau of Investigation<br>c/o OSBI Forensic Science Center<br>800 East 2nd Street<br>Edmond, OK 73034 (405) 330-6724 | | Criminalist Hirschman may testify re: the OSBI Criminalistics Examination Report |
| 36. | Kristi Gochenour<br>Records Division - OU Medical Center<br>700 NE 13th Street<br>Oklahoma City, OK 73104<br>(405) 271-4700 | | Ms. Gochenour may testify, if necessary, re: medical records re: Isaiah Lewis tendered to EPD. |
| 37. | Property Officer Misty Graham<br>Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC<br>3711 N. Classen Blvd.<br>Oklahoma City, OK 73118<br>(405) 236-8600 | | Officer Graham may testify, if necessary, re: receipt of evidence and chain of custody. |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 38. | Property Officer Austin Kress Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | | Officer Kress may testify, if necessary, re: receipt of evidence and chain of custody. |
| 39. | Major Bob Pratt Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC 3711 N. Classen Blvd. Oklahoma City, OK 73118 (405) 236-8600 | | Major Pratt may testify re: Administrative review of incident on April 29, 2019 involving Sergeant Milo Box and Officer Denton Scherman; conclusions reached after reviewing investigative reports and records, as well as after examination and review of applicable Edmond Police Department Policy & Procedure; and drafting and submission of Administrative Review Report. Major Pratt may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures, in general, and as applicable to EPD's response to the call involving Isaiah Lewis and the fatal use of force. |

| | Witness Name and Address (Witnesses Who May Be Called) | Address | Proposed Testimony |
|---|---|---|---|
| 40. | Sergeant Dan Butcher<br>Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC<br>3711 N. Classen Blvd.<br>Oklahoma City, OK 73118<br>(405) 236-8600 | | Sgt Butcher may testify, if necessary, re: the Taser download report and graphs for Def Box's Taser |
| 41. | Chief J. D. Younger<br>Edmond Police Department c/o Hornbeek Vitali & Braun, PLLC<br>3711 N. Classen Blvd.<br>Oklahoma City, OK 73118<br>(405) 236-8600 | | Chief Younger may also testify as to the EPD's policies, practices and procedures, including but not limited to use of force, investigation of officer-involved shootings, any crisis intervention teams, measures, policies or procedures, in general, and as applicable to EPD's response to the call involving Isaiah Lewis and the fatal use of force. |

*These witnesses are expected to provide opinion testimony based on their specialized knowledge, training and experience, but are not specially retained experts requiring reports under FRCP 26(a)(2)(B).

B.    Defendants' Joint Witnesses (City of Edmond, Sergeant Box and Officer Scherman):

The following witnesses are **expected to be called** at trial:

| Name | Address | Proposed Testimony |
|---|---|---|
| Mr. Steve Ijames<br>Retired Major - Springfield, Missouri Police Department | 1258 South Rosemoor Drive<br>Nixa, Missouri 65714 | A written report of Mr. Ijames' opinions, along with his curriculum vitae and the other additional disclosures |

| | | |
|---|---|---|
| | | required by Fed. R. Civ. P. 26 were submitted to Plaintiffs' counsel on April 15, 2021. Mr. Ijames is expected to testify consistent with his report. |
| Thomas C. Kupiec, Ph.D. Forensic Toxicologist | 840 Research Parkway, Suite 546 Oklahoma City, OK 73104 | A written report of Dr. Kupiec's opinions, along with his curriculum vitae and the other additional disclosures required by Fed. R. Civ. P. 26 were submitted to Plaintiffs' counsel on January 18, 2021. Dr. Kupiec is expected to testify consistent with his report. |
| Lieutenant Jeff Richardson** Edmond Police Department | 100 E. 1ˢᵗ Street Edmond, OK 73074 | Lieutenant Richardson is a trained instructor and runs the Edmond Police Academy and training programs. As such, he is a non-retained expert. Defendants submit that Lieutenant Richardson is expected to testify relative to training issues that may arise; the training of Denton Scherman; the training of Edmond police officers generally; and his role in the investigation following the shooting. |
| Sergeant Milo Box | c/o his attorney, Kathryn D. Terry Phillips Murrah, PC 101 N. Robinson Ave. Oklahoma City, OK 73102 | Sgt. Box was deposed on January 19, 2021. He is expected to testify regarding his involvement in the attempt to apprehend Isaiah Lewis, deceased, and the events at 520 Gray Fox Run on April 29, 2019, and as to his role as a Field Training Officer and a Taser |

| | | Instructor. |
|---|---|---|
| Officer Denton Scherman | c/o his attorney, Kathryn D. Terry<br>Phillips Murrah, PC<br>101 N. Robinson Ave.<br>Oklahoma City, OK 73102 | Officer Scherman was deposed on January 20, 2021. He is expected to testify regarding his involvement in the attempt to apprehend Isaiah Lewis, deceased, and the events at 520 Gray Fox Run on April 29, 2019, and as to his training as a police officer with the Edmond Police Department. |
| Detective Jimmy Gwartney<br>Edmond Police Department | 100 E. 1ˢᵗ St.<br>Edmond, OK 73074 | Detective Gwartney was deposed on January 29, 2021. He is expected to testify about his investigation, as lead investigator, into the officer involved shooting of Isaiah Lewis, deceased. |
| Detective Brenton Brown<br>Edmond Police Department | 100 E. 1ˢᵗ St.<br>Edmond, OK 73074 | Detective Brown was deposed on January 21, 2021. He is expected to testify about his investigation, as secondary investigator, into the officer involved shooting of Isaiah Lewis, deceased. |
| Detective Sgt. Greg Hunt<br>Edmond Police Department | 100 E. 1ˢᵗ St.<br>Edmond, OK 73074 | Detective Hunt was deposed on January 22, 2021. He is expected to testify regarding his attempts to apprehend Isaiah Lewis, deceased, and about his role in the ensuing investigation. |
| Sergeant Timothy Radcliff | 100 E. 1ˢᵗ St. | Sgt. Radcliff was deposed on |

| | Edmond, OK 73074 | February 19, 2021. He is expected to testify regarding his response to a 911 domestic call at 1913 Lariat Circle on April 29, 2019, his conversations with Kamri Pollock and Elizabeth Kelley, his attempts to apprehend Isaiah Lewis, deceased, his observations at 520 Gray Fox Run, including aid rendered to Isaiah Lewis and his observations of Milo Box and Denton Scherman. |
| Edmond Police Department | | |
| Sergeant Michael King | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Sgt. King was deposed on March 23, 2021. He is expected to testify regarding his response to a 911 domestic call at 1901/1913 Lariat Circle, his conversation with Kelly Moore, his attempts to locate Isaiah Lewis in the nearby woods, his information about Mr. Lewis throwing things into the yard at 1909 Lariat Circle, his observation of Mr. Lewis' clothing in the street, his attempts to locate and apprehend Isaiah Lewis, aid provided to Mr. Lewis, his conversations with Isaiah Lewis and his observations of Scherman and Box after the shooting. |
| Edmond Police Department | | |
| Kelly Moore City of Edmond | 2012 Old Timbers Drive Edmond, Oklahoma 73074 | Mr. Moore is employed in traffic department at the City of Edmond. He is expected to testify as to the events he |

| | | witnessed outside between 1913 and 1901 Lariat Circle, his observations of Ms. Kelley and Ms. Pollock going to 1901, Mr. Lewis coming out of 1913 and throwing things over the fence at 1909, Mr. Lewis running down the street naked, Mr. Lewis running into the woods, Mr. Moore's call to 911 and his talking with Sgt. King when he arrived. |
|---|---|---|
| Brian Hale**<br>Edmond Fire Department | 5300 E. Covell Rd<br>Edmond, OK 73034 | Mr. Hale is a firefighter/driver/paramedic with the Edmond Fire Department.  He is expected to testify regarding his observations when he arrived at 520 Gray Fox Run, and his role in providing aid to Mr. Lewis. |
| Jeremy Benavides**<br>LifeShare of Oklahoma -<br>Medical Examiner Liaison,<br>ABMDI 2403 | 1513 S.W. 133rd Street<br>Oklahoma City, OK 73170 | Mr. Benavides is a former Investigative Supervisor and former Chief Investigator (Death Investigations) for the Oklahoma Office of the Chief Medical Examiner. He is expected to testify about his observations during the autopsy of Isaiah Lewis conducted by the M.E.'s office and his conclusions reached therefrom. He is also expected to testify about items collected by the M.E.'s office. |
| Rockie Yardley** | 1910 Sherry Lane<br>Edmond, OK 73003 | Mr. Yardley was deposed on March 4, 2021. He was a |

| | | technical investigator for EPD in 2019.  He has since retired.  He is expected to testify regarding his observations and investigation. |
|---|---|---|

The following witnesses may be called **if the need arises**:

| Name | Address | Proposed Testimony |
|---|---|---|
| Detective Sgt. Jason Stearns Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Detective Stearns was deposed on 12/30/2021. He may testify regarding his investigation into the officer-involved shooting on 4/29/2019. |
| Kamri Pollock | 1913 Lariat Circle Edmond, OK 73003 | Ms. Pollock may testify as to the events leading to the 911 call, her conversations with Isaiah Lewis, Isaiah Lewis' reactions, her conversations with Elizabeth Kelley, Deanna Rogers, the 911 operators, and EPD officers who responded to the call; her interviews by EPD officers, including Officer Spence, Detective Gwartney, Detective Brown; and her conversations with members and/or representatives of the Lewis family about the events. |
| Elizabeth Ann Kelley | 701 Rock Creek Drive Edmond, OK 73034 | Ms. Kelley may testify as to her observations of Isaiah Lewis when she attempted to make her Post Mates food delivery to 1913 Lariat Circle, her reaction, the 911 call, the EPD response to the call, her interview by |

| | | |
|---|---|---|
| | | EPD officers and her recollection of the events. |
| Deanna Rogers | 1901 Lariat Circle Edmond, OK 73003 | Ms. Rogers may testify to her observations of Elizabeth Kelley, Kamri Pollock and Isaiah Lewis, her call to 911, her conversations with the 911operators and her knowledge of the EPD response to the 911 call. |
| Tony Geier | 320 Lariat Circle Edmond, OK 73003 | Mr. Geier may testify about his observations of Elizabeth Kelley, Kamri Pollock and Isaiah Lewis, and his interview by EPD. |
| Melissa Taft** Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Ms. Taft was deposed on March 4, 2021. She is a technical investigator for EPD.  She may testify regarding her observations and investigation. |
| Deputy Chief Tim Dorsey Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Chief Dorsey may testify regarding his observations at 520 Gray Fox Run, the collection of Officer Scherman's service weapon and magazines as evidence, EPD policies and procedures, CBA with FOP, EPD use of force and encounters involving mental and drug issues. |
| Chief J.D. Younger Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Chief Younger was deposed on February 24, 2021. He may testify regarding his observations at 520 Gray Fox Run, the administrative investigation conducted by the Professional Responsibility Division of the EPD, EPD policies and procedures, the |

| | | CBA, EPD use of force and encounters involving mental and drug issues. |
|---|---|---|
| Major Damon Minter<br>Edmond Police<br>Department | 100 E. 1ˢᵗ St.<br>Edmond, OK 73074 | Major Minter may testify about his observations at 520 Gray Fox Run, his observations of Milo Box and Denton Scherman, the meeting(s) on 4/29/19 with Vicki and Troy Lewis, establishing himself as the point of contact for the parents, and his involvement in the post shooting events. |
| Major C.J. Wise<br>Edmond Police<br>Department | 100 E. 1ˢᵗ St.<br>Edmond, OK 73074 | Major Wise may testify about his observations at 520 Gray Fox Run, his observations of Milo Box and Denton Scherman, assignments given in the shooting investigation, and the interviews of Box and Scherman by EPD. |
| Detective Aaron London<br>Edmond Police<br>Department | 100 E. 1ˢᵗ St.<br>Edmond, OK 73074 | Detective London may testify about his observations of aid being rendered to Isaiah Lewis, his conversations with Tossaporn Sriyap following the incident, the results of his canvass of the neighborhood, statement made by LuAnn Arnold and the crime scene log. |
| Detective Misty Spence<br>Edmond Police<br>Department | 100 E. 1ˢᵗ St.<br>Edmond, OK 73074 | Detective Spence may testify about her response to 520 Gray Fox Run, her observations at the scene, her interviews/conversations with Kamri Pollock, Shana Pollock, Jesil Wilson, Noah Nelson, Amy Campuzano |

| | | |
|---|---|---|
| | | and Elizabeth Kelley, and the results of her canvass of the neighborhood. |
| Lieutenant Bill Gilbert Edmond Police Department | 100 E. 1ˢᵗ Edmond, OK 73074 | Lt. Gilbert may testify about the drug paraphernalia found at 1909 Lariat Circle and booked into evidence, his conversation with Shana Pollock, and assignments in the following investigation. |
| Major Tim Barnthouse Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Major Barnthouse may testify as to his conversations with Kamri and Shana Pollock, his observations of the medical aid given to Isaiah Lewis and his training. |
| Captain Chuck Linhardt | 7951 Pleasant Oaks Drive Edmond, OK 73034 | Captain Linhardt was a Captain in Patrol Division on 4/29/2019. He has since retired.  He may testify about his knowledge of the EPD response to the 911 domestic call and what followed, his observation of Isaiah Lewis at 520 Gray Fox Run and aid being rendered, his observations of Sgt. Box and Officer Scherman at the scene, and his direction for Officer Williams to take Box to the hospital. |
| Sergeant Page Hussey Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Sgt. Hussey was deposed on February 23, 2021. He may testify regarding his response to the area, his observations of Isaiah Lewis, Milo Box and Denton Scherman at 520 Gray Fox Run, his knowledge of Isaiah Lewis |

| | | being moved to the porch for purposes of rendering him aid, his role in rendering aid, his Critical Incident training, his role in clearing the house and his contact with Tossaporn Sriyap. |
|---|---|---|
| Sergeant Tom Williams Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Sgt. Williams may testify to his response to 520 Gray Fox Run, his role in preserving the scene, his observations of Box and Scherman after the incident, taking Sgt Box to the hospital, being present during the interview of Sgt Box in his role as FOP Vice President, and the Collective Bargaining Agreement between Edmond and the FOP. |
| Sergeant Jim O'Neill Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Sgt. O'Neill may testify about his response to 520 Gray Fox Run, observing aid being rendered to Isaiah Lewis and his observations of Sgt Box and Officer Scherman after the incident. |
| Detective Jason Kushmaul Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Detective Kushmaul may testify about his efforts to reach Troy Lewis and Vicki Lewis after the incident, the digital examination of Isaiah Lewis' cell phone by the OSBI, and the search of Kamri Pollock's cell phone. |
| Lieutenant Richard Woodmansee Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Lt. Woodmansee may testify as to investigative assignments made and his knowledge of the investigation following the |

| | | incident. |
|---|---|---|
| Officer Jason Lewellyn<br>Edmond Police<br>Department | 100 E. 1ˢᵗ St.<br>Edmond, OK 73074 | Officer Lewellyn may testify about his response to the 911 call and his efforts to try to locate Isaiah Lewis. |
| Vicki Jo Lewis | c/o her attorneys | Ms. Lewis is a plaintiff in this case.  She was deposed on 9/3/20. |
| Troy Levet Lewis | c/o his attorneys | Mr. Lewis is a plaintiff in this case.  He was deposed on 10/12/20. |
| Battalion Chief Troy S. Horn<br>Edmond Fire Department | 5300 E. Covell Rd.<br>Edmond, OK 73034 | Chief Horn may testify about his observations of aid rendered to Isaiah Lewis, and his observations of Milo Box and Denton Scherman at the scene. |
| Lieutenant Lindy Simpson<br>Edmond Fire Department | 5300 E. Covell Rd.<br>Edmond, OK 73034 | Lt. Simpson may testify about his observations of Milo Box and Denton Scherman after the incident at 520 Gray Fox Run. |
| Firefighter Casey Stewart**<br>Edmond Fire Department | 5300 E. Covell Rd.<br>Edmond, OK 73034 | FF Stewart is a firefighter and a paramedic.  He may testify about his interactions with Milo Box at the scene after the incident and his accompanying<br>Isaiah Lewis in the ambulance. |
| Firefighter Justin Rose<br>Edmond Fire Department | 5300 E. Covell Rd.<br>Edmond, OK 73034 | FF Rose may testify about his observations and interactions with Sgt. Box and Officer Scherman, and aid provided to Isaiah Lewis. |
| Firefighter Joshua Pool<br>Edmond Fire Department | 5300 E. Covell Rd.<br>Edmond, OK 73034 | FF Pool may testify regarding his observations, interactions with and treatment provided to Milo |

| | | Box at the scene. |
|---|---|---|
| Captain Jason Hazzard<br>Edmond Fire Department | 5300 E. Covell Rd.<br>Edmond, OK 73034 | Capt. Hazzard my testify about his observation of the aid rendered to Isaiah Lewis. |
| Firefighter Cody Sanders**<br><br>Edmond Fire Department | 5300 E. Covell Rd.<br>Edmond, OK 73034 | FF Sanders may testify about his observations after the incident at 520 Gray Fox Run and aid provided to Isaiah Lewis by the EPD and EFD personnel. |
| Firefighter Jack Whitt**<br>Edmond Fire Department | 5300 E. Covell Rd.<br>Edmond, OK 73034 | FF Whitt may testify about the aid rendered to Isaiah Lewis by EPD and EFD personnel. |
| Tossaporn Sriyap | 520 Gray Fox Run<br>Edmond, OK 73003 | Mr. Sriyap may testify as to the events at 520 Fox Run on 4/29/19, his interview with the EPD, and his conversations with Troy Lewis and others, and as to the condition of the house after the incident. |
| Somphong Sriyap | 520 Gray Fox Run<br>Edmond, OK 73003 | Mr. Sriyap was the owner of the house at 520 Gray Fox Run on 4/29/19.  He may testify as to the EPD investigating inside his house and the condition of the house after the incident. |
| Criminalist James Bogle<br>Oklahoma State Bureau of Investigation | OSBI Forensic Science Center<br>800 East 2nd Street<br>Edmond, OK 73034 | Mr. Bogle may testify about the digital examination of the cell phone of Isaiah Lewis. |
| Lisa Barton, M.D.**<br>Oklahoma Office of the Chief Medical Examiner | 921 N.E. 23rd St.<br><br>Oklahoma City, OK 73105 | Dr. Barton is a pathologist with state Medical Examiner's office.  She may testify about the Report of Investigation by Medical |

| | | |
|---|---|---|
| | | Examiner (inclusive of Report of Autopsy, Report of Laboratory Analysis and Diagrams), and photos taken by the M.E.'s office. |
| Investigator Janice Wilkinson<br>Oklahoma Office of the Chief Medical Examiner | 921 N.E. 23rd St.<br><br>Oklahoma City, OK 73105 | Ms. Wilkinson may testify about items collected by the M.E.'s office. |
| Jeremy Weyrick**<br>Pathology Tech<br>Oklahoma Office of the Chief Medical Examiner | 921 N.E. 23rd St.<br><br>Oklahoma City, OK 73105 | Mr. Weyrick may testify regarding the autopsy of Isaiah Mark Lewis. |
| Edana Stroberg, D.O.**<br>Pathologist<br>Oklahoma Office of the Chief Medical Examiner | 921 N.E. 23rd St.<br><br>Oklahoma City, OK 73105 | Dr. Stroberg may testify as to her involvement with and review of the Autopsy Report. |
| Byron Curtis, Ph.D.**<br>Chief Forensic Toxicologist<br>Oklahoma Office of the Chief Medical Examiner | 921 N.E. 23rd St.<br><br>Oklahoma City, OK 73105 | Dr. Curtis may testify regarding the Laboratory Analysis by the M.E.'s office. |
| Dispatcher Braden Haller<br>City of Edmond | 100 E. 1st St.<br>Edmond, OK 73074 | 911 calls and radio traffic on April 29, 2019. |
| Dispatcher Nichole Satterwhite<br>City of Edmond | 100 E. 1st St.<br>Edmond, OK 73074 | 911 calls and radio traffic on April 29, 2019. |
| Dispatcher Elizabeth Sullivan<br>City of Edmond | 100 E. 1st St.<br>Edmond, OK 73074 | 911 calls and radio traffic on April 29, 2019. |
| Dispatcher Stetson Basham<br>City of Edmond | 100 E. 1st St.<br>Edmond, OK 73074 | 911 calls and radio traffic on April 29, 2019. |
| Dispatcher Suzanne Wyckoff<br>City of Edmond | 100 E. 1st St.<br>Edmond, OK 73074 | 911 calls and radio traffic on April 29, 2019. |

| | | |
|---|---|---|
| Dispatcher Melissa Parker City of Edmond | 100 E. 1st St. Edmond, OK 73074 | 911 calls and radio traffic on April 29, 2019. |
| LuAnn Arnold | 5017 Arbuckle Dr. Edmond, OK 73025 | Ms. Arnold may testify about her observation of Isaiah Lewis being naked in the neighborhood. |
| Matthew Conner | 613 Old English Rd. Edmond, OK 73003 | Mr. Conner may testify about his observation of Isaiah Lewis running naked in the neighborhood. |
| Ayako Chan-Hosokawa, M.S.** Forensic Toxicologist-NMS Labs | 200 Welsh Road Horsham, PA 19044-2208 | Ayako Chan-Hosokawa, M.S. may testify regarding the NMS Lab analysis and the report dated 7/11/19. |
| Criminalist Stacy Hirschman Oklahoma State Bureau of Investigation | OSBI Forensic Science Center 800 East 2nd St. Edmond, OK 73034 | Criminalist Stacy Hirschman may testify about work performed by OSBI and the OSBI Criminalistics Examination Report Investigation  (5/3/2019). |
| Property Officer Misty Graham Edmond Police Department | 100 E. 1st St. Edmond, OK 73074 | Property Officer Misty Graham may testify about the chain of custody and receipt of evidence from the investigation. |
| Property Officer Austin Kress Edmond Police Department | 100 E. 1st St. Edmond, OK 73074 | Property Officer Austin Kress may testify about the chain of custody and receipt of evidence from the investigation. |
| Sergeant Bervis Littles Edmond Police Department | 100 E. 1st St. Edmond, OK 73074 | Sgt Littles is a School Resources Officer.  He may testify about his conversations with students at Edmond Memorial High |

| | | |
|---|---|---|
| | | School and with Dets. Gwartney and Brown regarding friends of Isaiah Lewis wanting to speak to the police, and interviews of students at Edmond Memorial H.S. on April 30, 2019. |
| Jesil Wilson | 529 Gray Fox Run Edmond, OK 73003 | Mr. Wilson may testify about what he heard and later saw on April 29, 2019, about his interview by Detective Misty Spence, his conversations with members/representatives of the Lewis family, and cell phone video footage he shot after the incident. |
| Major Bob Pratt Edmond Police Department | 100 E. 1ˢᵗ St. Edmond, OK 73074 | Major Pratt may testify about the administrative review of the 4/29/19 incident, conclusions and preparation of and submission of the Administrative Review Report. |
| Bill Buffington, M.D.** Oklahoma Oasis Hyperbarics | 120 N. Bryant, Suite A4 Edmond, OK 73034 | Dr. Buffington may testify regarding diagnosis and treatment of Sgt. Milo Box's concussion. |
| Brian Ramsey Legal-Graphics Inc. | 228 Robert S. Kerr Ave., #300 Oklahoma City, OK 73102 | Mr. Ramsey will testify regarding how he increased the audio of Vicki Lewis' interview by the Edmond Police Department; how he enlarged and increased the background audio of the neighbor's cell phone video; and how he created the audio/video timeline. |
| Any witness necessary to | | |

| identify, authenticate and/or lay the foundation for the admission of any exhibit. | | |
|---|---|---|

\*\* These witnesses are expected to provide opinion testimony based on their specialized knowledge, skill, experience, training and/or education, but are not retained experts requiring reports. *See* Fed. R. Civ. P. 26(a)(2)(B).

8. **ESTIMATED TRIAL TIME:**

  A.  Plaintiff's Case:  3 trial days

  B.  Defendants' Case:   2.5 – 3 days.

9. **BIFURCATION REQUESTED:**   Yes _____    No \_\_\_**X**\_\_\_

10. **POSSIBILITY OF SETTLEMENT**:

  Good _____   Fair _____   Poor \_\_\_\_**X**_____

  All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

        /s/ Geoffrey A. Tabor

        Andrew M. Stroth, IL Bar #6276013

        Carlton Odim, IL Bar #6182368

        Action Injury Law Group, LLC

        191 North Wacker Drive #2300

Chicago, IL 60606
Tel: (312) 771-2444
Fax: (312) 641-6866
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com

Woodrow K. Glass, OBA #15690
Geoffrey A. Tabor, OBA #32880
Ward & Glass, LLP
1601 36th Avenue
Norman, OK 73072
(405) 360-9700
woody@wardglasslaw.com
geoffrey@wardglasslaw.com

David Batton, OBA #11750
Law Office of David J. Batton
P.O. Box 1285
330 W. Gray, Suite 304
Norman, OK 73070
Tel: (405) 310-3432
Fax: (405) 310-2646
dave@dbattonlaw.com
*Attorneys for Plaintiffs*

/s/ B. Taylor Clark
Richard. E. Hornbeek, OBA No. 10855
B. Taylor Clark, OBA No. 22524
HORNBEEK VITALI & BRAUN, P.L.L.C.
3711 N. Classen Blvd.
Oklahoma City, OK 73118
(405) 236-8600 Telephone
(405) 236-8602 Facsimile
hornbeek@hvblaw.com
clark@havblaw.com
*Attorneys for City of Edmond*

/s/ Kathryn D. Terry
Kathryn D. Terry, OBA # 17151
Cody J. Cooper, OBA #31025
Phillips Murrah P.C.
101 North Robinson
Oklahoma City, OK 73102
(405) 235-4100 Telephone
(405) 235-4133 Facsimile
kdterry@phillipsmurah.com
cjcooper@phillipsmurrah.com
*Attorneys for Sergeant Milo Box &
Officer Denton Scherman*